COMMONWEALTH OF KENTUCKY
ANDERSON COUNTY CIRCUIT COURT
*ELECTRONICALLY FILED*
DIVISION _____
Civil Action No. _____

**CUSTOM SEPTIC SOLUTIONS, LLC**

**SHANNON THORNTON**

**JAMIE THORNTON**                                           **PLAINTIFFS**


**V.**


**HYDRODYNAMIC SOLUTIONS, INC.**
        **Serve Registered Agent:**
        **Kelli Oakley**
        **106 Bruner Dr.**
        **Wilmore, KY 40390**
**KELLI OAKLEY**
**MIKE BEAL**
**ALAN DAVIES**

**FUJICLEAN USA LLC**
        **Serve Registered Agent:**
        **John Gleason**
        **Curtis Thacker, LLC**
        **One Canal Plaza, Suite 100**
        **Portland, ME 04101**
**SCOTT SAMUELSON**
**And**
**MIKE DUNN**                                           **DEFENDANTS**


**COMPLAINT**

* * * * * * * *

The Plaintiffs, Custom Septic Solutions, LLC ("CSS"), Shannon Thornton ("Mr.

Thornton"), and Jamie Thornton ("Mrs. Thornton") (collectively "Plaintiffs"), through

counsel, for their Complaint against the Defendants, Hydrodynamic Solutions, Inc. ("HDS"),

1

and its agents Kellie Oakley ("Oakley"), Mike Beal ("Beal"), and Alan Davies ("Davies")

(the "HDS Defendants"), and  Fujiclean USA LLC ("Fuji"), and its agents Scott Samuelson

("Samuelson"), and Mike Dunn ("Dunn") (the "Fuji Defendants") (all of the foregoing

herein collectively referred to as "Defendants") state as follows:

<u>**PARTIES, JURISDICTION AND VENUE**</u>

**A.**    <u>**The Parties.**</u>

1.    The Plaintiff, Custom Septic Solutions LLC, is a Kentucky Limited

Liability Company with a principal office at 1100 Salt River Rd., Lawrenceburg,

Kentucky 40342.

2.    The Plaintiff Shannon Thornton is an owner of CSS, and a resident of

Anderson County, Kentucky, with an address of 1100 Salt River Road.

3.    The Plaintiff Jamie Thornton is an owner of CSS, and a resident of

Anderson County, Kentucky, with an address of 1100 Salt River Road.

4.    The Defendant Hydrodynamic Solutions, LLC, is a limited liability

company organized and existing under the laws of the state of Florida, but maintaining a

principal place of business in Kentucky.

5.    The Defendant, Kelli Oakley, is an officer, employee of agent of HDS,

and is a resident of Jessamine County, Kentucky, with an address of 106 Bruner Drive.

6.    The Defendant Mike Beale is an officer, employee, or agent of HDS, and

a resident of Florida, with an address of 19910 Freeman Drive, North Fort Meyers,

Florida 33917.

7.    The Defendant Alan Davies is an owner, officer, agent or employee of

HDS, and is a resident of Florida, with an address of 29 NE 1st Ave., Unit A, Ocala,

Florida 34470.

8.      The Defendant Fujiclean USA, LLC, is a limited liability company organized and existing under the laws of the state of Maine, with a principal place of business at 41-2 Greenwood, Portland, Maine.

9.      The Defendant Scott Samuelson is an owner, officer, agent or employee of Fuji, and a resident of the state of Maine, with an address of 41-2 Greenwood Rd. Brunswick, Maine 04011.

10.     The Defendant Mike Dunn is an owner, officer, agent or employee of Fuji, and a resident of the state of Maine, with an address of 41-2 Greenwood Rd. Brunswick, Maine 04011.

**B.      Jurisdiction And Venue.**

11.     This Court has personal jurisdiction over the named Defendants, and subject matter jurisdiction over this action, because the Plaintiffs reside in and conduct business in Anderson County, because all Defendants conducted business with and committed tortious conduct against Plaintiffs, who are residents of Anderson County, Kentucky, and because the Defendants' repeated and continuous contacts with the Commonwealth of Kentucky and with Anderson County in particular, satisfy the jurisdictional prerequisites of Kentucky's long-arm jurisdictional statute, KRS 454.210(2)(a).

12.     This Court has furthermore has jurisdiction over this action, as it alleges violations of the common and statutory laws of the Commonwealth of Kentucky, seeking damages in excess of the jurisdictional minimums of this Court.

13.     Venue is proper in Anderson County because (a) a substantial part of the events or conduct giving rise to the Plaintiffs' claims occurred in Anderson County,

Kentucky; (b) the Defendants' actions caused harm to Plaintiffs, who are residents of Anderson County, Kentucky, and (c) the Defendants are subject to personal jurisdiction within the Commonwealth of Kentucky and Anderson County, Kentucky in particular.

## **FACTUAL ALLEGATIONS**

14.     Fuji is a manufacturer of onsite domestic waste water treatment products.

15.      "Onsite" is a term used to describe non-sewered sites, or sites that are not connected to a municipal wastewater treatment plant.

16.     Fuji only sells its products through its exclusive distributors in each state in which it conducts business.

17.     The exclusive Kentucky distributor for Kentucky of Fuji products is HDS.

18.     CSS is a Kentucky-based installer of septic systems.   The company is family-owned and operated, and has been in business since 2019.

19.     Shannon Thornton (who with his wife Jamie Thornton owns CSS) has obtained certification and is licensed with the Commonwealth of Kentucky as an on-site installer, and holds a Kentucky Wastewater I License.

20.     Mr. Thornton was also one of the first installers in Kentucky to obtain a certification through Fuji program.  In fact, CSS assisted in the installation of the very first Fuji system in Kentucky, and also the largest cluster system in the state.

21.     Mr. Thornton is exceedingly qualified to not only install, but also to maintain, Fuji systems.

22.     CSS has installed six Fuji systems in the state of Kentucky.

23.     CSS's ability to continue to grow its business with Fuji has been hampered over the past several months by the actions of Hydrodynamic Solutions, Inc. ("HDS"), Fuji's

exclusive distributor in Kentucky.

24.    Kelli Oakley, the business manager and Fuji distributor of HDS, along with the other HDS Defendants, have engaged in a concerted course of conduct that has tortiously interfered with CSS's business and its relationships with its customers.

25.    Mike Dunn, an employee and agent of Fuji, has defamed CSS, tortiously interfered with CSS's business opportunities, and has verbally assaulted Mr. Thornton, as set forth in additional detail, *infra*.

26.    Upon information and belief, the Fuji Defendants have conspired with the HDS Defendants to damage CSS's business reputation and exclude CSS from the Kentucky Fuji market by offering more favorable terms of sale, warranties, and contractual protections to other installers of Fuji products than those offered to CSS, all in violation of Kentucky statutes concerning business practices.

27.    In addition, all Defendants have wrongfully acquired and disseminated CSS's protected trade secrets consisting of customer lists, installation techniques and products, and marketing and licensing strategies, in violation of the Kentucky Trade Secrets Protection Act.

28.    All Defendants have wrongfully misrepresented their certifications, compliance with governing Kentucky statutes and regulations relating to the installation and maintenance of onsite sewage disposal units, in violation of the Kentucky Consumer Protection Act.

29.    In response to CSS's complaints, Ms. Oakley informed CSS that HDS is the exclusive distributor for Fuji products in Kentucky and that CSS will not have access to Fuji products unless it complies with HDS's demands.  This conduct has been previously alternately condoned and ignored by Fuji.

**A.  Defendants' Misinformation Regarding Required Certification.**

30.     Walter Marcum, of HDS, first contacted CSS in 2019 to seek assistance in bringing the Fuji product into the Kentucky market.

31.     In or around March, 2020, Oakley, HDS's managing member, informed Mr. Thornton that only the Fuji certification and a license to install septic systems from the State of Kentucky would be required.

32.     Mr. Thornton, who already had his septic system installation certification, promptly completed the Fuji certification process.

33.     Upon further investigation, Plaintiffs learned that for Fuji systems that discharge to the surface, and additional certification is required by the state of Kentucky.  This certification – the Wastewater I – is obtained through the Kentucky Division of Water.

34.     Mr. Thornton therefore obtained this additional certification, which further authorizes him to provide O&M for surface discharging Fuji systems.

35.     Plaintiffs have now learned that Defendants have more generally misrepresented the required certifications, inspections, approvals, and regulations governing Fuji systems relative to Kentucky regulations and statutes.  Upon information and belief, Fuji is not legally compliant with same.  Plaintiffs have been damaged by Defendants' misrepresentations in this regard, because Plaintiffs provide Operations and Maintenance ("O&M") services to end users of the Fuji product, and thus are at risk of liability arising from Defendants' failure to obtain the necessary permits and inspections to ensure regulatory compliance for Fuji products.

36.     Upon information and belief non-compliant surface-discharging Fuji systems have been installed by other contractors who lack the necessary Wastewater I certification to perform this work.

**B. HDS's Efforts to Acquire CSS.**

37.    In early 2021, CSS was contracted by HDS to install the first Fuji cluster system in Kentucky.  This job – referred to as the Isaiah House Project – was affected by personal discord between Ms. Oakley and another former employee of HDS

38.    CSS assisted in mediating this problem, and the installation was successful.

39.    After seeing CSS's work on this job, HDS approached CSS to inquire as to whether the HDS entity could purchase or absorb CSS.

40.    CSS was not interested in this arrangement, and declined the offer on two separate occasions.

41.    Upon information and belief, CSS's rebuff of these attempts to acquire its company triggered retaliation, defamation, and tortious interference with CSS's business opportunities, from HDS, as set forth in additional detail, *infra*.

**C. HDS's Failure to Provide Timely 1099s**

42.    In October of 2021, HDS's Certificate of Authority was revoked.  The Certificate was not reinstated until March of 2022.  CSS was unaware of this revocation.

43.    In December of 2021, CSS requested a 1099 from HDS for work previously performed on the Isaiah House Project.  HDS did not provide the requested 1099 until April, 2022, thus delaying the filing of CSS's tax returns and violating federal law with regard to the provision of necessary tax documentation.

44.    Based on the timing of this incident, it appears that HDS was unable to provide CSS with a timely 1099 because it was unable to do so until its Certificate of Authority had been reinstated.

D.  **HDS Defendants' Provision Of Inaccurate Information To Fuji Defendants.**

45.     During its business dealings with Plaintiffs, the HDS Defendants routinely failed to communicate with Plaintiffs regarding details that are essential to the successful installation of Fuji systems.

46.     At the same time, when Plaintiffs have been faced with the non-responsiveness of the HDS Defendants and have attempted to communicate directly with Fuji, the HDS Defendants have chastised Plaintiffs for doing so, and have become increasingly adversarial in their interactions with Plaintiffs.

47.     Upon information and belief, the HDS Defendants have been providing incomplete or tortiously inaccurate information to the Fuji Defendants regarding Plaintiffs' work and the business dealings between CSS and HDS.

E.  **Defendants' Conspiracy, Interference With CSS Business Relationships, And Violation of Kentucky Statutes Relating To Fair Trade Practices.**

a.  **The Six Project**

48.     Despite fact that it lacked the required Certificate of Authority, in October of 2021, HDS sold a Fuji system to CSS for installation at property owner by Julie and Jeramiah Six, CSS clients.  In December, 2021, the system was shipped, but no tracking number was provided to CSS.  CSS later discovered that the system had been sent to the wrong address – HDS put the wrong customer address on the order ticket multiple times, despite CSS's provision of the correct information.

49.     Without assistance, CSS located the transport and retrieved the Fuji system.  At that time, CSS noted and reported to HDS a broken recirculation line.  CSS fixed this, and

installed the tank (the "First Tank"). After installation, it was discovered that the tank had a leak.

50.    Plaintiffs reported the defective tank to HDS and to Fuji, and requested that HDS return the tank to Fuji for a replacement. Fuji provided a replacement tank, and paid CSS to install the replacement Fuji tank (the "Second Tank"). This work occurred on December 16th and 17th, 2021.

51.    On December 16, 2021, Shannon Thorton of CSS hand dug the First Tank to ensure that the First Tank was not damaged during the excavation. Mike Beal, a representative of HDS, was supposed to be on-site to oversee the excavation of the First Tank and inspect it upon removal; however, Mr. Beal did not arrive until after the work had been done.

52.    Mr. Beal reported to the Six property on December 17, 2021, the day that the Second Tank was installed. Mr. Beal verified the correct installation of the Second Tank by CSS. The Second Tank was not started up until June 24, 2022 due to construction delays.

53.    Following Mr. Beal's oversight and review of this installation, neither the HDS Defendants nor the Fuji Defendants identified any problems or inaccuracies with same. None of the Defendants informed CSS that any installation procedure was inappropriate.

54.    CSS has an O&M contract with the Sixes for continued maintenance of the Fuji system at their property.

55.    At the six-month inspection in December, 2022, it was discovered that the Sixes had added a substantial amount of backfill to the site, and CSS informed HDS of this addition. Oakley responded, directing CSS to put risers on the Six tank to bring the chamber lids to grade. CSS was informed by Oakley that this was not a warranty issue.

56.    The 6-month inspection conducted by CSS showed that the system was

9

performing well, confirming a successful installation.

57.     On July 10, 2023, another Fuji checklist inspection was performed by CSS, including the preparation of a Kentucky Department of Water Wastewater Report.  The second inspection reflected that the system was performing well, thus confirming that a reliable and durable successful installation had been achieved.

58.     On August 19, 2023, the first alarm on the Fuji system at the Six property went off.  At this time, the one-year warranty for installation provided by CSS for installation had expired, but the 2-year Fuji Warranty was still in effect.

59.     According to the Fuji warranty language, "[a]t its sole expense, Fuji Clean USA, LLC will service and repair the installed unit including all parts and labor that show evidence of defect or unacceptable performance for any reason when operated within design parameters.

60.      Despite the fact that its installation warranty had expired, CSS was on site the day the alarm went off, attempting to troubleshoot the system error.  At that time, it was CSS's conclusion that the malfunction was unrelated to the installation of the Fuji system.

61.     CSS promptly reported the alarm to HDS, and requested in writing to Ms. Oakley that Fuji be contacted to inform the company of the system malfunction and activate a warranty claim.

62.     On behalf of its client, CSS offered to assist with the repair of the system, and requested a contract that would cover its work pursuant to the warranty language, which states that Fuji will cover the costs of "parts and labor" to correct system malfunctions.

63.     Upon information and belief, Defendants conspired with one another to wrongfully provide or offer CSS different terms for continued work on the Six system than the terms offered to other installers for this same work.

64.     Upon information and belief, all Defendants, communicating and conspiring with one another, all with full knowledge of the acts and omissions of the other Defendants, and each taking steps in furtherance of the conspiracy, conspired with one another to assign fault for the problem with the Six system to CSS despite the fact that the CSS installation of the system had been overseen by Beal and had been demonstrated to be successful through follow-up inspections.

65.     This conduct was intended to and in fact has, wrongfully damaged Plaintiffs' reputation in the Kentucky market, interfered with its relationships with its customers, and has resulted in the effective exclusion of CSS from the Kentucky market.

66.      None of the Defendants responded to Plaintiffs' written communication regarding these issues.

67.     Instead, Dunn of Fuji emailed CSS directly to inform CSS that Fuji would cover "fair and reasonable compensation" for the necessary work on the Six System.  He further informed CSS that Fuji had been in direct contact with CSS's customer.

68.     Despite the fact standard business practices in the industry dictate agreements and/or scope of work be provided in writing be provided for requested services, Fuji did not offer CSS a contract or scope of work for the necessary repairs.

69.     Samuelson later reached out to inform CSS that rather than getting "tangled up with contracts," Fuji would utilize its own contractor to perform the necessary repairs.

70.     Fuji then recommended Paul Ballard to the Sixes as a contractor to perform the work on the system repair/replacement.  The Sixes refused to agree to Mr. Ballard performing this job.

71.     Fuji then recommended Chris Hartman to the Sixes, and informed the Sixes that

it had sent a proposed contract and scope of work to Mr. Hartman for this work.  Despite the

fact that CSS had an ongoing customer relationship with the Sixes, Fuji contracted Mr. Hartman

to perform the work.

72.     At the request of its client, CSS owner Mr. Thornton was on-site to observe the

excavation of the second tank.

73.     While Mr. Thornton was on-site, and without provocation, Fuji representative

Dunn became verbally aggressive with Mr. Thornton.  The Sixes saw this interaction through

their Ring Camera video, and became concerned, reaching out to CSS to determine the cause of

Dunn's verbal harassment of Mr. Thornton.

74.     Plaintiffs are in possession of a video capturing this interaction, which has

previously been provided to the Defendants.

75.      It should be noted that neither Oakley nor Dunn arrived on-site to oversee the

excavation of the Second Tank until excavation, using heavy equipment close to the tank site,

was well underway.

76.

77.     When the Second Tank was excavated, it was evident based on Mr. Thornton's

observations that at some point after CSS completed its installation, a piece of heavy equipment

had damaged a portion of the system.  It was clear the problem was not caused by faulty CSS

work.

78.     A Third Tank was installed by Hartman, which is now experiencing problems

relating to low water.  The entirely distinct manner in which Defendants have handled these

issues – by providing detailed inspections of the unit and engineering support to Hartman

relating to the same in an effort to determine the problem, rather than automatically accusing

Hartman of a faulty installation, starkly illustrates the malicious nature of Defendants' conduct
toward Plaintiffs.

79.     At this time, Fuji determined that a new tank and UV light would need to be
installed at the site.

80.     CSS was not provided with a report or other information to indicate that any of
the problems identified in connection with the Six Fuji unit were related to faulty installation at
this time.  Indeed, the report detailing alleged defects with CSS's installation of the Six system
was not provided until several months later, after CSS lodged complaints regarding the HDS
Defendants with Fuji.

81.     The Defendants' efforts to interfere with CSS's relationship with its customers
did not stop after the installation of the new system at the Six property.  Following the
installation, Defendants have refused to provide the customer with serial numbers or warranty
information for the new system or UV light, thus further undermining CSS's continuing
relationship with its client.

82.     In addition, Dunn sent CSS an email in which he stated that there would be no
reset on the 2-year warranty from Fuji.  Dunn claimed in this correspondence that no new
equipment other than a tank shell required upgrading so that the original warranty period would
remain in effect.  In actuality, the entire tank and UV light has been replaced.  He further
indicated that a report regarding the problems with the Six system was being compiled – CSS
did not receive a copy of this report, which is entirely inaccurate, until months later. This report,
hereinafter the "Dunn Report," will be discussed in additional detail, *infra*.

83.     As CSS has been contracted by the customer to provide O&M on the Six Fuji
system, the requested product and warranty information is necessary for the successful

operation and maintenance of the Six Fuji system, Defendants have wrongfully refused to provide this information.

84.     Kentucky regulations require that when a system is modified, an application to modify the existing permit be filed with the state detailing the changes being made to the system.  This application was not filed prior to the installation of the Third Tank, and has not yet been filed to this date.  Thus, the existing permit is defective and could lead to violations..

**b.  The Richards Project**

85.     In or around March of 2022, Michael Richards contacted CSS to inquire as to the installation of a septic system.  CSS provided Mr. Richards with a $21, 350 bid for the installation of a Fuji system.  CSS also applied for and obtained a permit authorizing the installation, and prepared O&M paperwork for Mr. Richards.

86.     For the Richards' job, Paul Ballard had been contracted to perform the excavation work, with CSS to perform the Fuji install since Mr. Ballard had not yet been certified through the Fuji certification program or otherwise through Kentucky, as required to install Fuji systems.

87.     The HDS Defendants were aware that CSS had completed and submitted the O & M to Mr. Richards and also that the state permit had been applied for and obtained by CSS. The HDS Defendants were also aware that CSS was poised to finalize its contract with Mr. Richards for the installation of the Fuji system.

88.     Despite having knowledge of CSS's business relationship with Mr. Richards, all Defendants, communicating and conspiring with one another, all with full knowledge of the acts and omissions of the other Defendants, and each taking steps in furtherance of the conspiracy, conspired with one another and with the intent to usurp this business opportunity

from Plaintiffs, wrongfully disseminated Plaintiffs' trade secrets, offered Mr. Ballard more favorable terms than those offered to Plaintiffs, and assisted Mr. Ballard in obtaining his Fuji certification in the period between CSS applying for the permit and the finalization of CSS's contract with Mr. Richards.

89.    Mr. Ballard did not obtain additional necessary Kentucky certifications required to install this Fuji system.

90.    Mr. Richards eventually contracted with Mr. Ballard for this work – thus resulting in a financial loss to CSS of $21,350.

91.    Once Mr. Ballard was contracted to perform the Fuji install, a conflict of interest existed with regard to CSS's continued relationship with Mr. Richards for O & M. CSS was aware that Mr. Ballard was not fully certified, and could not agree to a continued O & M relationship with its client if the system was being installed by Mr. Ballard. CSS informed the state that Mr. Ballard was performing the install, requesting that the permit issued to CSS be voided and that CSS should be removed from the state record as the listed O&M provider. Plaintiffs suffered additional financial losses as a result of being forced to relinquish this O&M contract due to the Defendants' wrongful actions.

92.    After Mr. Ballard had been contracted by Mr. Richards, Mike Beal of HDS called Mr. Thornton and attempted to coerce him to oversee Mr. Ballard's work for the price of $2,000. Mr. Thornton refused.

93.    Upon information and belief, Mr. Ballard was not a fully certified Fuji installer at the time the Richards job was completed – to finalize Fuji certification, an installer must perform one full installation under the supervision of an installer that has been previously certified. Upon information and belief, there was no certified Fuji installer overseeing Mr.

15

Ballard's work on the Richards project.

### c.  The Flaherty Project

94.    In September, 2023, CSS contacted HDS to place an order for a new Fuji system for CSS customer Douglas Flaherty.  At that time, and in an apparent effort to derail CSS's ability to complete Flaherty's installation, all Defendants, communicating and conspiring with one another, all with full knowledge of the acts and omissions of the other Defendants, and each taking steps in furtherance of the conspiracy, conspired with one another to wrongfully disseminate Plaintiffs' trade secrets, and imposed less favorable contractual terms upon Plaintiffs than the terms imposed upon other installers of Fuji products in Kentucky.

95.    With the full knowledge and agreement of all Defendants, Oakley informed CSS that it was unilaterally deciding to change many of its policies with regard to the sale of Fuji systems to CSS.  Upon information and belief, these changes of policy apply only to CSS, not to other Fuji installers in Kentucky.

96.    CSS has not been provided with any Fuji policy or other justification for the change in the terms and conditions of purchasing a Fuji system through HDS.

97.    Previously, CSS purchased Fuji systems through HDS by paying a deposit of 60%, with the remaining 40% paid after installation.  Oakley informed CSS that 100% payment would be required up-front for purchases from HDS.

98.    With the full knowledge and agreement of all Defendants, Oakley also informed CSS that the Fuji warranty would not be triggered unless CSS provided HDS with pre-installation and installation photos of the Fuji unit.  Upon information and belief, this is not

required of other installers, and is furthermore not something that is required by Fuji.  This request also infringes on CSS's rights to protect its confidential trade information regarding its installation process.

99.    Despite the imposition of these retaliatory, unwarranted, and onerous policies, CSS complied, and paid HDS 100% of the purchase price for the Fuji system. CSS requested tracking information and confirmation that the Fuji system had been ordered by HDS.  HDS failed to provide this information, and the system was not delivered until after CSS contacted Fuji directly to inquire as to the status of the order.  Upon information and belief, HDS intentionally failed to order the system paid for by CSS at the time HDS received 100% payment.

100.   Defendants' retaliatory changes in policy, coupled with the HDS Defendants' refusal to place timely orders for Fuji systems purchased by CSS, interferes with CSS's customer relationships and impedes its ability to continue to recommend and install Fuji systems.

## F.  The Fuji Defendants' Knowledge Of, And Participation And/Or Acquiescence To The Wrongful Actions Of The HDS Defendants.

101.   At all times relevant hereto, and as fully described, *supra*,  the Fuji Defendants were fully aware of the actions of its agents, the HDS Defendants.  The Fuji Defendants actively participated in the conspiracy and wrongful actions described here.

102.   Plaintiffs put all Defendants on notice of the wrongful nature of their actions several times prior to filing this action in an effort to stop Defendants' wrongful course of action.  Unfortunately, all Defendants continued to intentionally damage Plaintiffs' business reputation and business, and have in fact increased their efforts to shut Plaintiffs out of the Fuji

market in Kentucky.

103.   Plaintiffs wrote to Mr. Samuelson on September 15, 2023, detailing many of the problems Plaintiffs had experienced with HDS, and requested Fuji's assistance in repairing the relationship.  This correspondence went unanswered, and when Mrs. Thronton spoke with Samuelson to follow-up on this correspondence, Samuelson refused to address any of the substantive issues raised.

104.   After undersigned counsel for Plaintiffs separately wrote to the Fuji Defendants to again put them on notice of the tortious conduct of all Defendants, Samuelson and Oakley participated in a face-to-face meeting with Plaintiffs and undersigned counsel in Lexington, Kentucky on January 30, 2024.

105.   During this meeting, additional misrepresentations were made by Samuelson and Oakley.

106.   Also during this meeting, Plaintiffs informed Samuelson and Oakley that Fuji has failed in its compliance obligations under Kentucky law with respect to its installation of Fuji products throughout Kentucky.  Plaintiffs raised specific concerns about Fuji's failure to utilize properly certified installers and to have its systems inspected by properly trained waste management inspectors as required by Kentucky law and state agencies.

107.   This meeting took place without the presence of Fuji's legal counsel, at the request of the Fuji Defendants, and with the full approval of Fuji's counsel.

108.   After this meeting, on February 2, 2024, undersigned counsel wrote to the Fuji Defendants to communicate that the Plaintiffs relationship with the HDS Defendants had been irretrievably broken.  Plaintiffs requested that the Fuji Defendants allow Plaintiffs to continue to purchase Fuji systems either through a different distributor or through CSS, if the Fuji

Defendants would allow CSS to become a Kentucky distributor of Fuji products.

109.   In addition, undersigned counsel reiterated Plaintiffs' request for a copy of the Dunn Report relating to the Six installation, and again requested the replacement part serial numbers for the new Six tank and a letter indicating Fuji's agreement to renew the Six warranty for an additional 2 years following the date of the new Six install.

110.   This correspondence went unanswered for several weeks.

111.   In the interim, all Defendants conspired to and did in fact continue to intentionally damage Plaintiffs business reputation as part of a concerted effort and plan to shut Plaintiffs out of the Kentucky Fuji market.

112.   On March 4, 2024, Fuji responded, indicating that Fuji would allow Plaintiffs to purchase Fuji products through an Ohio distributor.  Fuji's acceptance" of this option offered by Plaintiffs, however, was conditional and vague in a manner that was not acceptable to Plaintiffs.

113.   Fuji's correspondence stated that "[a]s a condition to any such purchase, CSS shall assume responsibility for the proper installation of the systems and the proper management of all post-installation maintenance and servicing of the systems, in accordance with Fuji standards."

114.   "Acceptance" of Plaintiffs' offer with these terms attached was not true acceptance.  Instead, it was an attempt to coerce Plaintiffs into undertaking obligations and liability over and above that which would be normally expected of an installer of a Fuji product.

115.   This is particularly so because Plaintiffs have been unable, despite multiple attempts over the past several months, to obtain any true guidance on what Fuji's "installation

standards" actually are.

## G. The Defendants' Use Of A Defamatory Report In An International Fuji Conference.

116.   In February, 2024, the Fuji Defendants provided Plaintiffs with an entirely inaccurate and biased report written by Mike Dunn (the "Report") relating to the installation of the Second Tank at the Six property. As set forth in detail, *supra*, Plaintiffs had been requesting this Report for months.

117.   When Plaintiffs received the Report, they immediately informed the Fuji Defendants that the Report contained demonstrable inaccuracies.  The Fuji Defendants did not reach out to CSS, the installer of the tank that was removed, to discuss the Report so that inaccuracies could be cured.  Instead, the Fuji Defendants used the Report as the basis for a slanderous presentation at Fuji's international conference in Florida in February.

118.   This conduct, upon information and belief, was in retaliation for the concerns raised by Plaintiffs regarding HDS and Fuji's certification issues in the Commonwealth of Kentucky during the parties' January 30th meeting.

119.   The Report is inaccurate from start to finish, and leaves out crucial details regarding the history of the project and the installation of the Second Tank – details which could have been obtained from Plaintiffs if Defendants had only inquired.

120.   Upon information and belief, the Report is yet another overt act taken by all Defendants, acting in concert, and conspiring with one another, to damage Plaintiffs' business opportunities and reputation in an effort to exclude them from the Kentucky Fuji market.

121.   On March 4, 2024, undersigned counsel wrote to the Fuji Defendants providing significant detail regarding the inaccuracies of the Report, as follows:

122.   First, Plaintiffs informed Defendants that the Dunn Report is dated 9/20/23.  This is inaccurate.  The alarm on the Six system sounded on 8/19/23, CSS reported the alarm to HDS on 8/21/23, and Fuji supervised the excavation, performed by Hartman, on 10/02/2023. Thus, the Report could not have been created on September 20, 2023.  The Report must have been created at a different date and then backdated, since the excavation of the Second Tank was not been performed until October 2, 2023. The Report is dated immediately after the date on which CSS filed a written complaint against HDS with Samuelson. This Report therefore appears to be in direct retaliation for the complaints lodged by CSS against HDS, as part of the overall alleged conspiracy between Defendants.

123.   Second, Plaintiffs informed Defendants that the installation date of 1/18/22 listed on the Report is inaccurate.  The Second Tank was installed on December 17, 2021, and was supervised by Beal.

124.   Third, Plaintiffs informed Defendants that the serial number listed on the Report is inaccurate.  The number provided on the Report is actually the NSF number, not the serial number (which is unique to every tank).

125.   Fourth, Plaintiffs informed Defendants that the date of last service is left blank on the Report.  This should reflect that CSS serviced the Second Tank in July, 2023- everything with the system was fine as of that date (13 months post-install).

126.   Fifth, Plaintiffs informed Defendants that the photo provided as a photo of the installation site is not a picture that depicts the condition of the site when the Second Tank was installed.  Plaintiffs provided the Fuji Defendants with several photos detailing the site conditions during the installation of the Second Tank, and the bedding for the tank.

127.   Sixth, Plaintiffs informed Defendants that the section of the Report explaining

how the damage was discovered, contains inaccurate information.  The First Tank was **not** installed on 11/10/2021 as the Report states.  The First Tank was installed on 12/02/21.  The tank was **not** replaced the first time 2/2022. Instead, the Second Tank was installed on 12/17/21.  Plaintiffs informed Defendants that the Report should also note that following the 12/17/21 install, the tank was not started up until June 24, 2022.  Plaintiffs informed Defendants that the Report should further note that after startup, the tank operated satisfactorily until the first alarm 14 months later, on August 19, 2023. The tank was not found to have no water in the third compartment until August 19, 2023 – 14 months after startup.

128.   Seventh, Plaintiffs informed Defendants that in the remedies attempted to-date section of the Report, it states that the Second Tank was replaced with Fuji supervision. The Report makes no mention of the fact that the UV light also had to be replaced.  It should furthermore be noted that Fuji did not provide supervision at the time the Second Tank was installed – rather, that install was supervised by Beal, who did not note any problems with the install.  The Report also makes no mention of the fact that Dunn did not report on-site to oversee the excavation of the Second Tank until excavation with heavy machinery was well underway.

129.   Eighth, Plaintiffs informed Defendants that the section of the Report explaining the mechanism of damage, is entirely inaccurate based on the photos and videos of the excavation of the Second Tank taken by Mr. Thornton of CSS.  These photos were provided to the Fuji Defendants.

130.   The Report states that the inlet and outlet pipes on the tank were not glued together.  Images provided to Defendants by Plaintiffs show the outlet valve of the Second Tank and demonstrate that the outlet pipe was in fact glued – it had to be cut off with a

Sawzall. This also demonstrates that there was no bulging below the outlet valve when the tank was excavated.

131.   The Report states that the risers were not attached to the tank at all.  A photo provided by Plaintiffs to Defendants shows that even after the tank had been fully excavated, the risers are still in place and are attached to the Second Tank.  This photo also shows the inlet valve, and depicts the valve as straight and the pipe as being attached to the Second Tank. Again, no downward pressure or bulging of the Second Tank is visible from this image.

132.   The Report states that the tank was sitting on bedrock with little to no bedding. The images provided by Plaintiffs to Defendants prove that proper C33 bedding was used in connection with the installation.

133.   The videos and photos taken by Mr. Thornton during the excavation of the Second Tank demonstrate that the excavator used by Hartman repeatedly contaminated the site by allowing the gravel placed on top of the Tank to slide down into the excavation site – making it impossible to analyze the bedding for the tank post-excavation. These photos and videos further show that shovels were used, and clanging is heard in the video – evidence that any damage to the tank was caused either by shovels during excavation or post-excavation.

134.   In fact, while the Report attaches an image of a cracked tank, this damage was never seen by Mr. Thornton when the first tank was excavated, and there is no way to determine whether this image is in fact an image of the Second Tank at the Six site.

135.   Plaintiffs informed Defendants that based on the foregoing, it is clear that conclusion of the Report – "complete failure of installation guidance" – is entirely baseless and defamatory of CSS.

136.   The Defendants' conspiracy and malicious intent in creating this Report is

furthermore evident from the manner in which it has been subsequently used. Despite the fact that CSS put the Fuji Defendants on notice that the Report was inaccurate immediately upon receiving it, the Fuji Defendants used the Report as the basis for a seminar at international conference.

137.   Mrs. Thornton signed up for this webinar, but was intentionally excluded – its registration was changed and then when CSS finally accessed the presentation, the speaker was muted. Plaintiffs have proof of these actions – apparently taken intentionally by Fuji to prevent Plaintiffs from learning that the inaccurate Report was being used by the Fuji Defendants to malign the "original installer" – CSS and Mr. Thornton.

138.   In its March 4, 2024 correspondence, Plaintiffs requested that the Fuji Defendants take affirmative action to correct the Report, and cease and desist from further using same.

139.   Unfortunately, all Defendants have continued to utilize the Report, posting it online, distributing it throughout the industry, and using the contents and conclusions of the Report to specifically malign the Plaintiffs to its competitors and potential clients.

140.   All Defendants, acting together and each taking concerted and individual action, have furthermore continued to misappropriate and disseminate Plaintiffs trade secrets, including details regarding its installation methods, its client lists, and its installation leads.

## COUNT I- VIOLATION OF THE KENTUCKY CONSUMER PROTECTION ACT

141.   Plaintiffs reiterate the foregoing Paragraphs as if set forth fully herein.

142.   The foregoing actions of all Defendants, acting individually and in concert, and each taking concerted action, constitute unfair, misleading, or deceptive acts or practices in the conduct of trade and commerce, which are illegal under the Kentucky Consumer Protection

Act, KRS 367.110-367.300, et seq.

143.   Plaintiffs have been directly and proximately damaged by the wrongful acts of Defendants, entitling them to relief under the Kentucky Consumer Protection Act.

144.   The actions of Defendants relative to this Count have been intentional, or at the very least reckless.

145.   Plaintiffs further seek an order of the Court enjoining Defendants for further conduct that is illegal and actionable in this regard.

## COUNT II – VIOLATION OF THE KENTUCKY UNFAIR TRADE PRACTICES ACT

146.   Plaintiffs reiterate the foregoing Paragraphs as if set forth fully herein.

147.   The foregoing actions of all Defendants, acting individually and in concert, and each taking concerted action, constitute violations of the Kentucky Fair Trade Practices Act, KRS § 365.050, *et. Seq.*, which prohibits the secret payment or allowance of rebates, refunds, commissions or unearned discounts, whether in the form of money or otherwise, or secretly extending to certain purchasers special services or privileges not extended to all purchasers purchasing upon like terms and conditions, to the injury of a competitor, and where such payment or allowance tends to destroy competition.

148.   Plaintiffs have been directly and proximately damaged by the wrongful acts of Defendants, entitling them to relief under the Kentucky Fair Trade Practices Act.

149.   The actions of Defendants relative to this Count have been intentional, or at the very least reckless.

150.   Plaintiffs further seek an order of the Court enjoining Defendants for further conduct that is illegal and actionable in this regard.

## COUNT III- VIOLATION OF THE KENTUCKY TRADE SECRETS PROTECTION ACT

151.    Plaintiffs reiterate the foregoing Paragraphs as if set forth fully herein.

152.    The foregoing actions of all Defendants, acting individually and in concert, and each taking concerted action, constitute violations of the Kentucky Trade Secrets Protect Act, KRS 365.880 et seq., which defines misappropriation as unauthorized *acquisition*, *use*, or *disclosure* of known trade secrets, which include but are not limited to methods of installation, client lists, marketing plans, and other confidential and protected information of Plaintiffs.

153.    Plaintiffs have been directly and proximately damaged by the wrongful acts of Defendants, entitling them to relief under the Kentucky Trade Secrets Protection Act.

154.    The actions of Defendants relative to this Count have been intentional, or at the very least reckless.

155.    Plaintiffs further seek an order of the Court enjoining Defendants for further conduct that is illegal and actionable in this regard.

## COUNT IV – VIOLATION OF KRS 367.170- ILLEGAL RESTRAINT OF TRADE

156.    Plaintiffs reiterate the foregoing Paragraphs as if set forth fully herein.

157.    The foregoing actions of all Defendants, acting individually and in concert, and each taking concerted action, violate § 367.170, which states that "every contract, combination in the form of trust and otherwise, or conspiracy, in restraint of trade or commerce in this Commonwealth shall be unlawful," and furthermore provides that "[i]t shall be unlawful for any person or persons to monopolize, attempt to monopolize or combine or conspire with any other person or persons to monopolize any part of the trade or commerce in this Commonwealth."

158.    Plaintiffs have been directly and proximately damaged by the wrongful acts of Defendants, entitling them to relief in excess of the jurisdictional minimums of this Court.

159.    The actions of Defendants relative to this Count have been intentional, or at the very least reckless.

160.    Plaintiffs further seek an order of the Court enjoining Defendants for further conduct that is illegal and actionable in this regard.

## COUNT V – NEGLIGENCE

161.    Plaintiffs reiterate the foregoing Paragraphs as if set forth fully herein.

162.    All Defendants owed Plaintiffs a duty of reasonable care to refrain from undertaking action that would damage the business activities and reputation of Plaintiffs.

163.    All Defendants violated this duty of ordinary care through the above-described actions.

164.    The Plaintiffs have been directly and proximately damaged by the tortious acts of Defendants, in excess of the jurisdictional requirements of this Court, and are entitled to relief for such damages.

## COUNT VI – NEGLIGENCE PER SE

165.    Plaintiffs reiterate the foregoing Paragraphs as if set forth fully herein.

166.    The foregoing described Kentucky statutes governing business practices in Kentucky, as described in Counts I-IV, provide standards of care for all Defendants in the conduct of business in Kentucky.

167.    Defendants' multiple, repeated, and concerted violations of the foregoing statutes constitutes negligence per se.

168.    The Plaintiffs have been directly and proximately damaged by the tortious acts of Defendants, in excess of the jurisdictional requirements of this Court, and are entitled to relief for such damages.

## COUNT VII- DEFAMATION

169.    Plaintiffs reiterate the foregoing Paragraphs as if set forth fully herein.

170.    Defendants have published to third parties unprivileged, false, and defamatory statements regarding Plaintiffs, as described in detail, *supra*, including but not limited to the specific misrepresentations in the Report, and statements to the effect that Plaintiffs are not skilled, adept, or following installation protocols with regard to their installation of Fuji systems in Kentucky.

171.    Defendants' publishing of false, unprivileged, false, and defamatory statements regarding Plaintiffs has damaged Plaintiffs in excess of the jurisdictional threshold of the Court in an amount to be established at trial

## COUNT VIII – INFLICTION OF EMOTIONAL DISTRESS

172.    Plaintiffs reiterate the foregoing Paragraphs as if set forth fully herein.

173.    All Defendants have a duty to conform their conduct in such a way as not to injure Plaintiffs.

174.    The intentional, and/or negligent, and/or reckless conduct of Defendants, as described fully hereinabove, has directly and proximately caused severe emotional injury to Plaintiffs Shannon Thornton and Jamie Thornton, who have suffered from anxiety and depression as a result of Defendants' actions.

175.    Plaintiffs Jamie and Shannon Thornton are entitled to recover damages as a result of this infliction of emotional distress in an amount in excess of the jurisdictional limits

of this Court in an amount to be determined at trial.

## COUNT IX- TORTIOUS INTERFERENCE WITH BUSINESS

176.    Plaintiffs reiterate the foregoing Paragraphs as if set forth fully herein.

177.    Plaintiffs had valid business relationships with their customers and other business invitees through the operation of the business.

178.     Defendants were aware of the existence of these business relationships throughout the Relevant Time Period.

179.    Defendants as set forth fully hereinabove, acting together and each individually taking concerted action in furtherance of the scheme and individually, intentionally interfered with Plaintiffs' valid business relationships with an improper motive.

180.    The Defendants' actions in interfering with Plaintiffs' valid business relationships as hereinabove described has resulted in damages to Plaintiffs in the form of reduced business, damage to reputation, and lost revenue and profits in excess of the jurisdictional threshold of this Court in an amount to be determined at trial.

## COUNT X - FRAUD

181.    Plaintiff incorporates the allegations set forth in the preceding Paragraphs as if fully set forth herein.

182.    Defendants, acting individually and together as part of a concerted scheme, with each taking concerted action in furtherance of same, repeatedly represented to Plaintiffs that they were complying with state regulations and the requirements of state agencies in connection with the marketing and installation of Fuji products in Kentucky.

183.    These statements were false, were known to be false at the time and/or were made recklessly, and were made with the intention of inducing Plaintiffs to continue to market

29

and install Fuji systems in Kentucky.

184.    As a direct and proximate cause of the Defendants' fraud, Plaintiffs has suffered damages.

## COUNT XI - CONSPIRACY

185.    Plaintiffs incorporates the allegations set forth in the preceding Paragraphs as if fully set forth herein.

186.    All Defendants, in engaging in the course of conduct described, *supra*, acted pursuant to a concerted plan of action, scheme, or agreement to damage Plaintiffs business reputation and relationships, in an effort to exclude them from the Fuji market in Kentucky and elsewhere.

187.    All Defendants, in engaging in the course of conduct described, *supra*, had full knowledge of the wrongful and illegal nature of their conduct.

188.    All Defendants took independent action in furtherance of this agreement, as described, *supra*.

189.    Plaintiffs suffered economic loss as a result of the Defendants' tortious actions.

190.    As a result of their agreement and conspiracy, each Defendant should be held jointly and severally liable for the actions of the other made in furtherance of the agreement and conspiracy.

WHEREFORE, Plaintiff respectfully prays for joint and several judgment and relief against all Defendants, including: (1) A trial by jury; (2) Actual damages in an amount to be determined at trial; (3) Consequential or special damages (4) Punitive

damages; (5) Costs, expenses, and reasonable attorneys' fees;

(6) Treble damages; (7) All statutory relief to which Plaintiffs

are entitled under the Kentucky statutes described in Counts I -

IV, (8) Injunctive relief; and (9) Such other relief as this Court

deems fair and equitable.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs demand a jury trial on all issues set forth in the above Complaint.

Respectfully submitted,
/s/Jessica Winters
Jessica Winters,
The Winters Law Group LLC 432 S.
Broadway, Suite 2B Lexington, Kentucky
40508
(859) 619-2134
jessica@thewinterslawgroup.com

ATTORNEY FOR PLAINTIFFS

NOT ORIGINAL

DOCUMENT

AM

04/17/2024 11:57:18

90779

**UNITED STATES**
**POSTAL SERVICE**™

Date Produced: 04/05/2024

The following is the delivery information for Certified Mail™/RRE/RD item number 9236 0901 9403 8355 2863 55. Our records indicate that this item was delivered on 04/04/2024 at 12:26 p.m. in WILMORE, KY 40390. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient : **106 BRUNER DR, WILMORE, KY 40390**

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

This USPS proof of delivery is linked to the customers mail piece information on file as shown below:

OAKLEY, KELLI
106 BRUNER DRIVE
WILMORE KY 40390

Customer Reference Number: C4918903.29550239

COR : 000001 of 000002

Filed         24-CI-00093   04/05/2024         Pamela J. Robinson, Anderson Circuit Clerk

USPS MAIL PIECE TRACKING NUMBER:   42040390923609019403835286355

MAILING DATE:        04/02/2024

DELIVERED DATE:   04/04/2024

Custom 1: DriverId-7654753

Custom 2: PartyId-51526020

Custom 3: SummonsNum-@90005615412

Custom 4: CentralMailId-148273

Custom 5: Source County-ANDERSON

NOT ORIGINAL

04/17/2024 11:57:18

90779

MAIL PIECE DELIVERY INFORMATION:

OAKLEY, KELLI
106 BRUNER DRIVE
WILMORE KY 40390

MAIL PIECE TRACKING EVENTS:

| | | |
|---|---|---|
| 04/02/2024 15:48 | SHIPMENT RECEIVED ACCEPTANCE PENDING | FRANKFORT,KY 40601 |
| 04/02/2024 16:02 | PRE-SHIPMENT INFO SENT  USPS AWAITS ITEM | FRANKFORT,KY 40601 |
| 04/03/2024 11:08 | ORIGIN ACCEPTANCE | FRANKFORT,KY 40601 |
| 04/03/2024 12:23 | PROCESSED THROUGH USPS FACILITY | LOUISVILLE,KY 40221 |
| 04/04/2024 06:17 | ARRIVAL AT UNIT | WILMORE,KY 40390 |
| 04/04/2024 06:28 | OUT FOR DELIVERY | WILMORE,KY 40390 |
| 04/04/2024 12:26 | DELIVERED LEFT WITH INDIVIDUAL | WILMORE,KY 40390 |

COR : 000002 of 000002

**UNITED STATES**
**POSTAL SERVICE** ™

DOCUMENT

AM

NOT ORIGINAL

04/17/2024 11:57:11

90779

Date Produced: 04/05/2024

The following is the delivery information for Certified Mail™/RRE/RD item number 9236 0901 9403 8355 2864 16. Our records indicate that this item was delivered on 04/04/2024 at 12:26 p.m. in WILMORE, KY 40390. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :          **106 BRUNER DR, WILMORE,
KY 40390**

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

This USPS proof of delivery is linked to the customers mail piece information on file as shown below:

OAKLEY, KELLI
106 BRUNER DR,
WILMORE KY 40390

COR : 000001 of 000002

Customer Reference Number:          C4918903.29550252

USPS MAIL PIECE TRACKING NUMBER:  42040390923609019403855286416

MAILING DATE:       04/02/2024

DELIVERED DATE:    04/04/2024

Custom 1: DriverId-7654753

Custom 2: PartyId-51526025

Custom 3: SummonsNum-@90005615417

Custom 4: CentralMailId-148277

Custom 5: Source County-ANDERSON

MAIL PIECE DELIVERY INFORMATION:

OAKLEY, KELLI
106 BRUNER DR,
WILMORE KY 40390

MAIL PIECE TRACKING EVENTS:

| Date/Time | Event | Location |
|---|---|---|
| 04/02/2024 15:48 | SHIPMENT RECEIVED ACCEPTANCE PENDING | FRANKFORT,KY 40601 |
| 04/02/2024 16:02 | PRE-SHIPMENT INFO SENT  USPS AWAITS ITEM | FRANKFORT,KY 40601 |
| 04/03/2024 11:08 | ORIGIN ACCEPTANCE | FRANKFORT,KY 40601 |
| 04/03/2024 12:23 | PROCESSED THROUGH USPS FACILITY | LOUISVILLE,KY 40221 |
| 04/04/2024 06:17 | ARRIVAL AT UNIT | WILMORE,KY 40390 |
| 04/04/2024 06:28 | OUT FOR DELIVERY | WILMORE,KY 40390 |
| 04/04/2024 12:26 | DELIVERED LEFT WITH INDIVIDUAL | WILMORE,KY 40390 |

NOT ORIGINAL

04/17/2024 11:57:11

90779

COR : 000002 of 000002

**≡ UNITED STATES**
**POSTAL SERVICE** ™

NOT ORIGINAL DOCUMENT

04/17/2024 11:56:57 AM

90779

Date Produced: 04/09/2024

The following is the delivery information for Certified Mail™/RRE/RD item number 9236 0901 9403 8355 2863 86. Our records indicate that this item was delivered on 04/08/2024 at 01:39 p.m. in PORTLAND, ME 04101. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :     **1 CANAL PLZ STE 100,**
                                   **PORTLAND, ME 04101**

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

This USPS proof of delivery is linked to the customers mail piece information on file as shown below:

GLEASON, JOHN
ONE CANAL PLAZA
SUITE 100
PORTLAND ME 04101

Customer Reference Number:     C4918903.29550251

USPS MAIL PIECE TRACKING NUMBER: 42004101923609019403885286386

MAILING DATE:        04/02/2024

DELIVERED DATE:   04/08/2024

Custom 1: DriverId-7654753

Custom 2: PartyId-51526024

Custom 3: SummonsNum-@90005615416

Custom 4: CentralMailId-148276

Custom 5: Source County-ANDERSON

NOT ORIGINAL

04/17/2024 11:56:57

90779

MAIL PIECE DELIVERY INFORMATION:

GLEASON, JOHN
ONE CANAL PLAZA
SUITE 100
PORTLAND ME 04101

MAIL PIECE TRACKING EVENTS:

| | | | |
|---|---|---|---|
| 04/02/2024 15:48 | SHIPMENT RECEIVED ACCEPTANCE PENDING | | FRANKFORT,KY 40601 |
| 04/02/2024 16:02 | PRE-SHIPMENT INFO SENT  USPS AWAITS ITEM | | FRANKFORT,KY 40601 |
| 04/03/2024 11:08 | ORIGIN ACCEPTANCE | | FRANKFORT,KY 40601 |
| 04/03/2024 12:23 | PROCESSED THROUGH USPS FACILITY | | LOUISVILLE,KY 40221 |
| 04/05/2024 22:23 | PROCESSED THROUGH USPS FACILITY | | SOUTHERN ME DISTRIBUTION CENTER 04074 |
| 04/08/2024 08:45 | ARRIVAL AT UNIT | | PORTLAND,ME 04101 |
| 04/08/2024 08:56 | OUT FOR DELIVERY | | PORTLAND,ME 04101 |
| 04/08/2024 13:39 | DELIVERED LEFT WITH INDIVIDUAL | | PORTLAND,ME 04101 |

COR : 000002 of 000002

**UNITED STATES**
**POSTAL SERVICE** ™

NOT ORIGINAL

DOCUMENT

04/17/2024 11:57:04

AM

90779

Date Produced: 04/09/2024

The following is the delivery information for Certified Mail™/RRE/RD item number 9236 0901 9403 8355 2863 79. Our records indicate that this item was delivered on 04/08/2024 at 11:41 a.m. in NORTH FORT MYERS, FL 33917. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

This USPS proof of delivery is linked to the customers mail piece information on file as shown below:

BEAL, MIKE
19910 FREEMAN DR
NORTH FORT MYERS FL 33917

Customer Reference Number:          C4918903.29550249

Filed          24-CI-00093    04/09/2024          Pamela J. Robinson, Anderson Circuit Clerk

NOT ORIGINAL
DOCUMENT
04/17/2024 11:57:04
AM
90779

USPS MAIL PIECE TRACKING NUMBER:  42033917923609019403855286379

MAILING DATE:      04/02/2024
DELIVERED DATE:    04/08/2024

Custom 1: DriverId-7654753
Custom 2: PartyId-51526022
Custom 3: SummonsNum-@90005615414
Custom 4: CentralMailId-148275
Custom 5: Source County-ANDERSON

MAIL PIECE DELIVERY INFORMATION:

BEAL, MIKE
19910 FREEMAN DR
NORTH FORT MYERS FL 33917

MAIL PIECE TRACKING EVENTS:

| Date/Time | Event | Location |
|---|---|---|
| 04/02/2024 15:48 | SHIPMENT RECEIVED ACCEPTANCE PENDING | FRANKFORT,KY 40601 |
| 04/02/2024 16:02 | PRE-SHIPMENT INFO SENT  USPS AWAITS ITEM | FRANKFORT,KY 40601 |
| 04/03/2024 11:08 | ORIGIN ACCEPTANCE | FRANKFORT,KY 40601 |
| 04/03/2024 12:23 | PROCESSED THROUGH USPS FACILITY | LOUISVILLE,KY 40221 |
| 04/05/2024 13:02 | PROCESSED THROUGH USPS FACILITY | FORT MYERS FL DISTRIBUTION CENT 33913 |
| 04/06/2024 00:00 | PROCESSED THROUGH USPS FACILITY | FORT MYERS FL DISTRIBUTION CENT 33913 |
| 04/08/2024 11:41 | DELIVERED LEFT WITH INDIVIDUAL | NORTH FORT MYERS,FL 33917 |

 **UNITED STATES POSTAL SERVICE**™

NOT ORIGINAL DOCUMENT

04/17/2024 11:56:43 AM

90779

Date Produced: 04/11/2024

The following is the delivery information for Certified Mail™/RRE/RD item number 9236 0901 9403 8355 2864 47. Our records indicate that this item was delivered on 04/10/2024 at 12:58 p.m. in BRUNSWICK, ME 04011. The scanned image of the recipient information is provided below.

Signature of Recipient :

ERic Kochler

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

This USPS proof of delivery is linked to the customers mail piece information on file as shown below:

DUNN, MIKE
41-2 GREENWOOD RD
BRUNSWICK ME 04011

Customer Reference Number:          C4918903.29550247

COR : 000001 of 000002

Filed          24-CI-00093     04/11/2024          Pamela J. Robinson, Anderson Circuit Clerk

NOT ORIGINAL

DOCUMENT

AM

04/17/2024 11:56:43

90779

USPS MAIL PIECE TRACKING NUMBER:  420040119236090194038855286447

MAILING DATE:      04/02/2024

DELIVERED DATE:   04/10/2024

Custom 1: DriverId-7654753
Custom 2: PartyId-51526027
Custom 3: SummonsNum-@90005615419
Custom 4: CentralMailId-148279
Custom 5: Source County-ANDERSON

MAIL PIECE DELIVERY INFORMATION:

DUNN, MIKE
41-2 GREENWOOD RD
BRUNSWICK ME 04011

MAIL PIECE TRACKING EVENTS:

| | | |
|---|---|---|
| 04/02/2024 15:48 | SHIPMENT RECEIVED ACCEPTANCE PENDING | FRANKFORT,KY 40601 |
| 04/02/2024 16:02 | PRE-SHIPMENT INFO SENT  USPS AWAITS ITEM | FRANKFORT,KY 40601 |
| 04/03/2024 11:08 | ORIGIN ACCEPTANCE | FRANKFORT,KY 40601 |
| 04/03/2024 12:23 | PROCESSED THROUGH USPS FACILITY | LOUISVILLE,KY 40221 |
| 04/05/2024 22:25 | PROCESSED THROUGH USPS FACILITY | SOUTHERN ME DISTRIBUTION CENTER 04074 |
| 04/10/2024 00:42 | PROCESSED THROUGH USPS FACILITY | SOUTHERN ME DISTRIBUTION CENTER 04074 |
| 04/10/2024 12:58 | DELIVERED LEFT WITH INDIVIDUAL | BRUNSWICK,ME 04011 |

COR : 000002 of 000002

NOT ORIGINAL
DOCUMENT
04/17/2024 11:56:24
AM
90779

**UNITED STATES POSTAL SERVICE** ™

Date Produced: 04/11/2024

The following is the delivery information for Certified Mail™/RRE/RD item number 9236 0901 9403 8355 2864 30. Our records indicate that this item was delivered on 04/10/2024 at 12:59 p.m. in BRUNSWICK, ME 04011. The scanned image of the recipient information is provided below.

Signature of Recipient :

*Eric Kochler*

Address of Recipient :

*41-2 Greenwood*

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

This USPS proof of delivery is linked to the customers mail piece information on file as shown below:

SAMUELSON, SCOTT
41-2 GREENWOOD RD
BRUNSWICK ME 04011

Customer Reference Number: C4918903.29550248

COR : 000001 of 000002

USPS MAIL PIECE TRACKING NUMBER:  42004011923609019403&855286430

MAILING DATE:     04/02/2024

DELIVERED DATE:   04/10/2024

Custom 1: DriverId-7654753
Custom 2: PartyId-51526026
Custom 3: SummonsNum-@90005615418
Custom 4: CentralMailId-148278
Custom 5: Source County-ANDERSON

NOT ORIGINAL

04/17/2024 11:56:24

90779

MAIL PIECE DELIVERY INFORMATION:

SAMUELSON, SCOTT
41-2 GREENWOOD RD
BRUNSWICK ME 04011

MAIL PIECE TRACKING EVENTS:

| Date/Time | Event | Location |
|---|---|---|
| 04/02/2024 15:48 | SHIPMENT RECEIVED ACCEPTANCE PENDING | FRANKFORT,KY 40601 |
| 04/02/2024 16:02 | PRE-SHIPMENT INFO SENT  USPS AWAITS ITEM | FRANKFORT,KY 40601 |
| 04/03/2024 11:08 | ORIGIN ACCEPTANCE | FRANKFORT,KY 40601 |
| 04/03/2024 12:23 | PROCESSED THROUGH USPS FACILITY | LOUISVILLE,KY 40221 |
| 04/05/2024 22:23 | PROCESSED THROUGH USPS FACILITY | SOUTHERN ME DISTRIBUTION CENTER 04074 |
| 04/10/2024 00:48 | PROCESSED THROUGH USPS FACILITY | SOUTHERN ME DISTRIBUTION CENTER 04074 |
| 04/10/2024 12:59 | DELIVERED LEFT WITH INDIVIDUAL | BRUNSWICK,ME 04011 |

COR : 000002 of 000002

Filed          24-CI-00093   04/24/2024          Pamela J. Robinson, Anderson Circuit Clerk

**COMMONWEALTH OF KENTUCKY**
**ANDERSON CIRCUIT COURT**
**DIVISION I**
**CIVIL ACTION NO. 24-CI-93**

*Electronically Filed*

| | |
|---|---|
| **CUSTOM SEPTIC SOLUTIONS,** | **PLAINTIFFS** |
| **SHANNON THORNTON, and** | |
| **JAMIE THORNTON** | |
| | |
| **v.** | |
| | |
| **HYDRODYNAMIC SOLUTIONS, INC.,** | |
| **KELLI OAKLEY,** | |
| **MIKE BEAL,** | |
| **ALAN DAVIES,** | |
| **FUJICLEAN USA LLC,** | |
| **SCOTT SAMUELSON, and** | |
| **MIKE DUNN** | **DEFENDANTS** |

---

### ANSWER TO COMPLAINT

---

Come the Defendants, Hydrodynamic Solutions, Inc., Kelli Oakley, Mike Beal, and Alan Davies (collectively "Defendants"), by counsel, and hereby state as follows in response to Plaintiffs' Complaint:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted and must be dismissed in its entirety.

### SECOND DEFENSE

Defendants state as follows in response to the numerical paragraphs contained in Plaintiffs' Complaint:

1

Filed          24-CI-00093   04/24/2024          Pamela J. Robinson, Anderson Circuit Clerk

1.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 1 of the Complaint and accordingly deny same.

2.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 2 of the Complaint and accordingly deny same.

3.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 3 of the Complaint and accordingly deny same.

4.      Defendants admit the allegations contained in numerical paragraph 4 of the Complaint.

5.      Defendants admit the allegations contained in numerical paragraph 5 of the Complaint.

6.      Defendants admit the allegations contained in numerical paragraph 6 of the Complaint.

7.      Defendants admit the allegations contained in numerical paragraph 7 of the Complaint.

8.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 8 of the Complaint and accordingly deny same.

9.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 9 of the Complaint and accordingly deny same.

10.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 10 of the Complaint and accordingly deny same.

11.    The allegations contained in numerical paragraph 11 of the Complaint assert a conclusion of law to which no response is required. To the extent that a response is required, Defendants deny same.

12.    The allegations contained in numerical paragraph 12 of the Complaint assert a conclusion of law to which no response is required. To the extent that a response is required, Defendants deny same.

13.    The allegations contained in numerical paragraph 13 of the Complaint assert a conclusion of law to which no response is required. To the extent that a response is required, Defendants deny same.

14.    The allegations contained in numerical paragraph 14 of the Complaint do not appear to assert any claims against these Defendants, and as such no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 14 of the Complaint and accordingly deny same.

15.    The allegations contained in numerical paragraph 15 of the Complaint do not appear to assert any claims against these Defendants, and as such no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 15 of the Complaint and accordingly deny same.

3

16.     The allegations contained in numerical paragraph 16 of the Complaint do not appear to assert any claims against these Defendants, and as such no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 16 of the Complaint and accordingly deny same.

17.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 17 of the Complaint and accordingly deny same.

18.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 18 of the Complaint and accordingly deny same.

19.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 19 of the Complaint and accordingly deny same.

20.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 20 of the Complaint and accordingly deny same.

21.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 21 of the Complaint and accordingly deny same.

22.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 22 of the Complaint and accordingly deny same.

4

23.    Defendants deny the allegations contained in numerical paragraph 23 of the Complaint.

24.    Defendants deny the allegations contained in numerical paragraph 24 of the Complaint.

25.    The allegations contained in numerical paragraph 25 of the Complaint do not appear to assert any claims against these Defendants, and as such no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 25 of the Complaint and accordingly deny same.

26.    Defendants deny the allegations contained in numerical paragraph 26 of the Complaint.

27.    Defendants deny the allegations contained in numerical paragraph 27 of the Complaint.

28.    Defendants deny the allegations contained in numerical paragraph 28 of the Complaint.

29.    Defendants deny the allegations contained in numerical paragraph 29 of the Complaint.

30.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 30 of the Complaint and accordingly deny same.

31.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 31 of the Complaint and accordingly deny same.

32.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 32 of the Complaint and accordingly deny same.

33.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 33 of the Complaint and accordingly deny same.

34.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 34 of the Complaint and accordingly deny same.

35.      Defendants deny the allegations contained in numerical paragraph 35 of the Complaint.

36.      Defendants deny the allegations contained in numerical paragraph 36 of the Complaint.

37.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 37 of the Complaint and accordingly deny same.

38.      Defendants deny the allegations contained in numerical paragraph 38 of the Complaint.

39.      Defendants deny the allegations contained in numerical paragraph 39 of the Complaint.

40.      Defendants deny the allegations contained in numerical paragraph 40 of the Complaint and further denies that "HDS approached CSS to inquire as to whether the HDS entity could purchase or absorb CSS" as alleged in numerical paragraph 39 of the Complaint.

6

8EAE9751-58EF-4B8C-9C0D-D1E97AD56F0D : 000006 of 000031

ANS : 000006 of 000031

41.    Defendants deny the allegations contained in numerical paragraph 41 of the Complaint.

42.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 42 of the Complaint and accordingly deny same.

43.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 43 of the Complaint and accordingly deny same.

44.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 44 of the Complaint and accordingly deny same.

45.    Defendants deny the allegations contained in numerical paragraph 45 of the Complaint.

46.    Defendants deny the allegations contained in numerical paragraph 46 of the Complaint.

47.    Defendants deny the allegations contained in numerical paragraph 47 of the Complaint.

48.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 48 of the Complaint and accordingly deny same.

49.    Defendants deny the allegations contained in numerical paragraph 49 of the Complaint.

50.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 50 of the Complaint and accordingly deny same.

51.     Defendants deny the allegations contained in numerical paragraph 51 of the Complaint.

52.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 52 of the Complaint and accordingly deny same.

53.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 53 of the Complaint and accordingly deny same.

54.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 54 of the Complaint and accordingly deny same.

55.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 55 of the Complaint and accordingly deny same.

56.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 56 of the Complaint and accordingly deny same.

57.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 57 of the Complaint and accordingly deny same.

8

58.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 58 of the Complaint and accordingly deny same.

59.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 59 of the Complaint and accordingly deny same.

60.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 60 of the Complaint and accordingly deny same.

61.    Defendants admit that they were in contact with Plaintiff CCS regarding the alarm issue as alleged in numerical paragraph 61 of the Complaint but are without sufficient knowledge or information to form a belief as to the truth of the allegations remaining allegation contained in numerical paragraph 61 of the Complaint and accordingly deny same.

62.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 62 of the Complaint and accordingly deny same.

63.    Defendants deny the allegations contained in numerical paragraph 63 of the Complaint.

64.    Defendants deny the allegations contained in numerical paragraph 64 of the Complaint.

65.    Defendants deny the allegations contained in numerical paragraph 65 of the Complaint.

9

8EAE9751-58EF-4B8C-9C0D-D1E97AD56F0D : 000009 of 000031

ANS : 000009 of 000031

66.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 66 of the Complaint and accordingly deny same.

67.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 67 of the Complaint and accordingly deny same.

68.    The allegations contained in numerical paragraph 68 of the Complaint do not appear to assert any claims against these Defendants, and as such no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 68 of the Complaint and accordingly deny same.

69.    The allegations contained in numerical paragraph 69 of the Complaint do not appear to assert any claims against these Defendants, and as such no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 69 of the Complaint and accordingly deny same.

70.    The allegations contained in numerical paragraph 70 of the Complaint do not appear to assert any claims against these Defendants, and as such no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 70 of the Complaint and accordingly deny same.

71.    The allegations contained in numerical paragraph 71 of the Complaint do not appear to assert any claims against these Defendants, and as such no response is required. To the

10

extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 71 of the Complaint and accordingly deny same.

72.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 72 of the Complaint and accordingly deny same.

73.     The allegations contained in numerical paragraph 73 of the Complaint do not appear to assert any claims against these Defendants, and as such no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 73 of the Complaint and accordingly deny same.

74.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 74 of the Complaint and accordingly deny same.

75.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 75 of the Complaint and accordingly deny same.

76.     There do not appear to be any allegations contained in numerical paragraph 76 of the Complaint, and as such no required.

77.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 77 of the Complaint and accordingly deny same.

8EAE9751-58EF-4B8C-9C0D-D1E97AD56F0D : 000011 of 000031

ANS : 000011 of 000031

Filed                24-CI-00093    04/24/2024        Pamela J. Robinson, Anderson Circuit Clerk

78.     Defendants deny the allegations contained in numerical paragraph 78 of the Complaint.

79.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 79 of the Complaint and accordingly deny same.

80.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 80 of the Complaint and accordingly deny same.

81.     Defendants deny the allegations contained in numerical paragraph 81 of the Complaint.

82.     The allegations contained in numerical paragraph 82 of the Complaint do not appear to assert any claims against these Defendants, and as such no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 82 of the Complaint and accordingly deny same.

83.     Defendants deny the allegations contained in numerical paragraph 83 of the Complaint.

84.     Defendants deny the allegations contained in numerical paragraph 84 of the Complaint.

85.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 85 of the Complaint and accordingly deny same.

Filed                24-CI-00093    04/24/2024        Pamela J. Robinson, Anderson Circuit Clerk

8EAE9751-58EF-4B8C-9C0D-D1E97AD56F0D : 000012 of 000031

ANS : 000012 of 000031

86.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 86 of the Complaint and accordingly deny same.

87.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 87 of the Complaint and accordingly deny same.

88.     Defendants deny the allegations contained in numerical paragraph 88 of the Complaint.

89.     The allegations contained in numerical paragraph 89 of the Complaint do not appear to assert any claims against these Defendants, and as such no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 89 of the Complaint and accordingly deny same.

90.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 90 of the Complaint and accordingly deny same.

91.     The allegations contained in numerical paragraph 91 of the Complaint do not appear to assert any claims against these Defendants, and as such no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 91 of the Complaint and accordingly deny same.

92.     Defendants deny the allegations contained in numerical paragraph 92 of the Complaint.

13

8EAE9751-58EF-4B8C-9C0D-D1E97AD56F0D : 000013 of 000031

ANS : 000013 of 000031

93.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 93 of the Complaint and accordingly deny same.

94.     Defendants deny the allegations contained in numerical paragraph 94 of the Complaint.

95.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 95 of the Complaint and accordingly deny same.

96.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 96 of the Complaint and accordingly deny same.

97.     Defendants admit that certain changes to its required payment structure have been made as alleged in numerical paragraph 97 of the Complaint, but deny the characterization of those changes and further deny all remaining allegations contained in numerical paragraph 97 of the Complaint.

98.     Defendants deny the allegations contained in numerical paragraph 98 of the Complaint.

99.     Defendants deny the allegations contained in numerical paragraph 99 of the Complaint.

100.     Defendants deny the allegations contained in numerical paragraph 100 of the Complaint.

101.     The allegations contained in numerical paragraph 101 of the Complaint do not appear to assert any claims against these Defendants, and as such no response is required. To the

extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 101 of the Complaint and accordingly deny same.

102.    Defendants deny the allegations contained in numerical paragraph 102 of the Complaint.

103.    The allegations contained in numerical paragraph 103 of the Complaint do not appear to assert any claims against these Defendants, and as such no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 103 of the Complaint and accordingly deny same.

104.    Defendants admit the allegations contained in numerical paragraph 104 to the extent Plaintiffs allege a meeting took place on or about January 30, 2024. Defendants deny the remaining allegations contained in numerical paragraph 104 of the Complaint and explicitly deny any underlying allegation that Defendants engaged in any tortious conduct.

105.    Defendants deny the allegations contained in numerical paragraph 105 of the Complaint.

106.    Defendants admit the allegations contained in numerical paragraph 106 to the extent Plaintiffs allege that certain allegations were made during the referenced meeting. Defendants deny the  allegations referenced in numerical paragraph 106 of the Complaint and explicitly deny any underlying allegation that Defendants engaged in any tortious conduct.

107.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 107 of the Complaint and accordingly deny same.

108.    The allegations contained in numerical paragraph 108 of the Complaint do not appear to assert any claims against these Defendants, and as such no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 108 of the Complaint and accordingly deny same.

109.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 109 of the Complaint and accordingly deny same.

110.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 110 of the Complaint and accordingly deny same.

111.    Defendants deny the allegations contained in numerical paragraph 111 of the Complaint.

112.    The allegations contained in numerical paragraph 112 of the Complaint do not appear to assert any claims against these Defendants, and as such no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 112 of the Complaint and accordingly deny same.

113.    The allegations contained in numerical paragraph 113 of the Complaint do not appear to assert any claims against these Defendants, and as such no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 113 of the Complaint and accordingly deny same.

114.     The allegations contained in numerical paragraph 114 of the Complaint do not appear to assert any claims against these Defendants, and as such no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 114 of the Complaint and accordingly deny same.

115.     The allegations contained in numerical paragraph 115 of the Complaint do not appear to assert any claims against these Defendants, and as such no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 115 of the Complaint and accordingly deny same.

116.     The allegations contained in numerical paragraph 116 of the Complaint do not appear to assert any claims against these Defendants, and as such no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 116 of the Complaint and accordingly deny same.

117.     The allegations contained in numerical paragraph 117 of the Complaint do not appear to assert any claims against these Defendants, and as such no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 117 of the Complaint and accordingly deny same.

118.     The allegations contained in numerical paragraph 118 of the Complaint do not appear to assert any claims against these Defendants, and as such no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form

a belief as to the truth of the allegations contained in numerical paragraph 118 of the Complaint and accordingly deny same.

119.    The allegations contained in numerical paragraph 119 of the Complaint do not appear to assert any claims against these Defendants, and as such no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 119 of the Complaint and accordingly deny same.

120.    Defendants deny the allegations contained in numerical paragraph 120 of the Complaint.

121.    The allegations contained in numerical paragraph 121 of the Complaint do not appear to assert any claims against these Defendants, and as such no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 121 of the Complaint and accordingly deny same.

122.    The allegations contained in numerical paragraph 122 of the Complaint reference a correspondence which, upon information and belief, was not sent to Defendants. As such, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 122 of the Complaint and accordingly deny same.

123.    The allegations contained in numerical paragraph 123 of the Complaint reference a correspondence which, upon information and belief, was not sent to Defendants. As such, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 123 of the Complaint and accordingly deny same.

Filed          24-CI-00093      04/24/2024          Pamela J. Robinson, Anderson Circuit Clerk

124.    The allegations contained in numerical paragraph 124 of the Complaint reference a correspondence which, upon information and belief, was not sent to Defendants. As such, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 124 of the Complaint and accordingly deny same.

125.    The allegations contained in numerical paragraph 125 of the Complaint reference a correspondence which, upon information and belief, was not sent to Defendants. As such, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 125 of the Complaint and accordingly deny same.

126.    The allegations contained in numerical paragraph 126 of the Complaint reference a correspondence which, upon information and belief, was not sent to Defendants. As such, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 126 of the Complaint and accordingly deny same.

127.    The allegations contained in numerical paragraph 127 of the Complaint reference a correspondence which, upon information and belief, was not sent to Defendants. As such, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 127 of the Complaint and accordingly deny same.

128.    The allegations contained in numerical paragraph 128 of the Complaint reference a correspondence which, upon information and belief, was not sent to Defendants. As such, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 128 of the Complaint and accordingly deny same.

129.    The allegations contained in numerical paragraph 129 of the Complaint reference a correspondence which, upon information and belief, was not sent to Defendants. As such,

Filed          24-CI-00093      04/24/2024          Pamela J. Robinson, Anderson Circuit Clerk

8EAE9751-58EF-4B8C-9C0D-D1E97AD56F0D : 000019 of 000031

ANS : 000019 of 000031

Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 129 of the Complaint and accordingly deny same.

130.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 130 of the Complaint and accordingly deny same.

131.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 131 of the Complaint and accordingly deny same.

132.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 132 of the Complaint and accordingly deny same.

133.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 133 of the Complaint and accordingly deny same.

134.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 134 of the Complaint and accordingly deny same.

135.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 135 of the Complaint and accordingly deny same.

136.    Defendants deny the allegations contained in numerical paragraph 136 of the Complaint.

8EAE9751-58EF-4B8C-9C0D-D1E97AD56F0D : 000020 of 000031

ANS : 000020 of 000031

137.    The allegations contained in numerical paragraph 137 of the Complaint do not appear to assert any claims against these Defendants, and as such no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 137 of the Complaint and accordingly deny same.

138.    The allegations contained in numerical paragraph 138 of the Complaint reference a correspondence which, upon information and belief, was not sent to Defendants. As such, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 138 of the Complaint and accordingly deny same.

139.    Defendants deny the allegations contained in numerical paragraph 139 of the Complaint.

140.    Defendants deny the allegations contained in numerical paragraph 140 of the Complaint.

141.    Defendants state that the allegations contained in numerical paragraph 141 of the Complaint require no response. To the extent a response is required, Defendants reiterate their responses to the paragraphs referenced in numerical paragraph 141 of the Complaint as if restated in full.

142.    Defendants deny the allegations contained in numerical paragraph 142 of the Complaint.

143.    Defendants deny the allegations contained in numerical paragraph 143 of the Complaint.

144.    Defendants deny the allegations contained in numerical paragraph 144 of the Complaint.

Filed          24-CI-00093    04/24/2024          Pamela J. Robinson, Anderson Circuit Clerk

145.     Defendants deny that the Plaintiffs are entitled to the relief requested in numerical paragraph 145 of the Complaint.

146.     Defendants state that the allegations contained in numerical paragraph 146 of the Complaint require no response. To the extent a response is required, Defendants reiterate their responses to the paragraphs referenced in numerical paragraph 146 of the Complaint as if restated in full.

147.     Defendants deny the allegations contained in numerical paragraph 147 of the Complaint.

148.     Defendants deny the allegations contained in numerical paragraph 148 of the Complaint.

149.     Defendants deny the allegations contained in numerical paragraph 149 of the Complaint.

150.     Defendants deny that the Plaintiffs are entitled to the relief requested in numerical paragraph 150 of the Complaint.

151.     Defendants state that the allegations contained in numerical paragraph 151 of the Complaint require no response. To the extent a response is required, Defendants reiterate their responses to the paragraphs referenced in numerical paragraph 151 of the Complaint as if restated in full.

152.     Defendants deny the allegations contained in numerical paragraph 152 of the Complaint.

153.     Defendants deny the allegations contained in numerical paragraph 153 of the Complaint.

154.    Defendants deny the allegations contained in numerical paragraph 154 of the Complaint.

155.    Defendants deny that the Plaintiffs are entitled to the relief requested in numerical paragraph 155 of the Complaint.

156.    Defendants state that the allegations contained in numerical paragraph 156 of the Complaint require no response. To the extent a response is required, Defendants reiterate their responses to the paragraphs referenced in numerical paragraph 156 of the Complaint as if restated in full.

157.    Defendants deny the allegations contained in numerical paragraph 157 of the Complaint.

158.    Defendants deny the allegations contained in numerical paragraph 158 of the Complaint.

159.    Defendants deny the allegations contained in numerical paragraph 159 of the Complaint.

160.    Defendants deny that the Plaintiffs are entitled to the relief requested in numerical paragraph 160 of the Complaint.

161.    Defendants state that the allegations contained in numerical paragraph 161 of the Complaint require no response. To the extent a response is required, Defendants reiterate their responses to the paragraphs referenced in numerical paragraph 161 of the Complaint as if restated in full.

162.    The allegations contained in numerical paragraph 162 of the Complaint assert a conclusion of law to which no response is required. To the extent that a response is required, Defendants deny same.

163.     Defendants deny the allegations contained in numerical paragraph 163 of the Complaint.

164.     Defendants deny the allegations contained in numerical paragraph 164 of the Complaint.

165.     Defendants state that the allegations contained in numerical paragraph 165 of the Complaint require no response. To the extent a response is required, Defendants reiterate their responses to the paragraphs referenced in numerical paragraph 165 of the Complaint as if restated in full.

166.     The allegations contained in numerical paragraph 166 of the Complaint assert a conclusion of law to which no response is required. To the extent that a response is required, Defendants deny same.

167.     Defendants deny the allegations contained in numerical paragraph 167 of the Complaint.

168.     Defendants deny the allegations contained in numerical paragraph 168 of the Complaint.

169.     Defendants state that the allegations contained in numerical paragraph 169 of the Complaint require no response. To the extent a response is required, Defendants reiterate their responses to the paragraphs referenced in numerical paragraph 169 of the Complaint as if restated in full.

170.     Defendants deny the allegations contained in numerical paragraph 170 of the Complaint.

171.     Defendants deny the allegations contained in numerical paragraph 171 of the Complaint.

172.    Defendants state that the allegations contained in numerical paragraph 172 of the Complaint require no response. To the extent a response is required, Defendants reiterate their responses to the paragraphs referenced in numerical paragraph 172 of the Complaint as if restated in full.

173.    The allegations contained in numerical paragraph 173 of the Complaint assert a conclusion of law to which no response is required. To the extent that a response is required, Defendants deny same.

174.    Defendants deny the allegations contained in numerical paragraph 174 of the Complaint.

175.    Defendants deny the allegations contained in numerical paragraph 175 of the Complaint.

176.    Defendants state that the allegations contained in numerical paragraph 176 of the Complaint require no response. To the extent a response is required, Defendants reiterate their responses to the paragraphs referenced in numerical paragraph 176 of the Complaint as if restated in full.

177.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 177 of the Complaint and accordingly deny same.

178.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in numerical paragraph 178 of the Complaint and accordingly deny same.

179.    Defendants deny the allegations contained in numerical paragraph 179 of the Complaint.

Filed        24-CI-00093    04/24/2024        Pamela J. Robinson, Anderson Circuit Clerk

180.    Defendants deny the allegations contained in numerical paragraph 180 of the Complaint.

181.    Defendants state that the allegations contained in numerical paragraph 181 of the Complaint require no response. To the extent a response is required, Defendants reiterate their responses to the paragraphs referenced in numerical paragraph 181 of the Complaint as if restated in full.

182.    Defendants deny the allegations contained in numerical paragraph 182 of the Complaint.

183.    Defendants deny the allegations contained in numerical paragraph 183 of the Complaint.

184.    Defendants deny the allegations contained in numerical paragraph 184 of the Complaint.

185.    Defendants state that the allegations contained in numerical paragraph 185 of the Complaint require no response. To the extent a response is required, Defendants reiterate their responses to the paragraphs referenced in numerical paragraph 185 of the Complaint as if restated in full.

186.    Defendants deny the allegations contained in numerical paragraph 186 of the Complaint.

187.    Defendants deny the allegations contained in numerical paragraph 187 of the Complaint.

188.    Defendants deny the allegations contained in numerical paragraph 188 of the Complaint.

189.    Defendants deny the allegations contained in numerical paragraph 189 of the Complaint.

190.    Defendants deny the allegations contained in numerical paragraph 190 of the Complaint.

191.    Defendants deny that Plaintiffs are entitled to the relief requested in the Complaint contained in the paragraph beginning with "WHEREFORE."

192.    Defendants deny each and every allegation contained in the Complaint not specifically and unequivocally admitted herein.

## THIRD DEFENSE

Plaintiffs' claims are barred by improper venue, jurisdiction, payment, estoppel, laches, and its own failure to mitigate damages.

## FOURTH DEFENSE

Plaintiffs have failed to join an indispensable party or parties to this litigation pursuant to Civil Rule 19, and as such, their Complaint is barred as a matter of law and must be dismissed.

## FIFTH DEFENSE

Some or all of Plaintiffs' claims are preempted by the Kentucky Uniform Trade Secrets Act.

## SIXTH DEFENSE

With regard to Plaintiffs' claims alleged in Count III of the Complaint, the Defendants:

1. Assert that Plaintiffs have failed to identify a specific legally protected trade secret as defined by the Kentucky Uniform Trade Secrets Act with sufficient particularity; and;

2. Assert that, to the extent any such secret existed, Plaintiffs did not take necessary steps to protect that secrecy; and

27

3. Rely upon the doctrine of Independent Development; and

4. Rely upon the doctrine of Inevitable Disclosure; and

5. Assert that the "trade secrets" allegedly possessed by Plaintiffs are not novel; and

6. Rely upon all other defenses available to them under the Kentucky Uniform Trade Secrets Act or common law, including the statute of limitation.

## SEVENTH DEFENSE

Defendants specifically rely upon each and every one of the affirmative defenses found in CR 8.03, and hereby reserves the right to amend their Answer to specifically plead any and all of the defenses found in CR 8.03 as necessitated by the proof discovered.

## EIGHTH DEFENSE

The injuries and damages allegedly sustained by the Plaintiffs, the existence of which are denied, were directly and proximately caused by the Plaintiffs' contributory negligence. Should it be found that these Defendants are liable to Plaintiffs, any liability being specifically denied, then any damages are to be apportioned among the Plaintiffs, other Defendants, and any other person or party who is found liable, according to the degree of responsibility that each is found to have for the occurrence, in proportion to the entire measure of responsibility for the occurrence.

## NINTH DEFENSE

Defendants rely on the statutory provisions of each and every statute and regulation referenced by Plaintiffs in their Complaint.

## TENTH DEFENSE

Some or all of Plaintiff's counts have not been pled with sufficient specificity and must be dismissed as a matter of law.

## ELEVENTH DEFENSE

The injuries and damages allegedly sustained by the Plaintiffs, the existence of which are denied, were directly and proximately caused by superseding and intervening events, factors, occurrences, or conditions for which these Defendants are not liable.

## TWELFTH DEFENSE

Defendants affirmatively state that to the extent that Plaintiffs have failed to mitigate their damages, Defendants rely upon same as a complete bar to those portions of Plaintiffs' claims caused by such failure.

## THIRTEENTH DEFENSE

Plaintiffs' claims for punitive and/or exemplary damages are barred by the United States Constitution and/or the Constitution of the Commonwealth of Kentucky and any award of such damages would violate the United States Constitution and would be improper under the common law, constitutional law, and public policies of Kentucky.

## FOURTEENTH DEFENSE

Defendants specifically incorporate by reference any and all standards or limitations regarding the termination and enforceability of punitive damages which arose in the decision of *BMW of North America v. Gore*, 517 U.S. 559, 116 S. Ct. 1589 (1996) and cases subsequent to *BMW*, including *Philip Morris USA v. Williams*, 549 U.S. 346, 127 S. Ct. 1057 (2007).

## FIFTEENTH DEFENSE

Defendants affirmatively plead the provisions of KRS 411.184 and KRS 411.186 as defenses to Plaintiffs' punitive damages claim, including but not limited to the following: the Complaint fails to allege facts sufficient to entitle plaintiff to an aware of punitive damages under KRS 411.184(2) and its "clear and convincing" evidence standard, and to the extent that Plaintiffs'

Filed 24-CI-00093 04/24/2024 Pamela J. Robinson, Anderson Circuit Clerk

claim is based on the acts of an agent or employee of this defendant the Complaint fails to allege facts sufficient to prove that defendant authorized or ratified or should have anticipated the conduct in question as required by KRS 411.184(3).

### SIXTEENTH DEFENSE

Defendants aver that an award of punitive damages is unwarranted, since Defendants did not act in a malicious, willful, wanton, reckless or grossly negligent manner.

### SEVENTEENTH DEFENSE

Plaintiffs lack standing to bring some or all of the claims asserted in their Complaint.

### EIGHTEENTH DEFENSE

This Court is not the proper venue for the claims asserted in Plaintiffs' Complaint.

WHEREFORE, Defendants, Hydrodynamic Solutions, Inc., Kelli Oakley, Mike Beal, and Alan Davies hereby request as follows:

1.     That Plaintiffs' Complaint filed against them in this action be dismissed with prejudice and stricken from the docket;

2.     That the liability, responsibility and fault the Plaintiffs' injuries, losses, and damages (if any) be apportioned to the Plaintiffs and other Defendants named herein;

3.     That they be awarded its costs herein expended, including reasonable attorneys' fees;

4.     For a trial of this cause by jury; and

5.     For any and all other just and proper relief to which it may appear entitled.

8EAE9751-58EF-4B8C-9C0D-1E97AD56F0D : 000030 of 000031

ANS : 000030 of 000031

Filed 24-CI-00093 04/24/2024 Pamela J. Robinson, Anderson Circuit Clerk

Filed          24-CI-00093   04/24/2024          Pamela J. Robinson, Anderson Circuit Clerk

Respectfully submitted,

FREEMAN MATHIS & GARY, LLP

_/s/ J. Austin Anderson_____
Robert W. Hojnoski
J. Austin Anderson
2525 Harrodsburg Road, Suite 500
Lexington, KY 40504-3215
Robert.Hojnoski@fmglaw.com
aanderson@fmglaw.com
*Counsel for Defendants, Hydrodynamic Solutions, Inc., Kelli Oakley, Mike Beal, and Alan Davies*

## CERTIFICATE OF SERVICE

This is to certify that the foregoing has been filed with the Kentucky eCourts Filing System on this the 24th day of April, 2024, and a true and accurate copy of same has been served on the following, via electronic mail:

Jessica Winters
The Winters Law Group LLC
432 S. Broadway, Suite 2B
Lexington, KY 40508
jessica@thewinterslawgroup.com
*Counsel for Plaintiffs*

BY:      _/s/ J. Austin Anderson_____
         *Counsel for Defendants*

Filed          24-CI-00093   04/24/2024          Pamela J. Robinson, Anderson Circuit Clerk

**COMMONWEALTH OF KENTUCKY**
**ANDERSON COUNTY CIRCUIT COURT**
**DIVISION ONE**
**CIVIL ACTION NO. 24-CI-00093**
*FILED ELECTRONICALLY*

**CUSTOM SEPTIC SOLUTIONS, LLC,**                                          **PLAINTIFFS**
**SHANNON THORNTON, and**
**JAMIE THORNTON**

**v.**            **ANSWER OF DEFENDANTS, FUJICLEAN USA, LLC,**
**SCOTT SAMUELSON AND MIKE DUNN**

**HYDRODYNAMIC SOLUTIONS, INC.,**                                          **DEFENDANTS**
**KELLI OAKLEY,**
**MIKE BEAL,**
**ALAN DAVIES,**
**FUJICLEAN USA LLC,**
**SCOTT SAMUELSON,**
**and**
**MIKE DUNN**

\*\*\*  \*\*\*  \*\*\*

Come the Defendants FujiClean USA, LLC ("FujiClean"), Scott Samuelson ("Samuelson"), and Mike Dunn ("Dunn") (collectively, "FujiClean Defendants"), by counsel, and for their Answer to the Complaint filed herein by Plaintiffs, Custom Septic Solutions, LLC ("CSS"), Shannon Thornton, and Jamie Thornton (collectively "Plaintiffs"), state as follows:

**FIRST AFFIRMATIVE DEFENSE**

1.      Plaintiffs have failed to state a claim upon which relief can be granted against the FujiClean Defendants, and their Complaint and all claims therein against the FujiClean Defendants should therefore be dismissed and held for naught.

**SECOND AFFIRMATIVE DEFENSE**

2.      The FujiClean Defendants lack sufficient information to admit or deny the allegations contained in paragraph 1 of the Complaint and therefore deny said allegations.

1

3.      The FujiClean Defendants lack sufficient information to admit or deny the allegations contained in paragraph 2 of the Complaint and therefore deny said allegations.

4.      The FujiClean Defendants lack sufficient information to admit or deny the allegations contained in paragraph 3 of the Complaint and therefore deny said allegations.

5.      The FujiClean Defendants lack sufficient information to admit or deny the allegations contained in paragraph 4 of the Complaint and therefore deny said allegations.

6.      The FujiClean Defendants lack sufficient information to admit or deny the allegations contained in paragraph 5 of the Complaint and therefore deny said allegations.

7.      The FujiClean Defendants lack sufficient information to admit or deny the allegations contained in paragraph 6 of the Complaint and therefore deny said allegations.

8.      The FujiClean Defendants lack sufficient information to admit or deny the allegations contained in paragraph 7 of the Complaint and therefore deny said allegations.

9.      The FujiClean Defendants admit the allegations contained in paragraph 8 of the Complaint except that the FujiClean Defendants deny that FujiClean's principal place of business is in Portland, Maine; the FujiClean Defendants affirmatively state that FujiClean's principal place of business is in Brunswick, Maine.

10.      The FujiClean Defendants admit the allegations contained in paragraph 9 of the Complaint.  The FujiClean Defendants affirmatively state that the address recited is Samuelson's business mailing address.

11.      The FujiClean Defendants admit, upon information and belief, so much of the allegations contained in paragraph 10 of the Complaint as allege that Dunn is an owner, officer, agent or employee of FujiClean, and that the address recited is Dunn's business mailing address, but deny the remaining allegations contained in paragraph 10 of the Complaint.

2

12.     The allegations contained in paragraph 11 of the Complaint constitute legal conclusions to which no response is required of the FujiClean Defendants; however, to the extent a response is required, the FujiClean Defendants deny said allegations.

13.     The allegations contained in paragraph 12 of the Complaint constitute legal conclusions to which no response is required of the FujiClean Defendants; however, to the extent a response is required, the FujiClean Defendants deny said allegations.

14.     The allegations contained in paragraph 13 of the Complaint constitute legal conclusions to which no response is required of the FujiClean Defendants; however, to the extent a response is required, the FujiClean Defendants deny said allegations.

15.     The FujiClean Defendants admit the allegations contained in paragraph 14 of the Complaint.

16.     The FujiClean Defendants admit the allegations contained in paragraph 15 of the Complaint.

17.     The FujiClean Defendants deny the allegations contained in paragraph 16 of the Complaint.

18.     The FujiClean Defendants deny the allegations contained in paragraph 17 of the Complaint.

19.     The FujiClean Defendants admit, upon information and belief, so much of the allegations contained in paragraph 18 of the Complaint as allege that CSS is a Kentucky-based installer of septic systems.  The FujiClean Defendants lack sufficient information to admit or deny the remaining allegations contained in paragraph 18 of the Complaint and therefore deny said allegations.

20.     The FujiClean Defendants admit, upon information and belief, so much of the allegations contained in paragraph 19 of the Complaint as allege that Shannon Thornton has at pertinent times been licensed in Kentucky as an installer.  The FujiClean Defendants lack sufficient information to admit or deny the remaining allegations contained in paragraph 19 of the Complaint and therefore deny said allegations.

21.     The FujiClean Defendants lack sufficient information to admit or deny the allegations contained in paragraph 20 of the Complaint and therefore deny said allegations.

22.     The FujiClean Defendants lack sufficient information to admit or deny the allegations contained in paragraph 21 of the Complaint and therefore deny said allegations.

23.     The FujiClean Defendants admit, upon information and belief, the allegations contained in paragraph 22 of the Complaint.

24.     The FujiClean Defendants deny the allegations contained in paragraph 23 of the Complaint.

25.     The FujiClean Defendants lack sufficient information to admit or deny the allegations contained in paragraph 24 of the Complaint and therefore deny said allegations.

26.     The FujiClean Defendants deny the allegations contained in paragraph 25 of the Complaint.

27.     The FujiClean Defendants deny the allegations contained in paragraph 26 of the Complaint.

28.     The FujiClean Defendants deny the allegations contained in paragraph 27 of the Complaint as to themselves.  The FujiClean Defendants lack sufficient information to admit or deny the remaining allegations contained in paragraph 27 of the Complaint and therefore deny said allegations.

29.     The FujiClean Defendants deny the allegations contained in paragraph 28 of the Complaint as to themselves.  The FujiClean Defendants lack sufficient information to admit or deny the remaining allegations contained in paragraph 28 of the Complaint and therefore deny said allegations.

30.     The FujiClean Defendants deny the allegations contained in paragraph 29 of the Complaint as to themselves.  The FujiClean Defendants lack sufficient information to admit or deny the remaining allegations contained in paragraph 29 of the Complaint and therefore deny said allegations.

31.     The FujiClean Defendants lack sufficient information to admit or deny the allegations contained in paragraph 30 of the Complaint and therefore deny said allegations.

32.     The FujiClean Defendants lack sufficient information to admit or deny the allegations contained in paragraph 31 of the Complaint and therefore deny said allegations.

33.     The FujiClean Defendants admit, upon information and belief, so much of the allegations contained in paragraph 32 of the Complaint as allege that Shannon Thornton completed certain training to install FujiClean products.  The FujiClean Defendants lack sufficient information to admit or deny the remaining allegations contained in paragraph 32 of the Complaint and therefore deny said allegations.

34.     The allegations contained in paragraph 33 of the Complaint constitute legal conclusions to which no response is required of the FujiClean Defendants; however, to the extent a response is required, the FujiClean Defendants deny said allegations.

35.     The FujiClean Defendants lack sufficient information to admit or deny the allegations contained in paragraph 34 of the Complaint and therefore deny said allegations.

Filed        24-CI-00093    04/29/2024        Pamela J. Robinson, Anderson Circuit Clerk

36.     The FujiClean Defendants deny the allegations contained in paragraph 35 of the Complaint as to themselves.  The FujiClean Defendants lack sufficient information to admit or deny the remaining allegations contained in paragraph 35 of the Complaint and therefore deny said allegations.

37.     The FujiClean Defendants deny the allegations contained in paragraph 36 of the Complaint.

38.     The FujiClean Defendants lack sufficient information to admit or deny the allegations contained in paragraph 37 of the Complaint and therefore deny said allegations.

39.     The FujiClean Defendants lack sufficient information to admit or deny the allegations contained in paragraph 38 of the Complaint and therefore deny said allegations.

40.     The FujiClean Defendants lack sufficient information to admit or deny the allegations contained in paragraph 39 of the Complaint and therefore deny said allegations.

41.     The FujiClean Defendants lack sufficient information to admit or deny the allegations contained in paragraph 40 of the Complaint and therefore deny said allegations.

42.     The FujiClean Defendants lack sufficient information to admit or deny the allegations contained in paragraph 41 of the Complaint and therefore deny said allegations.

43.     The FujiClean Defendants lack sufficient information to admit or deny the allegations contained in paragraph 42 of the Complaint and therefore deny said allegations.

44.     The FujiClean Defendants lack sufficient information to admit or deny the allegations contained in paragraph 43 of the Complaint and therefore deny said allegations.

45.     The FujiClean Defendants lack sufficient information to admit or deny the allegations contained in paragraph 44 of the Complaint and therefore deny said allegations.

1E0B58C8-7886-42BF-A27A-3DD35BDF186A : 000006 of 000028

ANS : 000006 of 000028

46.     The FujiClean Defendants lack sufficient information to admit or deny the allegations contained in paragraph 45 of the Complaint and therefore deny said allegations.

47.     The FujiClean Defendants lack sufficient information to admit or deny the allegations contained in paragraph 46 of the Complaint and therefore deny said allegations.

48.     The FujiClean Defendants lack sufficient information to admit or deny the allegations contained in paragraph 47 of the Complaint and therefore deny said allegations.

49.     The FujiClean Defendants admit so much of the allegations contained in paragraph 48 of the Complaint as allege that a FujiClean system was sold for installation in a property known as the Six property.  The FujiClean Defendants lack sufficient information to admit or deny the remaining allegations contained in paragraph 48 of the Complaint and therefore deny said allegations.

50.     The FujiClean Defendants admit so much of the allegations contained in paragraph 49 of the Complaint as allege that a FujiClean system was installed at the Six property and that it was later necessary for a tank to be replaced.  The FujiClean Defendants lack sufficient information to admit or deny the remaining allegations contained in paragraph 49 of the Complaint and therefore deny said allegations.

51.     The FujiClean Defendants admit so much of the allegations contained in paragraph 50 of the Complaint as allege that FujiClean provided a replacement tank and paid to have it installed at the Six property.  The FujiClean Defendants lack sufficient information to admit or deny the remaining allegations contained in paragraph 50 of the Complaint and therefore deny said allegations.

52.     The FujiClean Defendants lack sufficient information to admit or deny the allegations contained in paragraph 51 of the Complaint and therefore deny said allegations.

7

53.     The FujiClean Defendants lack sufficient information to admit or deny the allegations contained in paragraph 52 of the Complaint and therefore deny said allegations.

54.     The FujiClean Defendants lack sufficient information to admit or deny the allegations contained in paragraph 53 of the Complaint and therefore deny said allegations.

55.     The FujiClean Defendants lack sufficient information to admit or deny the allegations contained in paragraph 54 of the Complaint and therefore deny said allegations.

56.     The FujiClean Defendants lack sufficient information to admit or deny the allegations contained in paragraph 55 of the Complaint and therefore deny said allegations.

57.     The FujiClean Defendants lack sufficient information to admit or deny the allegations contained in paragraph 56 of the Complaint and therefore deny said allegations.

58.     The FujiClean Defendants lack sufficient information to admit or deny the allegations contained in paragraph 57 of the Complaint and therefore deny said allegations.

59.     The FujiClean Defendants admit so much of the allegations contained in paragraph 58 of the Complaint as allege that FujiClean provided a two-year manufacturer's warranty, subject to the terms, provisions, requirements, conditions, and limitations of said warranty. The FujiClean Defendants lack sufficient information to admit or deny the remaining allegations contained in paragraph 58 of the Complaint and therefore deny said allegations.

60.     The FujiClean Defendants admit so much of the allegations contained in paragraph 59 of the Complaint as allege that quoted language accurately states certain language contained in the standard two-year manufacturer's warranty provided by FujiClean during the pertinent timeframe, subject to the terms, provisions, requirements, conditions, and limitations of said warranty, not all of which are stated in the quoted language. The FujiClean Defendants lack

8

sufficient information to admit or deny the remaining allegations contained in paragraph 59 of the Complaint and therefore deny said allegations.

61.    The FujiClean Defendants lack sufficient information to admit or deny the allegations contained in paragraph 60 of the Complaint and therefore deny said allegations.

62.    The FujiClean Defendants lack sufficient information to admit or deny the allegations contained in paragraph 61 of the Complaint and therefore deny said allegations.

63.    The FujiClean Defendants lack sufficient information to admit or deny the allegations contained in paragraph 62 of the Complaint and therefore deny said allegations.

64.    The FujiClean Defendants deny the allegations contained in paragraph 63 of the Complaint.

65.    The FujiClean Defendants deny the allegations contained in paragraph 64 of the Complaint.

66.    The FujiClean Defendants deny the allegations contained in paragraph 65 of the Complaint.

67.    The FujiClean Defendants deny the allegations contained in paragraph 66 of the Complaint.

68.    The FujiClean Defendants admit so much of the allegations contained in paragraph 67 of the Complaint as allege that FujiClean representatives had communications with CSS and with the customer for the installation at the Six property.  The FujiClean Defendants lack sufficient information to admit or deny the remaining allegations contained in paragraph 67 of the Complaint and therefore deny said allegations.

69.    The FujiClean Defendants admit so much of the allegations contained in paragraph 68 of the Complaint as allege that FujiClean did not offer CSS a contract for further repair of the

9

installation at the Six property. The FujiClean Defendants lack sufficient information to admit or deny the remaining allegations contained in paragraph 68 of the Complaint and therefore deny said allegations.

70. The FujiClean Defendants admit so much of the allegations contained in paragraph 69 of the Complaint as allege that FujiClean utilized a contractor other than CSS for further repair of the installation at the Six property. The FujiClean Defendants lack sufficient information to admit or deny the remaining allegations contained in paragraph 69 of the Complaint and therefore deny said allegations.

71. The FujiClean Defendants admit so much of the allegations contained in paragraph 70 of the Complaint as allege that FujiClean communicated with the Sixes regarding potential contractors including Paul Ballard for further repair of the installation at the Six property and that Paul Ballard was not utilized. The FujiClean Defendants lack sufficient information to admit or deny the remaining allegations contained in paragraph 70 of the Complaint and therefore deny said allegations.

72. The FujiClean Defendants admit so much of the allegations contained in paragraph 71 of the Complaint as allege that FujiClean utilized a company for which Chris Hartman was principal for further repair of the installation at the Six property. The FujiClean Defendants deny the remaining allegations contained in paragraph 71 of the Complaint.

73. The FujiClean Defendants admit so much of the allegations contained in paragraph 72 of the Complaint as allege that Shannon Thornton was on site during further repair of the installation at the Six property. The FujiClean Defendants lack sufficient information to admit or deny the remaining allegations contained in paragraph 72 of the Complaint and therefore deny said allegations.

1E0B58C8-7886-42BF-A27A-3DD35BDF186A : 000010 of 000028

ANS : 000010 of 000028

74.     The FujiClean Defendants deny the allegations contained in paragraph 73 of the Complaint.

75.     The FujiClean Defendants admit so much of the allegations contained in paragraph 74 of the Complaint as allege that Plaintiffs produced a copy of a video showing an interaction between Dunn and Shannon Thornton.  The FujiClean Defendants deny the remaining allegations contained in paragraph 74 of the Complaint.

76.     The FujiClean Defendants deny the allegations contained in paragraph 75 of the Complaint.

77.     Paragraph 76 of the Complaint contains no allegations; therefore no response is required.

78.     The FujiClean Defendants deny the allegations contained in paragraph 77 of the Complaint.

79.     The FujiClean Defendants admit so much of the allegations contained in paragraph 78 of the Complaint as allege that a third tank was installed.  The FujiClean Defendants deny the remaining allegations contained in paragraph 78 of the Complaint.

80.     The FujiClean Defendants admit so much of the allegations contained in paragraph 79 of the Complaint as allege that a new tank was needed the Six installation.  The FujiClean Defendants deny the remaining allegations contained in paragraph 79 of the Complaint.  The FujiClean Defendants lack sufficient information to admit or deny the remaining allegations contained in paragraph 79 of the Complaint and therefore deny said allegations.

81.     The FujiClean Defendants admit so much of the allegations contained in paragraph 80 of the Complaint as allege that Plaintiffs were provided with a report regarding issues with the

Filed            24-CI-00093   04/29/2024        Pamela J. Robinson, Anderson Circuit Clerk

Six installation.  The FujiClean Defendants deny the remaining allegations contained in paragraph 80 of the Complaint.

82.     The FujiClean Defendants deny the allegations contained in paragraph 81 of the Complaint as to themselves.  The FujiClean Defendants lack sufficient information to admit or deny the remaining allegations contained in paragraph 81 of the Complaint and therefore deny said allegations.

83.     The FujiClean Defendants admit so much of the allegations contained in paragraph 82 of the Complaint as allege that Plaintiffs were provided with a report regarding issues with the Six installation.  The FujiClean Defendants affirmatively state that the two-year manufacturer's warranty was re-started, subject to the terms, provisions, requirements, conditions, and limitations of said warranty. The FujiClean Defendants lack sufficient information to admit or deny the remaining allegations contained in paragraph 82 of the Complaint and therefore deny said allegations.

84.     The FujiClean Defendants lack sufficient information to admit or deny the allegations contained in paragraph 83 of the Complaint and therefore deny said allegations.

85.     The FujiClean Defendants deny the allegations contained in paragraph 84 of the Complaint.

86.     The FujiClean Defendants lack sufficient information to admit or deny the allegations contained in paragraph 85 of the Complaint and therefore deny said allegations.

87.     The FujiClean Defendants lack sufficient information to admit or deny the allegations contained in paragraph 86 of the Complaint and therefore deny said allegations.

88.     The FujiClean Defendants lack sufficient information to admit or deny the allegations contained in paragraph 87 of the Complaint and therefore deny said allegations.

12

89.    The FujiClean Defendants deny the allegations contained in paragraph 88 of the Complaint.

90.    The FujiClean Defendants lack sufficient information to admit or deny the allegations contained in paragraph 89 of the Complaint and therefore deny said allegations.

91.    The FujiClean Defendants lack sufficient information to admit or deny the allegations contained in paragraph 90 of the Complaint and therefore deny said allegations.

92.    The FujiClean Defendants lack sufficient information to admit or deny the allegations contained in paragraph 91 of the Complaint and therefore deny said allegations.

93.    The FujiClean Defendants lack sufficient information to admit or deny the allegations contained in paragraph 92 of the Complaint and therefore deny said allegations.

94.    The FujiClean Defendants lack sufficient information to admit or deny the allegations contained in paragraph 93 of the Complaint and therefore deny said allegations.

95.    The FujiClean Defendants lack sufficient information to admit or deny the allegations contained in the first sentence of paragraph 94 of the Complaint and therefore deny said allegations.  The FujiClean Defendants deny the remaining allegations contained in paragraph 94 of the Complaint.

96.    The FujiClean Defendants lack sufficient information to admit or deny the allegations contained in paragraph 95 of the Complaint and therefore deny said allegations.

97.    The FujiClean Defendants lack sufficient information to admit or deny the allegations contained in paragraph 96 of the Complaint and therefore deny said allegations.

98.    The FujiClean Defendants lack sufficient information to admit or deny the allegations contained in paragraph 97 of the Complaint and therefore deny said allegations.

99.    The FujiClean Defendants lack sufficient information to admit or deny the allegations contained in paragraph 98 of the Complaint and therefore deny said allegations.

100.    The FujiClean Defendants lack sufficient information to admit or deny the allegations contained in paragraph 99 of the Complaint and therefore deny said allegations.

101.    The FujiClean Defendants deny the allegations contained in paragraph 100 of the Complaint as to themselves.  The FujiClean Defendants lack sufficient information to admit or deny the remaining allegations contained in paragraph 100 of the Complaint and therefore deny said allegations.

102.    The FujiClean Defendants deny the allegations contained in paragraph 101 of the Complaint.

103.    The FujiClean Defendants deny the allegations contained in paragraph 102 of the Complaint.

104.    The FujiClean Defendants admit so much of the allegations contained in paragraph 103 of the Complaint as allege that there were certain written and verbal communications between CSS and/or its counsel and FujiClean representatives regarding alleged issues with HDS, but deny Plaintiffs' characterization of such communications.  The FujiClean Defendants lack sufficient information to admit or deny the remaining allegations contained in paragraph 103 of the Complaint and therefore deny said allegations.

105.    The FujiClean Defendants admit so much of the allegations contained in paragraph 104 of the Complaint as allege that there were certain written and verbal communications between CSS and/or its counsel and FujiClean representatives regarding issues with HDS, and that a meeting took place in January 2023 but deny Plaintiffs' characterization of such communications and state that such communications constituted settlement negotiations that are inadmissible in

evidence.  The FujiClean Defendants lack sufficient information to admit or deny the remaining allegations contained in paragraph 104 of the Complaint and therefore deny said allegations.

106.     The FujiClean Defendants admit so much of the allegations contained in paragraph 105 of the Complaint as allege that there were certain communications between CSS and/or its counsel and FujiClean representatives at a meeting, but deny Plaintiffs' characterization of such communications and state that such communications constituted settlement negotiations that are inadmissible in evidence.  The FujiClean Defendants deny the remaining allegations contained in paragraph 105 of the Complaint.

107.     The FujiClean Defendants admit so much of the allegations contained in paragraph 106 of the Complaint as allege that there were certain communications between CSS and/or its counsel and FujiClean representatives at a meeting, but deny Plaintiffs' characterization of such communications and state that such communications constituted settlement negotiations that are inadmissible in evidence.  The FujiClean Defendants deny the remaining allegations contained in paragraph 106 of the Complaint.

108.     The FujiClean Defendants admit so much of the allegations contained in paragraph 107 of the Complaint as allege that there was a meeting between CSS and its counsel and FujiClean representatives, and that FujiClean counsel authorized CSS counsel to communicate with FujiClean representatives directly at the meeting.  The FujiClean Defendants deny the remaining allegations contained in paragraph 107 of the Complaint.

109.     The FujiClean Defendants admit so much of the allegations contained in paragraph 108 of the Complaint as allege that CSS communicated a request to become a FujiClean distributor or purchase FujiClean products from a supplier other than HBS.

1E0B58C8-7886-42BF-A27A-3DD35BDF186A : 000015 of 000028

ANS : 000015 of 000028

110.    The FujiClean Defendants admit so much of the allegations contained in paragraph 109 of the Complaint as allege that CSS communicated a request for a copy of the report related to the Six installation.

111.    The FujiClean Defendants deny the allegation contained in paragraph 110 of the Complaint.

112.    The FujiClean Defendants deny the allegation contained in paragraph 111 of the Complaint.

113.    The FujiClean Defendants admit so much of the allegations contained in paragraph 112 of the Complaint as allege that FujiClean's counsel advised on or about March 4, 2024 that FujiClean would consent to allow CSS to purchase FujiClean products through the Ohio distributor that CSS had requested.  The FujiClean Defendants deny the remaining allegations contained in paragraph 112 of the Complaint.

114.    The FujiClean Defendants admit so much of the allegations contained in paragraph 113 of the Complaint as allege that the email from FujiClean's counsel contained the quoted language.

115.    The FujiClean Defendants deny the allegation contained in paragraph 114 of the Complaint.

116.    The FujiClean Defendants deny the allegation contained in paragraph 115 of the Complaint.

117.    The FujiClean Defendants admit so much of the allegations contained in paragraph 116 of the Complaint as allege that FujiClean provided CSS with a copy of the report related to the Six installation that CSS had requested.  The FujiClean Defendants deny the remaining allegations contained in paragraph 116 of the Complaint.

16

118.    The FujiClean Defendants admit so much of the allegations contained in paragraph 117 of the Complaint as allege that CSS communicated to FujiClean regarding the report.  The FujiClean Defendants deny the remaining allegations contained in paragraph 117 of the Complaint.

119.    The FujiClean Defendants deny the allegation contained in paragraph 118 of the Complaint.

120.    The FujiClean Defendants deny the allegation contained in paragraph 119 of the Complaint.

121.    The FujiClean Defendants deny the allegation contained in paragraph 120 of the Complaint.

122.    The FujiClean Defendants admit so much of the allegations contained in paragraph 121 of the Complaint as allege that there were certain communications between CSS and/or its counsel and FujiClean representatives and/or counsel, but deny Plaintiffs' characterization of such communications.   The FujiClean Defendants deny the remaining allegations contained in paragraph 121 of the Complaint.

123.    The FujiClean Defendants deny the allegation contained in paragraph 122 of the Complaint.

124.    The FujiClean Defendants lack sufficient information to admit or deny the allegations contained in paragraph 123 of the Complaint and therefore deny said allegations.

125.    The FujiClean Defendants lack sufficient information to admit or deny the allegations contained in paragraph 124 of the Complaint and therefore deny said allegations.

126.    The FujiClean Defendants lack sufficient information to admit or deny the allegations contained in paragraph 125 of the Complaint and therefore deny said allegations.

1E0B58C8-7886-42BF-A27A-3DD35BDF186A : 000017 of 000028

ANS : 000017 of 000028

127.    The FujiClean Defendants lack sufficient information to admit or deny the allegations contained in paragraph 126 of the Complaint and therefore deny said allegations.

128.    The FujiClean Defendants deny the allegation contained in paragraph 127 of the Complaint.

129.    The FujiClean Defendants deny the allegation contained in paragraph 128 of the Complaint.

130.    The FujiClean Defendants deny the allegation contained in paragraph 129 of the Complaint.

131.    The FujiClean Defendants deny the allegation contained in paragraph 130 of the Complaint.

132.    The FujiClean Defendants deny the allegation contained in paragraph 131 of the Complaint.

133.    The FujiClean Defendants deny the allegation contained in paragraph 132 of the Complaint.

134.    The FujiClean Defendants deny the allegation contained in paragraph 133 of the Complaint.

135.    The FujiClean Defendants deny the allegation contained in paragraph 134 of the Complaint.

136.    The FujiClean Defendants deny the allegation contained in paragraph 135 of the Complaint.

137.    The FujiClean Defendants deny the allegation contained in paragraph 136 of the Complaint.

138.     The FujiClean Defendants deny the allegation contained in paragraph 137 of the Complaint.

139.     The FujiClean Defendants admit so much of the allegations contained in paragraph 138 of the Complaint as allege that there were certain communications between CSS and/or its counsel and FujiClean representatives and/or counsel, but deny Plaintiffs' characterization of such communications.   The FujiClean Defendants deny the remaining allegations contained in paragraph 138 of the Complaint.

140.     The FujiClean Defendants deny the allegation contained in paragraph 139 of the Complaint.

141.     The FujiClean Defendants deny the allegation contained in paragraph 140 of the Complaint.

142.     The FujiClean Defendants restate and reallege all of their prior admissions, denials, affirmative statements, and defenses in response to the allegation contained in paragraph 141 of the Complaint.

143.     The FujiClean Defendants deny the allegation contained in paragraph 142 of the Complaint.

144.     The FujiClean Defendants deny the allegation contained in paragraph 143 of the Complaint.

145.     The FujiClean Defendants deny the allegation contained in paragraph 144 of the Complaint.

146.     The FujiClean Defendants deny the allegation contained in paragraph 145 of the Complaint.

147.    The FujiClean Defendants restate and reallege all of their prior admissions, denials, affirmative statements, and defenses in response to the allegation contained in paragraph 146 of the Complaint.

148.    The FujiClean Defendants deny the allegation contained in paragraph 147 of the Complaint.

149.    The FujiClean Defendants deny the allegation contained in paragraph 148 of the Complaint.

150.    The FujiClean Defendants deny the allegation contained in paragraph 149 of the Complaint.

151.    The FujiClean Defendants deny the allegation contained in paragraph 150 of the Complaint.

152.    The FujiClean Defendants restate and reallege all of their prior admissions, denials, affirmative statements, and defenses in response to the allegation contained in paragraph 151 of the Complaint.

153.    The FujiClean Defendants deny the allegation contained in paragraph 152 of the Complaint.

154.    The FujiClean Defendants deny the allegation contained in paragraph 153 of the Complaint.

155.    The FujiClean Defendants deny the allegation contained in paragraph 154 of the Complaint.

156.    The FujiClean Defendants deny the allegation contained in paragraph 155 of the Complaint.

157. The FujiClean Defendants restate and reallege all of their prior admissions, denials, affirmative statements, and defenses in response to the allegation contained in paragraph 156 of the Complaint.

158. The FujiClean Defendants deny the allegation contained in paragraph 157 of the Complaint.

159. The FujiClean Defendants deny the allegation contained in paragraph 158 of the Complaint.

160. The FujiClean Defendants deny the allegation contained in paragraph 159 of the Complaint.

161. The FujiClean Defendants deny the allegation contained in paragraph 160 of the Complaint.

162. The FujiClean Defendants restate and reallege all of their prior admissions, denials, affirmative statements, and defenses in response to the allegation contained in paragraph 161 of the Complaint.

163. The FujiClean Defendants deny the allegation contained in paragraph 162 of the Complaint.

164. The FujiClean Defendants deny the allegation contained in paragraph 163 of the Complaint.

165. The FujiClean Defendants deny the allegation contained in paragraph 164 of the Complaint.

166. The FujiClean Defendants restate and reallege all of their prior admissions, denials, affirmative statements, and defenses in response to the allegation contained in paragraph 165 of the Complaint.

Filed         24-CI-00093      04/29/2024              Pamela J. Robinson, Anderson Circuit Clerk

167.    The FujiClean Defendants deny the allegation contained in paragraph 166 of the Complaint.

168.    The FujiClean Defendants deny the allegation contained in paragraph 167 of the Complaint.

169.    The FujiClean Defendants deny the allegation contained in paragraph 168 of the Complaint.

170.    The FujiClean Defendants restate and reallege all of their prior admissions, denials, affirmative statements, and defenses in response to the allegation contained in paragraph 169 of the Complaint.

171.    The FujiClean Defendants deny the allegation contained in paragraph 170 of the Complaint.

172.    The FujiClean Defendants deny the allegation contained in paragraph 171 of the Complaint.

173.    The FujiClean Defendants restate and reallege all of their prior admissions, denials, affirmative statements, and defenses in response to the allegation contained in paragraph 172 of the Complaint.

174.    The FujiClean Defendants deny the allegation contained in paragraph 173 of the Complaint.

175.    The FujiClean Defendants deny the allegation contained in paragraph 174 of the Complaint.

176.    The FujiClean Defendants deny the allegation contained in paragraph 175 of the Complaint.

22

1E0B58C8-7886-42BF-A27A-3DD35BDF186A : 000022 of 000028

ANS : 000022 of 000028

Filed       24-CI-00093   04/29/2024       Pamela J. Robinson, Anderson Circuit Clerk

177.   The FujiClean Defendants restate and reallege all of their prior admissions, denials, affirmative statements, and defenses in response to the allegation contained in paragraph 176 of the Complaint.

178.   The FujiClean Defendants deny the allegation contained in paragraph 177 of the Complaint.

179.   The FujiClean Defendants deny the allegation contained in paragraph 178 of the Complaint and further affirmatively state that the capitalized term "Relevant Time Period" does not appear to be defined in the Complaint.

180.   The FujiClean Defendants deny the allegation contained in paragraph 179 of the Complaint.

181.   The FujiClean Defendants deny the allegation contained in paragraph 180 of the Complaint.

182.   The FujiClean Defendants restate and reallege all of their prior admissions, denials, affirmative statements, and defenses in response to the allegation contained in paragraph 181 of the Complaint.

183.   The FujiClean Defendants deny the allegation contained in paragraph 182 of the Complaint.

184.   The FujiClean Defendants deny the allegation contained in paragraph 183 of the Complaint.

185.   The FujiClean Defendants deny the allegation contained in paragraph 184 of the Complaint.

Filed       24-CI-00093   04/29/2024       Pamela J. Robinson, Anderson Circuit Clerk

186.    The FujiClean Defendants restate and reallege all of their prior admissions, denials, affirmative statements, and defenses in response to the allegation contained in paragraph 185 of the Complaint.

187.    The FujiClean Defendants deny the allegation contained in paragraph 186 of the Complaint.

188.    The FujiClean Defendants deny the allegation contained in paragraph 187 of the Complaint.

189.    The FujiClean Defendants deny the allegation contained in paragraph 188 of the Complaint.

190.    The FujiClean Defendants deny the allegation contained in paragraph 189 of the Complaint.

191.    The FujiClean Defendants deny the allegation contained in paragraph 190 of the Complaint.

192.    The FujiClean Defendants deny that the Plaintiffs are entitled to any of the relief requested in the prayer for relief stated in the Complaint including all parts (1) through (9) thereof.

193.    The FujiClean Defendants deny all allegations contained in the Complaint that are not specifically admitted herein.

### THIRD AFFIRMATIVE DEFENSE

194.    Plaintiffs' Complaint and the claims alleged therein against the FujiClean Defendants are barred by the affirmative defenses of unclean hands, accord and satisfaction, fraud, laches, estoppel, waiver, failure to plead fraud with particularity, improper venue, lack of personal jurisdiction, lack of subject matter jurisdiction, and/or failure to comply with the necessary prerequisites to maintain this action in this forum.

24

### FOURTH AFFIRMATIVE DEFENSE

195.    Plaintiffs' Complaint and the claims alleged therein against the FujiClean Defendants are barred by Plaintiff's failure to name one or more indispensable parties.

### FIFTH AFFIRMATIVE DEFENSE

196.    Plaintiffs' Complaint and the claims alleged therein against the FujiClean Defendants are barred by the FujiClean Defendants' good-faith conduct.

### SIXTH AFFIRMATIVE DEFENSE

197.    Plaintiffs' claims are barred in whole or in part by their duty to mitigate adequately any of their alleged damages, if any there be, which is specifically denied, and their failure to do so. The FujiClean Defendants are entitled to a setoff against Plaintiffs' damages, if any there be, which is specifically denied, in the amount which could have been avoided but for such failure to mitigate.

### SEVENTH AFFIRMATIVE DEFENSE

198.    Plaintiff's claims are barred by the applicable statute(s) of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

199.    Plaintiffs' Complaint and the claims alleged therein against the FujiClean Defendants are barred in whole or in part by Plaintiffs' own breach(es) of contract, failure to use reasonable care, defective workmanship, and/or by the affirmative defense of failure of consideration.

### NINTH AFFIRMATIVE DEFENSE

200.    Plaintiffs' Complaint and the claims alleged therein against the FujiClean Defendants are barred in whole or in part by insufficiency of process and/or insufficiency of service of process.

## TENTH AFFIRMATIVE DEFENSE

201.    Plaintiffs' damages, if any there be, which is specifically denied, were caused or brought about by intervening or superseding acts of others over whom the FujiClean Defendants have no control or right of control, and for whose acts the FujiClean Defendants are therefore not responsible, including but not limited to the intervening or superseding acts of the Plaintiffs.

## ELEVENTH AFFIRMATIVE DEFENSE

202.    Plaintiffs' Complaint and the claims alleged therein against the FujiClean Defendants, including but not limited to Count I and Count IV, are barred by Plaintiffs' lack of standing, including but not limited to Plaintiffs' lack of standing as consumers and the lack of any consumer transaction between any of Plaintiffs and FujiClean.

## TWELFTH AFFIRMATIVE DEFENSE

203.    Plaintiffs' Complaint and the claims alleged therein against the FujiClean Defendants, including but not limited to the claims alleged in Count III, are barred in whole or in part by:

1. Failure to identify a specific legally protected trade secret as defined by the Kentucky Uniform Trade Secrets Act with sufficient particularity.
2. Plaintiff's failure to take necessary steps to protect secrecy if and to the extent any such secret existed, which is denied.
3. The doctrine of Independent Development
4. The doctrine of Inevitable Disclosure
5. Lack of novelty of the alleged trade secrets asserted by Plaintiffs.
6. All other defenses available under the Kentucky Uniform Trade Secrets Act or common law, including applicable statutes of limitation.

## THIRTEENTH AFFIRMATIVE DEFENSE

204.    Plaintiffs' Complaint and the claims alleged therein against the FujiClean Defendants, including but not limited to the claims alleged in Count VII, are barred in whole or in part by the following defenses:

1. Any statements by the FujiClean Defendants that constitute statements of pure opinion or fair comment are not actionable and/or are protected by the United States and/or Kentucky Constitutions.
2. The truth and/or substantial truth if any statements of fact alleged to have been made regarding Plaintiffs by the FujiClean Defendants.
3. Any statements of fact allegedly made about Plaintiffs, when taken in the context they were allegedly made, were not defamatory, slanderous, or libelous, and any out of context or otherwise incomplete presentations of alleged statements attributed to the FujiClean Defendants cannot serve as a basis for liability.
4. Without admitting having made any false, defamatory, or otherwise tortious statements, which are specifically denied, the FujiClean Defendants rely in whole or in part upon mitigating circumstances surrounding the statements alleged by Plaintiffs.
5. Any liability for alleged communications concerning Plaintiff, if any, is barred in whole or in part to the extent such alleged communications are protected in whole or in part by the doctrine of qualified and/or absolute privilege.

## RESERVATION OF AFFIRMATIVE DEFENSES

205.    The FujiClean Defendants specifically reserve the right to assert additional affirmative defenses that may be discovered during the pendency of this action.

**WHEREFORE**, Defendants FujiClean USA, LLC, Scott Samuelson, and Mike Dunn, having fully answered Plaintiffs' Complaint, respectfully demand the following relief:

1.    That the Complaint and all claims against the FujiClean Defendants be dismissed and held for naught;

2.    For a trial by jury on all issues so triable;

3.    For their costs herein expended, including a reasonable attorney's fees;

4.    For One Hundred Percent (100%) of the fault for the alleged harm to Plaintiffs, if any, which is specifically denied, to be apportioned to Plaintiffs and/or one or more third parties; and

5.    For any and all other relief to which the FujiClean Defendants may be properly entitled.

1E0B58C8-7886-42BF-A27A-3DD35BDF186A : 000027 of 000028

ANS : 000027 of 000028

Respectfully submitted,

*/s/ Douglas T. Logsdon*
Douglas T. Logsdon (Ky. Bar #87802)
David J. Guarnieri (Ky. Bar # 86522)
McBrayer, PLLC
201 East Main Street, Suite 900
Lexington, Kentucky 40507
Phone: (859) 231-8780
dlogsdon@mcbrayerfirm.com
dguarnieri@mcbrayerfirm.com
*Counsel for Defendants FujiClean USA,*
*LLC, Scott Samuelson, and Mike Dunn*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that the foregoing has been served this 29th day of April, 2024, electronically via the KY Courts e-filing system and by first class U.S. Mail, postage prepaid, addressed to the following:

Jessica Winters
The Winters Law Group LLC
432 S. Broadway, Suite 2B
Lexington, KY 40508
jessica@thewinterslawgroup.com

Robert W. Hojnoski
J. Austin Anderson
FREEMAN MATHIS & GARY, LLP
2525 Harrodsburg Road, Suite 500
Lexington, KY 40504-3215
Robert.Hojnoski@fmglaw.com
aanderson@fmglaw.com

*/s/ Douglas T. Logsdon*
*Counsel for Defendants FujiClean USA,*
*LLC, Scott Samuelson, and Mike Dunn*

1E0B58C8-7886-42BF-A27A-3DD35BDF186A : 000028 of 000028

ANS : 000028 of 000028

28

**COMMONWEALTH OF KENTUCKY**
**ANDERSON COUNTY CIRCUIT COURT**
**DIVISION ONE**
**CIVIL ACTION NO. 24-CI-00093**
*FILED ELECTRONICALLY*

**CUSTOM SEPTIC SOLUTIONS, LLC,**                 **PLAINTIFFS**
**SHANNON THORNTON, and**
**JAMIE THORNTON**

v.              **ENTRY OF APPEARANCE AND**
              **NOTICE OF ELECTION OF ELECTRONIC SERVICE**

**HYDRODYNAMIC SOLUTIONS, INC.,**          **DEFENDANTS**
**KELLI OAKLEY,**
**MIKE BEAL,**
**ALAN DAVIES,**
**FUJICLEAN USA LLC,**
**SCOTT SAMUELSON,**
**and**
**MIKE DUNN**

**\* \* \* \* \* \***

Comes David J. Guarnieri, with McBrayer PLLC, and hereby enters his appearance as co-counsel of record for Defendants, FujiClean USA, LLC, Scott Samuelson, and Mike Dunn.

Defendants provide notice pursuant to Rule 5.02(2) of the Kentucky Civil Rules of Procedure of their election to effectuate and receive service in this action via electronic means. The following are the electronic notification addresses that counsel for Defendants designate for service:

dguarnieri@mcbrayerfirm.com
dlogsdon@mcbrayerfirm.com

In the event said email addresses are inoperable when an attempt at service is made, Defendants designate the fax number (859) 960-2917 as a temporary alternate electronic notification address. Documents served via electronically need not be served in paper form.

Please forward copies of all future correspondence, notices and pleadings to the email listed above.

Respectfully submitted,

/s/ *David J. Guarnieri*
Douglas T. Logsdon | KY BAR 87802
David J. Guarnieri | KY BAR 86522
MCBRAYER PLLC
201 E. Main Street, Suite 900
Lexington, KY  40507
(859) 231-8780
dlogsdon@mcbrayerfirm.com
dguarnieri@mcbrayerfirm.com
*Counsel for Defendants FujiClean USA,*
*LLC, Scott Samuelson, and Mike Dunn*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was served upon the parties via the Court's ECF system on the 29th day of April, 2024.

/s/ *David J. Guarnieri*
DAVID J. GUARNIERI

**COMMONWEALTH OF KENTUCKY**
**ANDERSON COUNTY CIRCUIT COURT**
**DIVISION ONE**
**CIVIL ACTION NO. 24-CI-00093**
*Electronically filed*

| | |
|---|---|
| **CUSTOM SEPTIC SOLUTIONS, LLC,** | **PLAINTIFFS** |
| **SHANNON THORNTON, and** | |
| **JAMIE THORNTON** | |
| **v.** | |
| **FUJICLEAN USA, LLC, et al.** | **DEFENDANTS** |

**NOTICE OF SERVICE OF PLAINTIFFS' FIRST SET OF DISCOVERY**
**REQUESTS**
**SERVED UPON THE DEFENDANTS**

\*\*\* \*\*\* \*\*\* \*\*\*

The Plaintiffs, Custom Septic Solutions, LLC ("CSS"), Shannon Thornton, and Jamie

Thornton ("Plaintiffs"), through counsel, hereby provide the parties and Court with NOTICE

that a First Set of interrogatories and Requests for the Production of Documents has this day

been served upon all Defendants to this action.

Respectfully submitted,

/s/Jessica Winters

_____

Jessica K. Winters
The Winters Law Group, LLC
432 S. Broadway, Suite B
Lexington, KY 40508
Phone: (859) 619-2134
Email: jessica@thewinterslawgroup.com
COUNSEL FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Notice of Service Of Discovery Requests to

Defendants has been served on this, the 21st day of May, 2022, via electronic mail pursuant to Civ.

R. 5.02 upon:

Robert W. Hojnoski
J. Austin Anderson
2525 Harrodsburg Road, Suite 500
Lexington, KY 40504-3215
Robert.Hojnoski@fmglaw.com
aanderson@fmglaw.com
*Counsel for Defendants, Hydrodynamic*
*Solutions, Inc., Kelli Oakley, Mike Beal, and*
*Alan Davies*

Douglas T. Logsdon (Ky. Bar #87802)
David J. Guarnieri (Ky. Bar # 86522)
McBrayer, PLLC
201 East Main Street, Suite 900
Lexington, Kentucky 40507
Phone: (859) 231-8780
dlogsdon@mcbrayerfirm.com
dguarnieri@mcbrayerfirm.com
*Counsel for Defendants FujiClean USA,*
*LLC, Scott Samuelson, and Mike Dunn*

/s/Jessica Winters

_____

Jessica K. Winters
The Winters Law Group, LLC
432 S. Broadway, Suite B
Lexington, KY 40508
Phone: (859) 619-2134
Email: jessica@thewinterslawgroup.com
COUNSEL FOR PLAINTIFFS

Case: 3:25-cv-00001-GFVT-EBA

D58C253A-7C8F-4C4D-9770-C15861D9F42D : 000003 of 000003

NO : 000003 of 000003

**COMMONWEALTH OF KENTUCKY**
**ANDERSON COUNTY CIRCUIT COURT**
**DIVISION ONE**
**CIVIL ACTION NO. 24-CI-00093**

**CUSTOM SEPTIC SOLUTIONS, LLC,**                    **PLAINTIFFS**
**SHANNON THORNTON, and**
**JAMIE THORNTON**
**v.**

**FUJICLEAN USA, LLC, et al.**                    **DEFENDANTS**

**NOTICE OF SERVICE - REQUEST TO INSPECT**

\*\*\* \*\*\* \*\*\* \*\*\*

The Plaintiffs, Custom Septic Solutions, LLC ("CSS"), Shannon Thornton, and Jamie Thornton ("Plaintiffs"), through counsel, hereby provide the parties and the Court with NOTICE that on this, the 12th day of June, 2024, a Request to Inspect was served pursuant to Rule 34.02 of the Kentucky Rules of Civil Procedure, upon Defendants, Fujiclean USA LLC, Scott Samuelson and Mike Dunn, Hydrodynamic Solutions, Inc., Keli Oakley, Mike Beal, and Alan Davies demanding that Defendants permit Plaintiffs to inspect the Fuji Tank, Serial Number US1/21J0051, which was excavated by Chris Hartman and removed from the Six Property on October 2, 2023, at a location, time, and date mutually agreed upon by the parties, within 30 days of the service of the Request.

Respectfully submitted,

/s/Jessica Winters

_____
Jessica K. Winters
The Winters Law Group, LLC
432 S. Broadway, Suite B
Lexington, KY 40508
Phone: (859) 619-2134
Email: jessica@thewinterslawgroup.com

- 1 -

COUNSEL FOR PLAINTIFFS

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a copy of the foregoing Plaintiffs' Request to Inspect has been served

on this, the 12th day of June, 2024, via electronic mail pursuant to Civ. R. 5.02 upon:

Douglas T. Logsdon (Ky. Bar #87802)
David J. Guarnieri (Ky. Bar # 86522)
McBrayer, PLLC
201 East Main Street, Suite 900
Lexington, Kentucky 40507
Phone: (859) 231-8780
dlogsdon@mcbrayerfirm.com
dguarnieri@mcbrayerfirm.com
*Counsel for Defendants FujiClean USA,*
*LLC, Scott Samuelson, and Mike Dunn*


Robert W. Hojnoski
J. Austin Anderson
2525 Harrodsburg Road, Suite 500
Lexington, KY 40504-3215
Robert.Hojnoski@fmglaw.com
aanderson@fmglaw.com
*Counsel for Defendants, Hydrodynamic*
*Solutions, Inc., Kelli Oakley, Mike Beal, and*
*Alan Davies*


/s/Jessica Winters
_____
Jessica K. Winters
The Winters Law Group, LLC
432 S. Broadway, Suite B
Lexington, KY 40508
Phone: (859) 619-2134
Email: jessica@thewinterslawgroup.com
COUNSEL FOR PLAINTIFFS

COMMONWEALTH OF KENTUCKY
ANDERSON COUNTY CIRCUIT COURT
DIVISION ONE
CIVIL ACTION NO. 24-CI-00093
*FILED ELECTRONICALLY*

CUSTOM SEPTIC SOLUTIONS, LLC,                                      PLAINTIFFS
SHANNON THORNTON, and
JAMIE THORNTON

v.

NOTICE OF SERVICE OF FUJICLEAN DEFENDANTS' ANSWERS TO
FIRST SET OF INTERROGATORIES, REQUEST FOR PRODUCTION
AND REQUEST FOR ADMISSIONS TO PLAINTIFFS

HYDRODYNAMIC SOLUTIONS, INC.,                                     DEFENDANTS
KELLI OAKLEY,
MIKE BEAL,
ALAN DAVIES,
FUJICLEAN USA LLC,
SCOTT SAMUELSON,
and
MIKE DUNN

* * * * *

Please take notice that Defendants FujiClean USA, LLC ("FujiClean"), Scott Samuelson ("Samuelson"), and Mike Dunn ("Dunn") (collectively, "FujiClean Defendants"), by counsel, and herby gives the Court and parties notice of the service of the following: FujiClean Defendants Answers to the First Set of Interrogatories, Request for Production of Documents and Response to Request to Inspect to Plaintiffs this the 3rd day of July, 2024.

Respectfully submitted,

*/s/ Douglas T. Logsdon*
Douglas T. Logsdon (Ky. Bar #87802)
David J. Guarnieri (Ky. Bar # 86522)
McBrayer, PLLC
201 East Main Street, Suite 900
Lexington, Kentucky 40507
Phone: (859) 231-8780
dlogsdon@mcbrayerfirm.com

dguarnieri@mcbrayerfirm.com
*Counsel for Defendants FujiClean USA,*
*LLC, Scott Samuelson, and Mike Dunn*

## **CERTIFICATE OF SERVICE**

This is to certify that the foregoing has been served this 3rd day of July, 2024, via email and by first class U.S. Mail, postage prepaid, addressed to the following:

Jessica Winters
The Winters Law Group LLC
432 S. Broadway, Suite 2B
Lexington, KY 40508
jessica@thewinterslawgroup.com
*Counsel for Plaintiffs*

Robert W. Hojnoski
J. Austin Anderson
FREEMAN MATHIS & GARY, LLP
2525 Harrodsburg Road, Suite 500
Lexington, KY 40504-3215
robert.hojnoski@fmglaw.com
aanderson@fmglaw.com
*Counsel for Defendants, Hydrodynamic Solutions, Inc.,*
*Kelli Oakley, Mike Beal, and Alan Davies*

*/s/ Douglas T. Logsdon*
*Counsel for Defendants FujiClean USA,*
*LLC, Scott Samuelson, and Mike Dunn*

**COMMONWEALTH OF KENTUCKY**
**ANDERSON COUNTY CIRCUIT COURT**
**DIVISION ONE**
**CIVIL ACTION NO. 24-CI-00093**
***FILED ELECTRONICALLY***

**CUSTOM SEPTIC SOLUTIONS, LLC,**                                           **PLAINTIFFS**
**SHANNON THORNTON, and**
**JAMIE THORNTON**

**v.**          **FUJICLEAN DEFENDANTS' FIRST SET OF INTERROGATORIES,**
          **REQUEST FOR PRODUCTION, AND REQUEST FOR ADMISSIONS**
                          **TO PLAINTIFFS**

**HYDRODYNAMIC SOLUTIONS, INC.,**                                      **DEFENDANTS**
**KELLI OAKLEY,**
**MIKE BEAL,**
**ALAN DAVIES,**
**FUJICLEAN USA LLC,**
**SCOTT SAMUELSON,**
**and**
**MIKE DUNN**

**\*\*\*   \*\*\*   \*\*\***

Come the Defendants FujiClean USA, LLC ("FujiClean"), Scott Samuelson ("Samuelson"), and Mike Dunn ("Dunn") (collectively, "FujiClean Defendants"), by counsel, and make this Response to Plaintiffs' Request To Inspect, as follows:

The tank that was excavated and removed from the Six Property for which inspection has been requested by Plaintiffs is not in the possession, custody, or control of the FujiClean Defendants. Said defendants are therefore unable to provide access to inspect same.

Respectfully submitted,

*/s/ Douglas T. Logsdon*
Douglas T. Logsdon (Ky. Bar #87802)
David J. Guarnieri (Ky. Bar # 86522)
McBrayer, PLLC
201 East Main Street, Suite 900
Lexington, Kentucky 40507
Phone: (859) 231-8780
dlogsdon@mcbrayerfirm.com
dguarnieri@mcbrayerfirm.com
*Counsel for Defendants FujiClean USA,*
*LLC, Scott Samuelson, and Mike Dunn*

## CERTIFICATE OF SERVICE

This is to certify that the foregoing has been served this 3d day of July, 2024, via email and by first class U.S. Mail, postage prepaid, addressed to the following:

Jessica Winters
The Winters Law Group LLC
432 S. Broadway, Suite 2B
Lexington, KY 40508
jessica@thewinterslawgroup.com
*Counsel for Plaintiffs*

Robert W. Hojnoski
J. Austin Anderson
FREEMAN MATHIS & GARY, LLP
2525 Harrodsburg Road, Suite 500
Lexington, KY 40504-3215
robert.hojnoski@fmglaw.com
aanderson@fmglaw.com
*Counsel for Defendants, Hydrodynamic Solutions, Inc.,*
*Kelli Oakley, Mike Beal, and Alan Davies*

*/s/ Douglas T. Logsdon*
*Counsel for Defendants FujiClean USA,*
*LLC, Scott Samuelson, and Mike Dunn*

Filed          24-CI-00093   07/23/2024          Pamela J. Robinson, Anderson Circuit Clerk

**COMMONWEALTH OF KENTUCKY**
**ANDERSON COUNTY CIRCUIT COURT**
**DIVISION ONE**
**CIVIL ACTION NO. 24-CI-00093**

**CUSTOM SEPTIC SOLUTIONS, LLC,**                    **PLAINTIFFS**
**SHANNON THORNTON, and**
**JAMIE THORNTON**
**v.**

**FUJICLEAN USA, LLC, et al.**                       **DEFENDANTS**

<u>**PLAINTIFFS' MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS**</u>
<u>**SERVED UPON THE HDS DEFENDANTS AND FOR COSTS**</u>

\*\*\* \*\*\* \*\*\* \*\*\*

The Plaintiffs, Custom Septic Solutions, LLC ("CSS"), Shannon Thornton, and

Jamie Thornton ("Plaintiffs"), through counsel, hereby respectfully request the Court to

compel the Defendants, Hydrodynamic Solutions, Inc. ("HDS"), Keli Oakley, Mike Beal, and

Alan Davies ("Defendants" or "HDS Defendants") to respond under oath to the

Interrogatories and Request for Production of Documents served by Plaintiffs upon said

Defendants on May 21, 2024, pursuant to Kentucky Rules of Civil Procedure (CR) 33 and

34.  Plaintiffs also respectfully request that the HDS Defendants be ordered to pay attorney fees

incurred in the bringing of the instant Motion in the amount of $500 as a penalty for failure to

respond to the Interrogatories and Requests for Production in a timely manner despite having

been given an extension of time to do so as a professional courtesy.

In support of this Motion, Plaintiffs state as follows:

Defendant FujiClean USA, LLC ("Fuji") is a manufacturer of onsite domestic waste

water treatment products.  Fuji only sells its products through its exclusive distributors in each

state in which it conducts business, and the exclusive Kentucky distributor for Kentucky of Fuji

products is HDS.

CSS is a Kentucky-based installer of septic systems. The company is family-owned and operated, and has been in business since 2019.  Shannon Thornton (who with his wife Jamie Thornton owns CSS) has obtained certification and is licensed with the Commonwealth of Kentucky as an on-site installer, and holds a Kentucky Wastewater I License.  Mr. Thornton was also one of the first installers in Kentucky to obtain a certification through Fuji's training and certification program. In fact, CSS assisted in the installation of the very first Fuji systems in Kentucky, and also the largest cluster system in the state.  Mr. Thornton is exceedingly qualified to not only install, but also to maintain, Fuji systems. CSS has installed six Fuji systems in the state of Kentucky.

Unfortunately, CSS's ability to continue to grow its business has been hampered over the past several months by the actions of the Fuji and HDS Defendants. As alleged in the Complaint, the HDS Defendants have engaged in a concerted course of conduct that has tortiously interfered with CSS's business and its relationships with its customers.  As alleged in the Complaint, the Fuji Defendants have conspired with the HDS Defendants to damage CSS's business reputation and exclude CSS from the Kentucky Fuji market by offering more favorable terms of sale, warranties, and contractual protections to other installers of Fuji products than those offered to CSS, all in violation of Kentucky statutes concerning business practices.

In addition, as set forth in the Complaint, all Defendants have wrongfully acquired and disseminated CSS's protected trade secrets consisting of customer lists, installation techniques and products, and marketing and licensing strategies, in violation of the Kentucky Trade Secrets Protection Act. Furthermore, all Defendants have wrongfully misrepresented their certifications, compliance with governing Kentucky statutes and regulations relating to the installation and maintenance of onsite sewage disposal units, in violation of the Kentucky Consumer Protection

F94E81AF-727D-42D0-BE8E-4680BA516DB4 : 000002 of 000005

COM : 000002 of 000005

Act.

As a result of the foregoing, Plaintiffs have been effectively and completely eliminated from the Kentucky Fuji product market, and have lost significant revenue and business opportunities.  This litigation was initiated to bring a halt to the Defendants' tortious activities and obtain redress for Plaintiffs for the damage caused.  The Discovery Requests were served on the HDS Defendants on May 21, 2024, with Responses due on June 21, 2024.  Counsel for the HDS Defendants requested an extension of time – to July 22, 2024 – to provide Responses, which was granted by counsel for Plaintiffs as a professional courtesy.  Counsel for the HDS Defendants stated by email that the Responses would be provided on or before that date. No such Responses have been received, and no further request for additional time has been sent to undersigned counsel.

The Discovery Requests seek information in the HDS Defendants' possession relevant to Plaintiffs' claims.  Defendants have failed to provide Responses to these Discovery Requests, and Plaintiffs wish to keep this matter moving along in a timely fashion to avoid further damage to their personal and business reputations.

Undersigned counsel does not doubt that such Responses will be provided after the filing of this Motion and before the Noticed hearing date.  Counsel will nonetheless still request this Court to order the HDS Defendants to pay the costs incurred in filing this Motion, which would not have been made necessary but for the Defendants' failure to provide Discovery Responses as agreed.  The Plaintiff requests the Defendant by ordered to pay Plaintiffs' attorney fees incurred in bringing the instant Motion in the amount of $500.

## NOTICE

Take NOTICE that the foregoing Motion to Compel and for Costs will come on for hearing before the Anderson Circuit Court, Honorable Melanie Brummer presiding, on Tuesday, August 27, 2024, at the hour of 1p.m., or as soon thereafter as the parties may be heard.

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Plaintiffs' Motion to Compel and for Costs has been served on this, the 23rd day of July, 2024, via electronic mail pursuant to Civ. R. 5.02 upon:

Robert W. Hojnoski
J. Austin Anderson
2525 Harrodsburg Road, Suite 500
Lexington, KY 40504-3215
Robert.Hojnoski@fmglaw.com
aanderson@fmglaw.com
*Counsel for Defendants, Hydrodynamic*
*Solutions, Inc., Kelli Oakley, Mike Beal, and*
*Alan Davies*

Douglas T. Logsdon (Ky. Bar #87802)
David J. Guarnieri (Ky. Bar # 86522)
McBrayer, PLLC
201 East Main Street, Suite 900
Lexington, Kentucky 40507
Phone: (859) 231-8780
dlogsdon@mcbrayerfirm.com
dguarnieri@mcbrayerfirm.com
*Counsel for Defendants FujiClean USA,*
*LLC, Scott Samuelson, and Mike Dunn*

/s/Jessica Winters

Jessica K. Winters
The Winters Law Group, LLC
432 S. Broadway, Suite B
Lexington, KY 40508
Phone: (859) 619-2134

F94E81AF-727D-42D0-BE8E-4680BA516DB4 : 000004 of 000005

COM : 000004 of 000005

F94E81AF-727D-42D0-BE8E-4680BA516DB4 : 000005 of 000005

Email: jessica@thewinterslawgroup.com
COUNSEL FOR PLAINTIFFS

COM : 000005 of 000005

COMMONWEALTH OF KENTUCKY
ANDERSON COUNTY CIRCUIT COURT
DIVISION ONE
CIVIL ACTION NO. 24-CI-00093

**CUSTOM SEPTIC SOLUTIONS, LLC,**                                          **PLAINTIFFS**
**SHANNON THORNTON, and**
**JAMIE THORNTON**
**v.**

**FUJICLEAN USA, LLC, et al.**                                          **DEFENDANTS**

## PLAINTIFFS' MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS SERVED UPON THE HDS DEFENDANTS AND FOR COSTS

\*\*\* \*\*\* \*\*\* \*\*\*

The Plaintiffs, Custom Septic Solutions, LLC ("CSS"), Shannon Thornton, and

Jamie Thornton ("Plaintiffs"), through counsel, hereby respectfully provide the parties and

Court with NOTICE of withdrawal of the pending Motion to Compel Defendants,

Hydrodynamic Solutions, Inc. ("HDS"), Keli Oakley, Mike Beal, and Alan Davies

("Defendants" or "HDS Defendants") to respond under oath to the Interrogatories and

Request for Production of Documents served by Plaintiffs, which was initially noticed to be

heard by the Court on Tuesday, August 27, 2024.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiffs' Notice of Withdrawal of Motion to

Compel and for Costs has been served on this, the 26th day of August, 2024, via electronic mail

pursuant to Civ. R. 5.02 upon:

Robert W. Hojnoski
J. Austin Anderson
2525 Harrodsburg Road, Suite 500
Lexington, KY 40504-3215
Robert.Hojnoski@fmglaw.com

902D5EF5-8ECE-467B-BF44-C664E26323EE : 000001 of 000002

NO : 000001 of 000002

aanderson@fmglaw.com
*Counsel for Defendants, Hydrodynamic*
*Solutions, Inc., Kelli Oakley, Mike Beal, and*
*Alan Davies*

Douglas T. Logsdon (Ky. Bar #87802)
David J. Guarnieri (Ky. Bar # 86522)
McBrayer, PLLC
201 East Main Street, Suite 900
Lexington, Kentucky 40507
Phone: (859) 231-8780
dlogsdon@mcbrayerfirm.com
dguarnieri@mcbrayerfirm.com
*Counsel for Defendants FujiClean USA,*
*LLC, Scott Samuelson, and Mike Dunn*

/s/Jessica Winters
_____
Jessica K. Winters
The Winters Law Group, LLC
432 S. Broadway, Suite B
Lexington, KY 40508
Phone: (859) 619-2134
Email: jessica@thewinterslawgroup.com
COUNSEL FOR PLAINTIFFS

Entered        24-CI-00093      09/18/2024        Pamela J. Robinson, Anderson Circuit Clerk

**COMMONWEALTH OF KENTUCKY**
**ANDERSON COUNTY CIRCUIT COURT**
**DIVISION ONE**
**CIVIL ACTION NO. 24-CI-00093**
***TENDERED ELECTRONICALLY***

**CUSTOM SEPTIC SOLUTIONS, LLC,**                                    **PLAINTIFFS**
**SHANNON THORNTON, and**
**JAMIE THORNTON**

**v.**                              **AGREED PROTECTIVE ORDER**

**HYDRODYNAMIC SOLUTIONS, INC.,**                                   **DEFENDANTS**
**KELLI OAKLEY,**
**MIKE BEAL,**
**ALAN DAVIES,**
**FUJICLEAN USA LLC,**
**SCOTT SAMUELSON,**
**and**
**MIKE DUNN**

**\*\*\*   \*\*\*   \*\*\***

This matter having come before the Court upon the agreement of Plaintiffs, Custom Septic Solutions, LLC ("CSS"), Shannon Thornton, and Jamie Thornton (collectively "Plaintiffs"), Defendants, Hydrodynamic Solutions, Inc. ("HDS"), Keli Oakley, Mike Beal, and Alan Davies (collectively "HDS Defendants"), and Defendants FujiClean USA, LLC ("FujiClean"), Scott Samuelson, and Mike Dunn (collectively, "FujiClean Defendants"), each referred to herein as a "Party" and collectively referred to as the "Parties," each by their respective counsel;

A.      Certain documents and information have been and may be sought, produced or exhibited by and between the Parties and/or non-parties in the above-styled proceeding (the "Proceeding");

B.      Some of the documents and information that will be sought, produced, or exhibited include trade secrets and/or proprietary confidential commercial information and/or confidential personal information regarding a Party or non-party that the parties generally maintain as private

1

and deem confidential; and

      C.    In order to protect against the dissemination of such documents and information it has been agreed by the Parties to the Proceeding, through their respective counsel, that to preserve the confidentiality of certain documents and information, an Agreed Protective Order (the "Order") should be entered by the Court pursuant to Rule 26.03 of the Kentucky Rules of Civil Procedure.

      The Court having reviewed this Agreed Protective Order, and being otherwise sufficiently advised, it is **HEREBY AGREED AND ORDERED** as follows:

1.    **<u>Scope</u>**

      a.    This Order shall govern all documents and/or communications, the information contained therein, and all other information produced or disclosed during the Proceeding whether revealed in a document, deposition, other testimony, discovery response or otherwise, by any party, including any non-party in this Proceeding (the "Disclosing Party") to any other party, including any third-party (the "Recipient Party"), when same is designated in accordance with the procedures set forth herein.  This Order is binding upon the Parties to the Proceeding, including their respective attorneys, agents, representatives, officers, employees, relatives, and others as set forth in this Order.  This Order is also binding on and applies to all non-parties who either produce or receive documents or information in connection with this Proceeding.

      b.    Under this Order, any Disclosing Party shall have the right to identify and designate as "CONFIDENTIAL" any document or other information he/she/it produces or provides, or any testimony given in this proceeding, which testimony or discovery material is believed in good faith by that Disclosing Party, and by the Disclosing Party's counsel, to constitute, reflect or disclose trade secrets and/or proprietary confidential commercial information as those terms are used under Rule 26.03(1) of the Kentucky Rules of Civil Procedure and/or confidential personal information

Entered      24-CI-00093    09/18/2024    Pamela J. Robinson, Anderson Circuit Clerk

4F9F70BB-BA50-441B-93EA-4439B437F5AE : 000002 of 000014

OAGR : 000002 of 000014

regarding a Party or non-party (the "Designated Material").

c.      "Confidential Information" as used herein means any Designated Material that is designated pursuant to this Protective Order as "CONFIDENTIAL" by the Disclosing Party, whether it is a document, information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory answer or information otherwise revealed.

d.      A party may designate as "CONFIDENTIAL" information in the possession of and supplied by a non-party by subpoena or otherwise (a) based upon the designating party's good faith belief that the information being produced by the non-party constitutes, reflects or discloses that party's trade secrets and/or proprietary confidential commercial information as those terms are used under Rule 26.03(1) of the Kentucky Rules of Civil Procedure and/or confidential personal information regarding a Party or non-party, or (b) if the information was transmitted to the non-party under an agreement or an obligation that it would remain confidential, and the information otherwise complies with Paragraph 1(c).

e.      Subject to paragraph 11(c), all documents and other materials produced in this litigation shall be used only for purposes of conducting this litigation whether or not a Disclosing Party designates such documents or materials as "CONFIDENTIAL."

2.      **Designation of Confidentiality**

Documents or information may be designated "CONFIDENTIAL" within the meaning of this Order in the following ways:

a.      Specific documents produced by a Disclosing Party shall, if appropriate, be designated as "CONFIDENTIAL" by marking the first page of the document and each subsequent page thereof containing Confidential Information with the legend: "CONFIDENTIAL" or

"CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER."

b.      In the case of interrogatory answers and responses to requests for admissions, if appropriate, designation of "CONFIDENTIAL" shall be made by means of a statement in the answers or responses specifying that the answers or responses or specific parts thereof are designated "CONFIDENTIAL."   The following legend shall be placed on each page of interrogatory answers or responses to requests for admission containing Confidential information: "CONTAINS CONFIDENTIAL INFORMATION."

c.      In the case of depositions and the information contained in depositions (including exhibits), designation of the portions of the transcript (including exhibits) which contain Confidential Information shall be made by a statement to such effect on the record in the course of the deposition by counsel for the party or witness producing such information, or by letter from such counsel within thirty (30) days of receipt of the deposition transcript or copy thereof (or written notification that the transcript is available).   The entire deposition transcript (including exhibits) shall be treated as Confidential under this Order until the expiration of the above-referenced thirty (30) day period for designation by letter, except that the deponent may review the transcript of his or her own deposition during this thirty (30) day period.   If portions of a recorded deposition are designated as "CONFIDENTIAL," the electronic media containing the deposition recording shall be labeled with the same legend provided for in paragraph 2(a).

d.      To the extent that electronically stored information and/or matter stored or recorded in the form of electronic or magnetic media (including information, files, databases, or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes) ("ESI") is produced by any party in such form, the Disclosing Party may designate such matter as "CONFIDENTIAL" by cover letter referring generally to such matter or by affixing to such media

Entered          24-CI-00093     09/18/2024          Pamela J. Robinson, Anderson Circuit Clerk

Entered        24-CI-00093   09/18/2024        Pamela J. Robinson, Anderson Circuit Clerk

a label with the legend provided for in paragraph 2(a) above.  Whenever any party to whom ESI designated as "CONFIDENTIAL" is produced reduces such material to hard-copy form, such party shall mark such hard-copy form with the legend provided for in paragraph 2(a) above.

     e.     To the extent that any party or counsel for any party creates, develops or otherwise establishes on any digital or analog machine-readable device, recording media, computer, disc, network, tape, file, database or program information designated "CONFIDENTIAL,"  that party and/or his/her/its counsel must take all necessary steps to ensure that access to such media is properly restricted to those persons who, by the terms of this Order, may have access to Confidential Information, and will affix to any media containing such information a label with the legend provided for in paragraph 2(a) above.

     f.     The filing of any documents and materials with the Court containing or reflecting the contents of Confidential Information shall be governed by the Rules of this Court.  To the extent not inconsistent with such Rules, such documents and materials shall be labeled "CONFIDENTIAL INFORMATION-SUBJECT TO COURT ORDER," and shall also bear the legend "FILED UNDER SEAL" on the cover page of the document.  Only those portions of such documents and materials containing or reflecting Confidential Information shall be considered Confidential and may be disclosed only in accordance with this Order.  Each party shall use his/her/ its best efforts to minimize filings that necessitate the filing of documents and materials designated Confidential under seal.  No party or other person may have access to any sealed document from the files of the Court without an order of the Court.  This provision does not relieve the filing party of serving the document on other parties' counsel in accordance with civil rules or Court order.  Regardless of any provision in this Order to the contrary, a party does not have to file a document under seal if the Confidential Information contained or reflected in the document was designated

Entered        24-CI-00093   09/18/2024        Pamela J. Robinson, Anderson Circuit Clerk

solely by that party.

      g.    Documents filed under seal may be unsealed at the Court's discretion.

3.    **Use of Confidential Information**

Subject to paragraph 11(c), Confidential Information shall not be used by any person, other than the Disclosing Party, for any purpose other than conducting this Proceeding and in no event shall such information be used for any business, competitive, personal, private, public or other purpose.

4.    **Disclosure of information designated as "Confidential."**

      a.    The Parties' attorneys of record are responsible for employing all reasonable measures, consistent with this Order, to control access to, and distribution of information designated "CONFIDENTIAL" pursuant to this Order.

      b.    Access to and review of information designated "CONFIDENTIAL" pursuant to this Order shall be limited to the following persons:

        i.    The representatives of an entity Party having responsibility for making decisions regarding the conduct and resolution of this Proceeding.  However, a party that originally designated information as "CONFIDENTIAL" may reveal such information to any of its own directors, officers, employees or other representatives.

        ii.    Outside and in-house counsel for the Parties, as well as their paralegals, investigative, secretarial and clerical personnel who are employed by and engaged in assisting such counsel in this Proceeding.

        iii.    Outside photocopying, data processing or graphic production services employed by the Parties or their counsel to assist in this Proceeding.

4F9F70BB-BA50-441B-93EA-4439B437F5AE : 000006 of 000014

OAGR : 000006 of 000014

iv.   Any outside expert or consultant (or any employee of such outside expert or consultant) who is retained, or sought to be retained, by counsel for a party in this Proceeding, for purposes of consulting, and/or testifying in this Proceeding, and to whom counsel in good faith has deemed disclosure of such "CONFIDENTIAL" material is reasonably necessary in order to assist in the preparation or the conduct of this Proceeding.  This paragraph shall not relieve, change or otherwise affect any obligations or limitations imposed on any person by contract or law regarding the disclosure or use of trade secrets or other confidential or proprietary information.

v.   Any witness, at the witness' deposition in this Proceeding, but only if counsel who discloses "CONFIDENTIAL" information to the witness determines, in good faith, that such disclosure is reasonably necessary and appropriate to assist in the conduct of this Proceeding.

vi.   Any person (a) who is shown on the face of "CONFIDENTIAL" material to have authored or received the "CONFIDENTIAL" material sought to be disclosed to that person, or (b) who is specifically referenced by name and substantively discussed in the "CONFIDENTIAL" material, but only as to the specific material the person authored or received, or in which such person is referenced and discussed.

vii.   This Court or any other Court exercising jurisdiction with respect to this litigation, Court personnel, jurors, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this litigation;

viii.   Any mediator (and his/her employed staff) engaged by the parties for this case; and

ix.   Any other person to whom the Disclosing Party agrees in writing or on the record in advance of the disclosure, provided that the party seeking to make the disclosure must first submit a request, in writing or on the record, to the Disclosing Party explaining why the disclosure is necessary.  If the Disclosing Party does not agree to allow the disclosure, the party seeking to make the disclosure may file a motion with the Court for approval to make the disclosure.

5.   **Notification of Protective Order**

Items designated as "CONFIDENTIAL" shall not be disclosed to a person described in paragraphs 4(b)(iv), and (ix) unless and until such person has executed an Agreement of Confidentiality in substantially the form attached hereto as **Exhibit A**.  The originals of an executed Agreement of Confidentiality shall be maintained by counsel for the party who obtained it until the final resolution of this litigation and shall not be subject to discovery except upon motion on notice and a showing of good cause.  This prohibition includes either direct or indirect disclosure, including but not limited to, any disclosure by counsel or experts.

6.   **Use of Confidential Information at Trial**

Any Party that intends to introduce or disclose Confidential Information at trial shall provide written notice to all Parties, which shall haver a reasonable opportunity to object. Additional rules and procedures governing the use of Confidential Information at trial consistent with this provision shall be determined by the Court at or before the final pretrial conference.

8

4F9F70BB-BA50-441B-93EA-4439B437F5AE : 000009 of 000014

7.    **Objections to Designations**

In the event a party objects to the designation of any material under this Order, the objecting party shall consult with the designating party to attempt to resolve their differences.  If the objecting party and designating party are unable to reach an accord as to the proper designation of the material, after giving notice to the designating party, the objecting party may apply to the Court for a ruling that the material shall not be so designated.  Any documents or other materials that have been designated "CONFIDENTIAL" shall be treated as such until such time as the Court rules that such materials should not be treated as such.

8.    **Preservation of Rights and Privileges**

Nothing contained in this Order shall affect the right, if any of any party or witness to make any other type of objection, claim, or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for production of documents or questions at a deposition.  Nor shall this Order be construed as a waiver by any party of any legal cognizable privilege to withhold any Confidential Information other than on the basis that it has been designated Confidential, or of any right which any party may have to assert such privilege at any stage of this litigation.

9.    **Return or Destruction of Materials**

After the final resolution of this litigation, all designated materials shall, upon request of the Disclosing Party or designating party, be returned to counsel for the party that produced it or shall be destroyed, within thirty (30) business days of such request.  As to those materials that contain or reflect Confidential Information, but that constitute or reflect counsel's work product, counsel of record for the Parties shall be entitled to retain such work product in their files in accordance with the provisions of this Order, as long as it is clearly marked to reflect that it

OAGR : 000009 of 000014

contains information subject to this Order.  Such materials may not be used in connection with any other proceeding or action.  Counsel shall be entitled to retain pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, and the trial record (including exhibits) even if such materials contain Confidential Information, as long as such materials are clearly marked to reflect that they contain information subject to this Order and may not be used in connection with any other proceeding or action.

10.     **Inadvertent or Unintentional Disclosure**

A Disclosing Party that inadvertently fails to designate Confidential Information or mis-designates Confidential Information or pursuant to this Order at the time of its production shall be entitled to make a correction to its designation within a reasonable time of the discovery of the non- or mis-designation.  Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item of discovery material, appropriately designated.   Those individuals who received the discovery material prior to notice of non- or mis-designation by the Disclosing Party shall within five (5) days of receipt of the substitute copies, take reasonable steps to destroy or return to the law firm representing the Disclosing Party all copies of such mis-designated documents.  The obligation to treat such material pursuant to the corrected designation shall be prospective only, and those individuals who reviewed the mis-designated discovery material prior to notice of the mis-designation by the Disclosing Party shall abide by the provisions of this Order with respect to all future use and disclosure of any information contained in the mis-designated materials.

11.     **Other Provisions**

a.      The restrictions set forth in this Order shall not apply to documents or information designated Confidential that are publicly available or that are obtained independently and under

rightful means by the Recipient Party, unless they became so due to a violation of this Order.

b.      A party's compliance with the terms of this Order shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged or (c) admissible in evidence at trial.

c.      The fact that a party has designated certain documents, information, or materials as Confidential Information shall not be admissible during the hearing or the trial of this action.

d.      Any party or person in possession of Confidential Information who receives a subpoena (or other process) from any person (including natural persons, corporations, partnerships, firms, governmental agencies, departments or bodies, boards or associations) who is not a party to this Order, which subpoena seeks production or other disclosure of such Confidential Information shall promptly give written notice by electronic mail to counsel for the other party or person who produced the materials designated as Confidential.  The written notice shall identify the materials sought and enclose a copy of the subpoena or other process, unless ordered otherwise by a court of competent jurisdiction.  Nothing herein shall be construed to obligate the person subject to service or other process to make a motion or undertake other legal process, or to appear before any court or administrative body in opposition to a motion or other legal process seeking production of any Confidential materials.

e.      This Order shall apply to non-parties who provide discovery, by deposition, production of documents or otherwise, in this litigation, if said non-party requests, in writing, the protection of this Order as to said non-party's Confidential Information and complies with the provisions of this Order.

f.      Upon the final resolution of this litigation (including conclusion of any appeal), this Order shall remain in effect and continue to be binding, unless expressly modified, superseded, or

terminated by consent of all parties or by Order of the Court.  This Court expressly retains jurisdiction over this action for enforcement of the provisions of this Order following the final resolution of this litigation.

g.     This Order shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modifications of this Order, subject to the approval of the Court.



_____

JUDGE, ANDERSON CIRCUIT COURT

<u>HAVE SEEN; AGREED</u>:

The Winters Law Group, LLC
432 S. Broadway, Suite B
Lexington, KY 40508
jessica@thewinterslawgroup.com

BY:    */s/ Jessica K. Winters*                    (via email authorization)
       JESSICA K. WINTERS
       *ATTORNEYS FOR PLAINTIFFS*

MCBRAYER PLLC
201 E. Main Street, Suite 900
Lexington, KY 40507
dlogsdon@mcbrayerfirm.com

BY:    */s/ Douglas T. Logsdon*
       DOUGLAS T. LOGSDON (KBA #87802)
       DAVID J. GUARNIEIR (Ky. Bar # 86522)
ATTORNEYS FOR FUJICLEAN DEFENDANTS

FREEMAN MATHIS & GARY, LLP
2525 Harrodsburg Road, Suite 500
Lexington, KY 40504-3215
Robert.Hojnoski@fmglaw.com
aanderson@fmglaw.com

BY:    */s/ Robert W. Hojnoski*                    (via email authorization)
       ROBERT W. HOJNOSKI

J. AUSTIN ANDERSON
ATTORNEYS FOR HDS DEFENDANTS


## **CLERK'S CERTIFICATE OF SERVICE**


I hereby certify that a true and correct copy of the foregoing document was sent via electronic service and/or U.S. Mail to the following this _____ day of _____, 2024.

Jessica Winters
The Winters Law Group LLC
432 S. Broadway, Suite 2B
Lexington, KY 40508
jessica@thewinterslawgroup.com
*Counsel for Plaintiffs*

Robert W. Hojnoski
J. Austin Anderson
FREEMAN MATHIS & GARY, LLP
2525 Harrodsburg Road, Suite 500
Lexington, KY 40504-3215
robert.hojnoski@fmglaw.com
aanderson@fmglaw.com
*Counsel for Defendants, Hydrodynamic Solutions, Inc.,*
*Kelli Oakley, Mike Beal, and Alan Davies*

Douglas T. Logsdon
David J. Guarnieri
McBrayer PLLC
201 E. Main Street, Suite 900
Lexington, Kentucky 40507
dlogsdon@mcbrayerfirm.com
dguarnieri@mcbrayerfirm.com
*Counsel for Defendants FujiClean USA, LLC,*
*Scott Samuelson, and Mike Dunn*


_____
CLERK, ANDERSON CIRCUIT COURT

**EXHIBIT A**
**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

     I have reviewed a copy of the Agreed Protective Order entered in the litigation known as

*Fraley, Jeffrey et al vs. O'neill, Patrick, et al.*,  No. 22-CI-00178, in the Martin Circuit Court, Civil

Branch.  I am familiar with the terms of the Agreed Protective Order, and I agree to be bound by

its terms.  Additionally, I affirmatively state and acknowledge that I am prohibited from providing

any Confidential Information designated "CONFIDENTIAL" to any person or entity who is not

listed in Paragraph 4(b).  This prohibition includes, but is not limited to, the dissemination of

Confidential Information through verbal conversation, email, text, website, or social media

account.  I understand that my violation of this Order will be deemed contempt of Court and shall

subject me to any and all appropriate sanctions by the Court.


NAME                         SIGNATURE                              DATE


_____        _____        _____

14

Filed            24-CI-00093   10/22/2024            Pamela J. Robinson, Anderson Circuit Clerk

## COMMONWEALTH OF KENTUCKY
## ANDERSON COUNTY CIRCUIT COURT
## DIVISION ONE
## CIVIL ACTION NO. 24-CI-00093

**CUSTOM SEPTIC SOLUTIONS, LLC,**                              **PLAINTIFFS**
**SHANNON THORNTON, and**
**JAMIE THORNTON**
**v.**

**FUJICLEAN USA, LLC, et al.**                                 **DEFENDANTS**

### PLAINTIFFS' MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS SERVED UPON THE HDS DEFENDANTS AND FOR COSTS

*** *** *** ***

The Plaintiffs, Custom Septic Solutions, LLC ("CSS"), Shannon Thornton, and Jamie Thornton ("Plaintiffs"), through counsel, hereby respectfully request the Court to compel the Defendants, Hydrodynamic Solutions, Inc. ("HDS"), Keli Oakley, Mike Beal, and Alan Davies ("Defendants" or "HDS Defendants") to fully respond under oath to the Interrogatories and Request for Production of Documents served by Plaintiffs upon said Defendants on May 21, 2024, pursuant to Kentucky Rules of Civil Procedure (CR) 33 and 34. Plaintiffs also respectfully request that the HDS Defendants be ordered to pay attorney fees incurred in the bringing of the instant Motion in the amount of $500 as a penalty for failure to fully respond to the Interrogatories and Requests for Production in a timely manner despite having been given multiple extensions of time to do so as a professional courtesy.

In support of this Motion, Plaintiffs state as follows:

Defendant FujiClean USA, LLC ("Fuji") is a manufacturer of onsite domestic waste water treatment products. Fuji only sells its products through its exclusive distributors in each state in which it conducts business, and the exclusive Kentucky distributor for Kentucky of Fuji products is HDS.

CSS is a Kentucky-based installer of septic systems. The company is family-owned and operated, and has been in business since 2019. Shannon Thornton (who with his wife Jamie Thornton owns CSS) has obtained certification and is licensed with the Commonwealth of Kentucky as an on-site installer, and holds a Kentucky Wastewater I License. Mr. Thornton was also one of the first installers in Kentucky to obtain a certification through Fuji's training and certification program. In fact, CSS assisted in the installation of the very first Fuji systems in Kentucky, and also the largest cluster system in the state. Mr. Thornton is exceedingly qualified to not only install, but also to maintain, Fuji systems. CSS has installed six Fuji systems in the state of Kentucky.

Unfortunately, CSS's ability to continue to grow its business has been hampered over the past several months by the actions of the Fuji and HDS Defendants. As alleged in the Complaint, the HDS Defendants have engaged in a concerted course of conduct that has tortiously interfered with CSS's business and its relationships with its customers. As alleged in the Complaint, the Fuji Defendants have conspired with the HDS Defendants to damage CSS's business reputation and exclude CSS from the Kentucky Fuji market by offering more favorable terms of sale, warranties, and contractual protections to other installers of Fuji products than those offered to CSS, all in violation of Kentucky statutes concerning business practices.

In addition, as set forth in the Complaint, all Defendants have wrongfully acquired and disseminated CSS's protected trade secrets consisting of customer lists, installation techniques and products, and marketing and licensing strategies, in violation of the Kentucky Trade Secrets Protection Act. Furthermore, all Defendants have wrongfully misrepresented their certifications, compliance with governing Kentucky statutes and regulations relating to the installation and maintenance of onsite sewage disposal units, in violation of the Kentucky Consumer Protection

Act.

As a result of the foregoing, Plaintiffs have been effectively and completely eliminated from the Kentucky Fuji product market, and have lost significant revenue and business opportunities. This litigation was initiated to bring a halt to the Defendants' tortious activities and obtain redress for the damage caused to Plaintiffs. The Discovery Requests were served on the HDS Defendants on May 21, 2024, with Responses due on June 21, 2024. Counsel for the HDS Defendants requested an extension of time – to July 22, 2024 – to provide Responses, which was granted by counsel for Plaintiffs as a professional courtesy. Counsel for the HDS Defendants stated by email that the Responses would be provided on or before that date. No such Responses were received by the agreed-upon extended deadline. On July 23, 2024, Plaintiffs filed a Motion to Compel, which was noticed to be heard on August 27th.

Shortly before the Motion to Compel was scheduled to come on for hearing before the Court, counsel for the HDS Defendants reached out to counsel for Plaintiffs to negotiate a resolution. Plaintiffs agreed to withdraw their Motion to Compel in exchange for an agreement by the HDS Defendants to provide Responses to the Interrogatories and Requests for the Production of Documents before September 1st. Counsel for the HDS Defendants further agreed that if the HDS Defendants failed to respond to the Discovery Requests as agreed, they would pay the Plaintiffs' cost and fees associated with refiling the Motion to Compel. See Email Communications, attached as Exhibit A.

On August 31, 2024, the HDS Defendants responded to the Interrogatories propounded by Plaintiffs. The HDS Defendants failed, however, to produce any documents responsive to the Plaintiffs' Requests for the Production of Documents. The Answers to Interrogatories were likewise deficient in several key respects. See HDS Discovery Responses, attached as Exhibit B.

Undersigned counsel followed-up with counsel for the HDS Defendants by letter dated September 16th, requesting supplemental Answers to Interrogatories as well as the documents responsive to the Requests for the Production of Documents (which were referenced in the written Discovery Responses but not produced).  <u>See</u> September 16, 2024 Correspondence, attached as <u>Exhibit C</u>.  No response to this correspondence was received.  The responsive documents and supplemental Answers have not been produced.  On October 9, 2024, undersigned counsel again requested supplementation by email to counsel for HDS Defendants.  No response to this email or supplementation has been provided to-date.  <u>See</u> October 9, 2023 Email, attached as <u>Exhibit D</u>.

Discovery Requests seeking information in the HDS Defendants' possession relevant to Plaintiffs' claims was served five months ago.  To-date, Plaintiffs have received no responsive documents.  Plaintiffs have received only incomplete and evasive Answers to Interrogatories.  The HDS Defendants' actions with regard to Plaintiffs' efforts to obtain Discovery Responses illustrate a strategy of gamesmanship that is not permitted by our Civil Rules, and sanctions are warranted.

Based on the foregoing, Plaintiffs request this Court to enter an Order directing the HDS Defendants to provide Plaintiff with full and complete Discovery Responses within 7 days of the entry of this Court's Order, and to pay Plaintiffs' attorney fees incurred in bringing the instant Motion in the amount of $500.

**NOTICE**

Take NOTICE that the foregoing Motion to Compel and for Costs will come on for

hearing before the Anderson Circuit Court, Honorable Melanie Brummer presiding, on Tuesday,

October 29, 2024, at the hour of 1p.m., or as soon thereafter as the parties may be heard.

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing Plaintiffs' Motion to Compel and for Costs has

been served on this, the 22nd day of October, 2024, via electronic mail pursuant to Civ. R. 5.02

upon:

Robert W. Hojnoski
J. Austin Anderson
2525 Harrodsburg Road, Suite 500
Lexington, KY 40504-3215
Robert.Hojnoski@fmglaw.com
aanderson@fmglaw.com
*Counsel for Defendants, Hydrodynamic*
*Solutions, Inc., Kelli Oakley, Mike Beal, and*
*Alan Davies*

Douglas T. Logsdon (Ky. Bar #87802)
David J. Guarnieri (Ky. Bar # 86522)
McBrayer, PLLC
201 East Main Street, Suite 900
Lexington, Kentucky 40507
Phone: (859) 231-8780
dlogsdon@mcbrayerfirm.com
dguarnieri@mcbrayerfirm.com
*Counsel for Defendants FujiClean USA,*
*LLC, Scott Samuelson, and Mike Dunn*

/s/Jessica Winters
_____
Jessica K. Winters
The Winters Law Group, LLC
432 S. Broadway, Suite B

10B9BB7C-AA70-4488-92F1-A3C0CBF43D3B : 000005 of 000013

COM : 000005 of 000006

Filed          24-CI-00093    10/22/2024          Pamela J. Robinson, Anderson Circuit Clerk

Lexington, KY 40508
Phone: (859) 619-2134
Email: jessica@thewinterslawgroup.com
COUNSEL FOR PLAINTIFFS

10B9BB7C-AA70-4488-92F1-A3C0CBF43D3B : 000006 of 000013

COM : 000006 of 000006

Filed          24-CI-00093    10/22/2024      Pamela J. Robinson, Anderson Circuit Clerk

 

Jessica Winters <jessica@jessicawinterslaw.com>

---

## Custom Septic 24-CI-00093

---

**Jessica Winters** <jessica@thewinterslawgroup.com>          Mon, Aug 26, 2024 at 2:36 PM
To: Robert Hojnoski <Robert.Hojnoski@fmglaw.com>, Austin Anderson <aanderson@fmglaw.com>

I talked to my clients.  They will agree to withdraw the Motion if you agree to pay any costs with a renewed motion if responses are not provided as agreed by the end of this month. Let me know how you would like to proceed.
Best,
Jessica

[Quoted text hidden]

[Quoted text hidden]

[Quoted text hidden]



10B9BB7C-AA70-4488-92F1-A3C0CBF43D3B : 000007 of 000013

EXH : 000001 of 000002

Filed          24-CI-00093    10/22/2024      Pamela J. Robinson, Anderson Circuit Clerk

M Gmail

Jessica Winters <jessica@jessicawinterslaw.com>

## Custom Septic 24-CI-00093

**Robert Hojnoski** <Robert.Hojnoski@fmglaw.com>                Mon, Aug 26, 2024 at 2:38 PM
To: Jessica Winters <jessica@thewinterslawgroup.com>, Austin Anderson <aanderson@fmglaw.com>

Per our phone call earlier - that is fine and will be a moot point.

Robert W. Hojnoski, Esq.
Partner
Freeman Mathis & Gary, LLP
3825 Edwards Rd. | Suite 103 | Cincinnati, OH 45209
D: 513-538-1391 | C: 513-312-3934
Robert.Hojnoski@fmglaw.com | LinkedIn | Bio
www.fmglaw.com | Instagram | Twitter | Facebook



AZ | CA | CO | CT | FL | GA | IL | IN | KY | MA | NJ | NM | NV | NY | OH | PA | RI | TN | TX

Please read this important notice and confidentiality statement

**From:** Jessica Winters <jessica@thewinterslawgroup.com>
**Sent:** Monday, August 26, 2024 2:36:41 PM
**To:** Robert Hojnoski <Robert.Hojnoski@fmglaw.com>; Austin Anderson <aanderson@fmglaw.com>

[Quoted text hidden]

[Quoted text hidden]

Filed        24-CI-00093   10/22/2024        Pamela J. Robinson, Anderson Circuit Clerk



432 S Broadway Suite 2B  -  Lexington, KY 40508        859.309.4659  -  jessica@thewinterslawgroup.com

www.thewinterslawgroup.com

**SENT VIA EMAIL**
robert.hojnoski@fgmglaw.com

September 16, 2024

Robert Hojnoski
2525 Harrodsburg Road, Suite 500
Lexington, Kentucky
40504

     Re:   <u>24-CI-00093</u>

Dear Mr. Hojnoski:

     I write on behalf of my client Custom Septic Solutions, LLC ("CSS"), to in an attempt to resolve a discovery dispute in the above-referenced action.  I have reviewed the Responses to Plaintiffs' Discovery Requests that you served on August 31, 2024, and am requesting that you supplement those Responses on behalf of your clients, as follows:

     Interrogatory No. 9:  Please supplement to identify the role and scope of work for each listed individual with regard to the sale, distribution, licensing, certification, registration or marketing of Fujiclean products in Kentucky.

     Interrogatory Nos. 11 and 12: To the extent you are claiming the term "listed by you" is vague, this means any installer/ O&M Provider of Fujiclean products that you list on your website, social media, or marketing materials. To be clear, these Interrogatories seek the identifies of persons or companies that you list – not those certified as installers or O&M providers by the Commonwealth of Kentucky. Please also identify the person or persons responsible for verifying credentials, including the proper state certifications. If there is no such individual who verifies credentials, simply state such.

     Interrogatory No. 13.  This is a non-response. Please respond to the Interrogatory.  If there is no such individual who works for you, simply state such.

     Interrogatory No. 15: Please provide documents referenced in response to this Interrogatory.

1

Interrogatory Nos. 16 and 17.  These are not completely responded to. Please respond fully to these Interrogatories.  If you simply do not know what training and credentials are required for installers of Fujiclean products in the state of Kentucky – aside from the Fuji-provided certification – then please so state.

Interrogatory No. 19 – The information requested is relevant, and Plaintiffs are not in possession of this information.  Specifically, the information sought is relevant to whether HDS was charging customers of Plaintiffs different prices than the prices charged to customers of other installers in an effort to undercut the Plaintiffs' business.

Interrogatory No. 22: Please respond to this Interrogatory. To the extent that you believe this question is vague, please identify the individual or company listed as the installer for the system on the permits pulled for this project and/or on the Fuji Warranty paperwork.

Interrogatory No. 24: Please respond to this Interrogatory, which is not overbroad or burdensome.  This information is in your possession, and should be able to be easily pulled from your files.  The information sought is directly relevant to the claims in this action – the information is necessary to establishing the qualifications of Plaintiffs vis-a-vis other installers who you have promoted and for whom you have facilitated the purchase of Fujiclean products.  In addition, the information bears directly on the question of whether the problems identified with the Six unit, or other problems, have been experienced by the purchasers of other Fuji systems.  The manner in which you responded to complaints from other purchasers in comparison to the manner in which complaints regarding the Six unit or other systems Plaintiffs installed is also relevant to the Plaintiffs' claims.

Many of your responses say see documents produced, yet no documents have been produced. Please supplement your answers to Interrogatories and produce responsive documents on or before October 1, 2024.

If you have any questions or wish to discuss these matters further with me, please feel free to call.   With best personal regards, I remain

Sincerely yours,

Jessica K. Winters, Esq.

cc: Jamie Thornton, Shannon Thornton

2



432 S Broadway Suite 2B  -  Lexington, KY 40508      859.309.4659  -  jessica@thewinterslawgroup.com
www.thewinterslawgroup.com

**<u>SENT VIA EMAIL</u>**
robert.hojnoski@fgmglaw.com

September 16, 2024

Robert Hojnoski
2525 Harrodsburg Road, Suite 500
Lexington, Kentucky
40504

      Re:  <u>24-CI-00093</u>

Dear Mr. Hojnoski:

      I write on behalf of my client Custom Septic Solutions, LLC ("CSS"), to in an attempt to resolve a discovery dispute in the above-referenced action.  I have reviewed the Responses to Plaintiffs' Discovery Requests that you served on August 31, 2024, and am requesting that you supplement those Responses on behalf of your clients, as follows:

      Interrogatory No. 9:  Please supplement to identify the role and scope of work for each listed individual with regard to the sale, distribution, licensing, certification, registration or marketing of Fujiclean products in Kentucky.

      Interrogatory Nos. 11 and 12: To the extent you are claiming the term "listed by you" is vague, this means any installer/ O&M Provider of Fujiclean products that you list on your website, social media, or marketing materials. To be clear, these Interrogatories seek the identifies of persons or companies that you list – not those certified as installers or O&M providers by the Commonwealth of Kentucky. Please also identify the person or persons responsible for verifying credentials, including the proper state certifications. If there is no such individual who verifies credentials, simply state such.

      Interrogatory No. 13.  This is a non-response. Please respond to the Interrogatory.  If there is no such individual who works for you, simply state such.

      Interrogatory No. 15: Please provide documents referenced in response to this Interrogatory.

1

Interrogatory Nos. 16 and 17.  These are not completely responded to. Please respond fully to these Interrogatories.  If you simply do not know what training and credentials are required for installers of Fujiclean products in the state of Kentucky – aside from the Fuji-provided certification – then please so state.

Interrogatory No. 19 – The information requested is relevant, and Plaintiffs are not in possession of this information.  Specifically, the information sought is relevant to whether HDS was charging customers of Plaintiffs different prices than the prices charged to customers of other installers in an effort to undercut the Plaintiffs' business.

Interrogatory No. 22: Please respond to this Interrogatory. To the extent that you believe this question is vague, please identify the individual or company listed as the installer for the system on the permits pulled for this project and/or on the Fuji Warranty paperwork.

Interrogatory No. 24: Please respond to this Interrogatory, which is not overbroad or burdensome.  This information is in your possession, and should be able to be easily pulled from your files.  The information sought is directly relevant to the claims in this action – the information is necessary to establishing the qualifications of Plaintiffs vis-a-vis other installers who you have promoted and for whom you have facilitated the purchase of Fujiclean products.  In addition, the information bears directly on the question of whether the problems identified with the Six unit, or other problems, have been experienced by the purchasers of other Fuji systems.  The manner in which you responded to complaints from other purchasers in comparison to the manner in which complaints regarding the Six unit or other systems Plaintiffs installed is also relevant to the Plaintiffs' claims.

Many of your responses say see documents produced, yet no documents have been produced. Please supplement your answers to Interrogatories and produce responsive documents on or before October 1, 2024.

 If you have any questions or wish to discuss these matters further with me, please feel free to call.   With best personal regards, I remain

Sincerely yours,

Jessica K. Winters, Esq.

cc: Jamie Thornton, Shannon Thornton



Jessica Winters <jessica@jessicawinterslaw.com>

---

## Custom Septic / FujIClean discovery supplementation

**Jessica Winters** <jessica@thewinterslawgroup.com>                    Wed, Oct 9, 2024 at 4:15 PM
To: "Douglas T. Logsdon" <dlogsdon@mcbrayerfirm.com>
Cc: Robert Hojnoski <robert.hojnoski@fmglaw.com>, Austin Anderson <aanderson@fmglaw.com>

Following up on prior emails to counsel for both Fuji and HDS  to request:
1. Verification of Fujiclean supplemental responses
2. Training video
3. The NSF letter referenced at p. 693 of produced docs
4. The Tank handling SOP referenced at p. 718 of produced docs
5.  The unredacted copy of email produced at p. 830 of produced docs, or justification for redaction with accompanying privilege log.
6. The text message produced at p. 821 reflects that additional images were sent re: Six tank on this text thread.  please produce the images reflected in thumbnails on the text and the video file reflected at this page of the printed texts..
7.  The text message produced at p. 822 reflects that additional images were sent  on this text thread.  Please produce the images reflected in thumbnails reflected at this page of the printed texts.
8. Please produce all other texts with Christ Hartman that reference the Six project or Plaintiffs in any way.
9.  Please supplement your Answer to Interrogatory No. 24 by stating whether the complaint of odor resulted in the filing of a warranty claim.
10. **HDS- please provide response to September 16th letter and request for supplementation**.
Thanks,
Jessica
[Quoted text hidden]
--

**Jessica Winters -** Managing Member
The Winters Law Group, LLC
432 S Broadway Suite 2B - Lexington, KY 40508
Office - (859)309-4659 Ext. 1
Cell - (859)619-2134



10B9BB7C-AA70-4488-92F1-A3C0CBF43D3B : 000013 of 000013

EXH : 000001 of 000001

Filed            24-CI-00093   10/23/2024            Pamela J. Robinson, Anderson Circuit Clerk

**COMMONWEALTH OF KENTUCKY**
**ANDERSON CIRCUIT COURT**
**DIVISION I**
**CIVIL ACTION NO. 24-CI-93**

*Electronically Filed*

| | |
|---|---|
| **CUSTOM SEPTIC SOLUTIONS,** | **PLAINTIFFS** |
| **SHANNON THORNTON, and** | |
| **JAMIE THORNTON** | |

**v.**

| | |
|---|---|
| **HYDRODYNAMIC SOLUTIONS, INC.,** | |
| **KELLI OAKLEY, MIKE BEAL,** | |
| **ALAN DAVIES, FUJICLEAN USA, LLC** | |
| **SCOTT SAMUELSON, and MIKE DUNN** | **DEFENDANTS** |

---

**NOTICE OF SUBSTITUTION OF COUNSEL**

---

Now come counsel for Hydrodynamic Solutions, Inc., Kelli Oakley, Mike Beal, and Alan Davies, and hereby notify the Court and all counsel of records that Attorney Lucas Harrison hereby enters his appearance on behalf of Defendants, substituting in place of J. Austin Anderson as counsel. Freeman Mathis & Gary, LLP respectfully requests that the Court and all counsel direct all notices, pleadings, and other communications directly to the above, effective immediately, and remove J. Austin Anderson from all circulation lists. Robert W. Hojnoski will also continue as counsel for Hydrodynamic Solutions, Inc., Kelli Oakley, Mike Beal, and Alan Davies.

FREEMAN MATHIS & GARY, LLP

*s/ Lucas R. Harrison*
LUCAS R. HARRISON
ROBERT W. HOJNOSKI
2525 Harrodsburg Road, Suite 500
Lexington, KY 40504
(859)410-7868
Robert.Hojnoski@fmglaw.com
Lucas.Harrison@fmglaw.com

## CERTIFICATE OF SERVICE

This is to certify that the foregoing has been filed with the Kentucky eCourts Filing System on this the 23rd day of October, 2024, and a true and accurate copy of same has been served on the following, via electronic mail:

Jessica Winters
The Winters Law Group LLC
432 S. Broadway, Suite 2B
Lexington, Kentucky 40508
jessica@thewinterslawgroup.com
*Counsel for Plaintiffs*

Douglas T. Logsdon
David J. Guarnieri
McBrayer, PLLC
201 East Main Street, Suite 900
Lexington, Kentucky 40507
dlogsdon@mcbrayerfirm.com
dguarnieri@mcbrayerfirm.com
*Counsel for Defendants, FujiClean USA, LLC,
Scott Samuelson, and Mike Dunn*

s/ Lucas Harrison
*Counsel for Defendants,
Hydrodynamic Solutions, Inc., Kelli Oakley,
Mike Beal, and Alan Davies*

EBF9791E-B5EC-4386-9354-AD7FFEBB777C : 000002 of 000002

NSCO : 000002 of 000002

Tendered          24-CI-00093    10/30/2024          Pamela J. Robinson, Anderson Circuit Clerk

BC01F655-91B5-42B6-916C-D0A63BF1E3E3 : 000001 of 000004

COMMONWEALTH OF KENTUCKY
ANDERSON COUNTY CIRCUIT COURT
DIVISION ONE
CIVIL ACTION NO. 24-CI-00093

CUSTOM SEPTIC SOLUTIONS, LLC,                          PLAINTIFFS
SHANNON THORNTON, and
JAMIE THORNTON
v.

FUJICLEAN USA, LLC, et al.                             DEFENDANTS

<u>**AGREED ORDER**</u>

\*\*\* \*\*\* \*\*\* \*\*\*

The Plaintiffs, Custom Septic Solutions, LLC ("CSS"), Shannon Thornton, and

Jamie Thornton ("Plaintiffs"), through counsel, having moved the Court for an Order

compelling the Defendants, Hydrodynamic Solutions, Inc. ("HDS"), Keli Oakley, Mike

Beal, and Alan Davies ("Defendants" or "HDS Defendants") to fully respond under oath to

the Interrogatories and Request for Production of Documents served by Plaintiffs upon said

Defendants on May 21, 2024; Plaintiffs having further requested that the HDS Defendants be

ordered to pay attorney fees incurred in the bringing of the instant Motion in the amount of $500

as a penalty for failure to fully respond to the Interrogatories and Requests for Production in a

timely manner; the parties having appeared before the Court, and the parties being in agreement

with regard to same, it is hereby ORDERED as follows:

1. The Plaintiffs' Motion is GRANTED.  As per the parties' agreement, the HDS

   Defendants are hereby directed to fully respond under oath to the Interrogatories

   and Request for Production of Documents served by Plaintiffs upon said

   Defendants on May 21, 2024 on or before November 30, 2024; and

2. Upon agreement of the parties, the HDS Defendants shall pay the Plaintiffs' costs

TD : 000001 of 000004

in the amount of $500 on or before November 30, 2024.

Dated this, the _____ day of _____, 2024

_____

ANDERSON CIRCUIT JUDGE

Tendered by:

/s/Jessica Winters

Jessica K. Winters
The Winters Law Group, LLC
432 S. Broadway, Suite B
Lexington, KY 40508
Phone: (859) 619-2134
Email: jessica@thewinterslawgroup.com
COUNSEL FOR PLAINTIFFS

Have seen and to be entered:

/s/Lucas Harrison
Robert W. Hojnoski
Lucas Harrison
2525 Harrodsburg Road, Suite 500
Lexington, KY 40504-3215
Robert.Hojnoski@fmglaw.com
Lucas.harrison@fmglaw.com
*Counsel for Defendants, Hydrodynamic
Solutions, Inc., Kelli Oakley, Mike Beal, and
Alan Davies*

/s/Douglas T. Logsdon
Douglas T. Logsdon (Ky. Bar #87802)
David J. Guarnieri (Ky. Bar # 86522)
McBrayer, PLLC
201 East Main Street, Suite 900
Lexington, Kentucky 40507

Phone: (859) 231-8780
dlogsdon@mcbrayerfirm.com
dguarnieri@mcbrayerfirm.com
*Counsel for Defendants FujiClean USA,*
*LLC, Scott Samuelson, and Mike Dunn*

## CLERK'S CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Agreed Order Re: Plaintiffs' Motion to Compel

and for Costs has been served on this, the _____ day of _____, 2024, via electronic mail pursuant

to Civ. R. 5.02 upon:

Robert W. Hojnoski
Lucas Harrison
2525 Harrodsburg Road, Suite 500
Lexington, KY 40504-3215
Robert.Hojnoski@fmglaw.com
Lucas.harrison@fmglaw.com
*Counsel for Defendants, Hydrodynamic*
*Solutions, Inc., Kelli Oakley, Mike Beal, and*
*Alan Davies*

Douglas T. Logsdon (Ky. Bar #87802)
David J. Guarnieri (Ky. Bar # 86522)
McBrayer, PLLC
201 East Main Street, Suite 900
Lexington, Kentucky 40507
Phone: (859) 231-8780
dlogsdon@mcbrayerfirm.com
dguarnieri@mcbrayerfirm.com
*Counsel for Defendants FujiClean USA,*

BC01F655-91B5-42B6-916C-D0A63BF1E3E3 : 000004 of 000004

*LLC, Scott Samuelson, and Mike Dunn*

Jessica K. Winters
The Winters Law Group, LLC
432 S. Broadway, Suite B
Lexington, KY 40508
Phone: (859) 619-2134
Email: jessica@thewinterslawgroup.com
COUNSEL FOR PLAINTIFFS

TD : 000004 of 000004

Filed       24-CI-00093   10/30/2024       Pamela J. Robinson, Anderson Circuit Clerk

COMMONWEALTH OF KENTUCKY
ANDERSON CIRCUIT COURT
DIVISION I
CIVIL ACTION NO. 24-CI-93

*Electronically Filed*

| | |
|---|---|
| **CUSTOM SEPTIC SOLUTIONS,**<br>**SHANNON THORNTON, and**<br>**JAMIE THORNTON** | **PLAINTIFFS** |
| **v.** | |
| **HYDRODYNAMIC SOLUTIONS, INC.,**<br>**KELLI OAKLEY, MIKE BEAL,**<br>**ALAN DAVIES, FUJICLEAN USA, LLC**<br>**SCOTT SAMUELSON, and MIKE DUNN** | **DEFENDANTS** |

---

**NOTICE OF SUBSTITUTION OF COUNSEL**

---

Please take notice that counsel for Defendants, Hydrodynamic Solutions, Inc., Kelli Oakley, Mike Beal, and Alan Davies, hereby notify the Court that Attorney Barry M. Miller is hereby substituted as counsel of record in place of Robert W. Hojnoski. Please remove Robert W. Hojnoski from all distribution lists and the electronic case filing system in the above-styled action. Lucas Harrison will remain as counsel for these Defendants. All future communications, notices and pleadings should be directed to Barry M. Miller and Lucas R. Harrison, effective immediately, at the email addresses listed below.

FREEMAN MATHIS & GARY, LLP

*/s/ Barry M. Miller*

BARRY M. MILLER
LUCAS R. HARRISON
2525 Harrodsburg Road, Suite 500
Lexington, KY 40504
(859) 410-7868
Bmiller@fmglaw.com
Lucas.Harrison@fmglaw.com
*Counsel for Defendants*

Filed       24-CI-00093   10/30/2024       Pamela J. Robinson, Anderson Circuit Clerk

597768BE-1817-42F0-9E3A-93FCCDE7310 : 000001 of 000002

NSCO : 000001 of 000002

## CERTIFICATE OF SERVICE

This is to certify that the foregoing has been filed via the Kentucky e-Courts Filing System

on this the 30th day of October, 2024, and a true and accurate copy of same has been served on the

following, via electronic mail:

Jessica Winters
The Winters Law Group LLC
432 S. Broadway, Suite 2B
Lexington, Kentucky 40508
jessica@thewinterslawgroup.com
*Counsel for Plaintiffs*

Douglas T. Logsdon
David J. Guarnieri
McBrayer, PLLC
201 East Main Street, Suite 900
Lexington, Kentucky 40507
dlogsdon@mcbrayerfirm.com
dguarnieri@mcbrayerfirm.com
*Counsel for Defendants, FujiClean USA, LLC,*
*Scott Samuelson, and Mike Dunn*

/s/ Barry M. Miller
*Counsel for Defendants,*
*Hydrodynamic Solutions, Inc., Kelli Oakley,*
*Mike Beal, and Alan Davies*

NOT ORIGINAL
12/02/2024 10:40:23 AM
KVIRGIN4@GMAIL.CO

OCUMENT Tendered        24-CI-00093    10/30/2024        Pamela J. Robinson, Anderson Circuit Clerk

## COMMONWEALTH OF KENTUCKY
## ANDERSON COUNTY CIRCUIT COURT
## DIVISION ONE
## CIVIL ACTION NO. 24-CI-00093

**CUSTOM SEPTIC SOLUTIONS, LLC,**                    **PLAINTIFFS**
**SHANNON THORNTON, and**
**JAMIE THORNTON**
**v.**

**FUJICLEAN USA, LLC, et al.**                      **DEFENDANTS**

### AGREED ORDER

*** *** *** ***

The Plaintiffs, Custom Septic Solutions, LLC ("CSS"), Shannon Thornton, and

Jamie Thornton ("Plaintiffs"), through counsel, having moved the Court for an Order

compelling the Defendants, Hydrodynamic Solutions, Inc. ("HDS"), Keli Oakley, Mike

Beal, and Alan Davies ("Defendants" or "HDS Defendants") to fully respond under oath to

the Interrogatories and Request for Production of Documents served by Plaintiffs upon said

Defendants on May 21, 2024; Plaintiffs having further requested that the HDS Defendants be

ordered to pay attorney fees incurred in the bringing of the instant Motion in the amount of $500

as a penalty for failure to fully respond to the Interrogatories and Requests for Production in a

timely manner; the parties having appeared before the Court, and the parties being in agreement

with regard to same, it is hereby ORDERED as follows:

1.  The Plaintiffs' Motion is GRANTED.  As per the parties' agreement, the HDS

    Defendants are hereby directed to fully respond under oath to the Interrogatories

    and Request for Production of Documents served by Plaintiffs upon said

    Defendants on May 21, 2024 on or before November 30, 2024; and

2.  Upon agreement of the parties, the HDS Defendants shall pay the Plaintiffs' costs

Tendered        24-CI-00093    10/30/2024    - 1 -  Pamela J. Robinson, Anderson Circuit Clerk

TD : 000001 of 000004

ANDERSON CIRCUIT/DISTRICT COURT
PAMELA J. ROBINSON, CLERK
ENTERED: 11.25.24
BY: CL

NOT ORIGINAL

DOCUMENT Tendered    24-CI-00093    10/30/2024    Pamela J. Robinson, Anderson Circuit Clerk

12/02/2024 10:40:23 AM
KVIRGIN4@GMAIL.COM

in the amount of $500 on or before November 30, 2024.

Dated this, the 19th day of Nov., 2024

ANDERSON CIRCUIT JUDGE

Tendered by:

/s/Jessica Winters

Jessica K. Winters
The Winters Law Group, LLC
432 S. Broadway, Suite B
Lexington, KY 40508
Phone: (859) 619-2134
Email: jessica@thewinterslawgroup.com
COUNSEL FOR PLAINTIFFS

Have seen and to be entered:

/s/Lucas Harrison
Robert W. Hojnoski
Lucas Harrison
2525 Harrodsburg Road, Suite 500
Lexington, KY 40504-3215
Robert.Hojnoski@fmglaw.com
Lucas.harrison@fmglaw.com
*Counsel for Defendants, Hydrodynamic
Solutions, Inc., Kelli Oakley, Mike Beal, and
Alan Davies*

/s/Douglas T. Logsdon
Douglas T. Logsdon (Ky. Bar #87802)
David J. Guarnieri (Ky. Bar # 86522)
McBrayer, PLLC
201 East Main Street, Suite 900
Lexington, Kentucky 40507

OCUMENTendered    24-CI-00093    10/30/2024    Pamela J. Robinson, Anderson Circuit Clerk

NOT ORIGINAL
12/02/2024 10:40:23 AM
KVIRGIN4@GMAIL.COM

Phone: (859) 231-8780
dlogsdon@mcbrayerfirm.com
dguarnieri@mcbrayerfirm.com
*Counsel for Defendants FujiClean USA,*
*LLC, Scott Samuelson, and Mike Dunn*

## CLERK'S CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Agreed Order Re: Plaintiffs' Motion to Compel and for Costs has been served on this, the 25th day of Nov., 2024, via electronic mail pursuant to Civ. R. 5.02 upon:

Robert W. Hojnoski
Lucas Harrison
2525 Harrodsburg Road, Suite 500
Lexington, KY 40504-3215
Robert.Hojnoski@fmglaw.com
Lucas.harrison@fmglaw.com
*Counsel for Defendants, Hydrodynamic*
*Solutions, Inc., Kelli Oakley, Mike Beal, and*
*Alan Davies*

Douglas T. Logsdon (Ky. Bar #87802)
David J. Guarnieri (Ky. Bar # 86522)
McBrayer, PLLC
201 East Main Street, Suite 900
Lexington, Kentucky 40507
Phone: (859) 231-8780
dlogsdon@mcbrayerfirm.com
dguarnieri@mcbrayerfirm.com
*Counsel for Defendants FujiClean USA,*

TD : 000003 of 000004

NOT ORIGINAL
DOCUMENT

Tendered    24-CI-00093    10/30/2024    Pamela J. Robinson, Anderson Circuit Clerk

12/02/2024 10:40:23 AM -
KVIRGIN4@GMAIL.COM

*LLC, Scott Samuelson, and Mike Dunn*

Jessica K. Winters
The Winters Law Group, LLC
432 S. Broadway, Suite B
Lexington, KY 40508
Phone: (859) 619-2134
Email: jessica@thewinterslawgroup.com
COUNSEL FOR PLAINTIFFS

TD : 000004 of 000004

Filed          24-CI-00093      11/27/2024          Pamela J. Robinson, Anderson Circuit Clerk

**COMMONWEALTH OF KENTUCKY**
**ANDERSON COUNTY CIRCUIT COURT**
**DIVISION ONE**
**CIVIL ACTION NO. 24-CI-00093**

**CUSTOM SEPTIC SOLUTIONS, LLC,**                              **PLAINTIFFS**
**SHANNON THORNTON, and**
**JAMIE THORNTON**
**v.**

**FUJICLEAN USA, LLC, et al.**                                **DEFENDANTS**

---

**NOTICE OF SERVICE OF DEFENDANTS' FIRST SUPPLEMENTAL**
**RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND**
**REQUESTS FOR PRODUCTION OF DCOUMENTS**

---

Please take notice that the Defendants, Hydrodynamic Solutions, Inc., Keli Oakley, Mike Beal and

Alan Davies, by and through counsel, served its First Supplemental Responses to Plaintiff's First Set of

Interrogatories and Requests for Production of Documents, on this 27th day of November, 2024.

FREEMAN MATHIS & GARY, LLP

*/s/ Lucas Harrison*
BARRY M. MILLER
LUCAS R. HARRISON
2525 Harrodsburg Road, Suite 500
Lexington, KY 40504
(859) 410-7868
Bmiller@fmglaw.com
Lucas.Harrison@fmglaw.com
*Counsel for Defendants*

Filed          24-CI-00093      11/27/2024          Pamela J. Robinson, Anderson Circuit Clerk

94C0143C-281C-402B-A940-F21876781E3E : 000001 of 000002

NO : 000001 of 000002

Filed          24-CI-00093     11/27/2024          Pamela J. Robinson, Anderson Circuit Clerk

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was filed with the Clerk of the Court via the Court's ECF System, and a copy of same was served via electronic mail, on this the 27th day of November, 2024, upon the following:

Jessica Winters
The Winters Law Group LLC
432 S. Broadway, Suite 2B
Lexington, Kentucky 40508
jessica@thewinterslawgroup.com
*Counsel for Plaintiffs*

Douglas T. Logsdon
David J. Guarnieri
McBrayer, PLLC
201 East Main Street, Suite 900
Lexington, Kentucky 40507
dlogsdon@mcbrayerfirm.com
dguarnieri@mcbrayerfirm.com
*Counsel for Defendants, FujiClean USA, LLC,*
*Scott Samuelson, and Mike Dunn*

                                      *s/ Lucas Harrison*
                                      *Counsel for Defendants,*
                                      *Hydrodynamic Solutions, Inc., Kelli Oakley,*
                                      *Mike Beal, and Alan Davies*

Filed          24-CI-00093   12/09/2024          Pamela J. Robinson, Anderson Circuit Clerk

**COMMONWEALTH OF KENTUCKY**
**ANDERSON COUNTY CIRCUIT COURT**
**DIVISION ONE**
**CIVIL ACTION NO. 24-CI-00093**

**CUSTOM SEPTIC SOLUTIONS, LLC,**                          **PLAINTIFFS**
**SHANNON THORNTON, and**
**JAMIE THORNTON**
**v.**

**FUJICLEAN USA, LLC, et al.**                          **DEFENDANTS**

<u>**PLAINTIFFS' MOTION FOR FINAL PRETRIAL AND TRIAL DATES**</u>

\*\*\* \*\*\* \*\*\* \*\*\*

The Plaintiffs, Custom Septic Solutions, LLC ("CSS"), Shannon Thornton, and

Jamie Thornton ("Plaintiffs"), through counsel, hereby respectfully request the Court to

establish final pretrial and trial dates in this matter.  In support of this request, Plaintiffs

respectfully state that written discovery is substantially underway, and the parties are working to

schedule depositions.  Once final pretrial and trial dates are established by the Court, the parties

can work together on a proposed Scheduling Order.

**NOTICE**

Take NOTICE that the foregoing Motion for Final Pretrial and Trial Dates will come on

for hearing before the Anderson Circuit Court, Honorable Melanie Brummer presiding, on

Tuesday, December 17, 2024, at the hour of 1p.m., or as soon thereafter as the parties may be

heard.

Respectfully submitted,

/s/Jessica Winters

_____

Jessica K. Winters

The Winters Law Group, LLC
432 S. Broadway, Suite B
Lexington, KY 40508
Phone: (859) 619-2134
Email: jessica@thewinterslawgroup.com
COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiffs' Motion for Pretrial and Trial dates has been served on this, the 9th day of December, 2024, via electronic mail pursuant to Civ. R. 5.02 upon:

Robert W. Hojnoski
J. Austin Anderson
2525 Harrodsburg Road, Suite 500
Lexington, KY 40504-3215
Robert.Hojnoski@fmglaw.com
aanderson@fmglaw.com
*Counsel for Defendants, Hydrodynamic Solutions, Inc., Kelli Oakley, Mike Beal, and Alan Davies*

Douglas T. Logsdon (Ky. Bar #87802)
David J. Guarnieri (Ky. Bar # 86522)
McBrayer, PLLC
201 East Main Street, Suite 900
Lexington, Kentucky 40507
Phone: (859) 231-8780
dlogsdon@mcbrayerfirm.com
dguarnieri@mcbrayerfirm.com
*Counsel for Defendants FujiClean USA, LLC, Scott Samuelson, and Mike Dunn*

/s/Jessica Winters
_____
Jessica K. Winters
The Winters Law Group, LLC
432 S. Broadway, Suite B

6E3B34BC-25F9-4B31-895C-CFCD2AEA4FD8 : 000002 of 000003

ST : 000002 of 000003

24-CI-00093   12/09/2024   Pamela J. Robinson, Anderson Circuit Clerk

Lexington, KY 40508
Phone: (859) 619-2134
Email: jessica@thewinterslawgroup.com
COUNSEL FOR PLAINTIFFS

6E3B34BC-25F9-4B31-895C-CFCD2AEA4FD8 : 000003 of 000003

ST : 000003 of 000003

**COMMONWEALTH OF KENTUCKY**
**ANDERSON COUNTY CIRCUIT COURT**
**DIVISION ONE**
**CIVIL ACTION NO. 24-CI-00093**

**CUSTOM SEPTIC SOLUTIONS, LLC,**                       **PLAINTIFFS**
**SHANNON THORNTON, and**
**JAMIE THORNTON**
**v.**

**FUJICLEAN USA, LLC, et al.**                               **DEFENDANTS**

### PLAINTIFFS' MOTION SEEKING LEAVE TO FILE FIRST AMENDED COMPLAINT

\*\*\* \*\*\* \*\*\* \*\*\*

The Plaintiffs, Custom Septic Solutions, LLC ("CSS"), Shannon Thornton, and Jamie Thornton ("Plaintiffs"), through counsel, and pursuant to Rule 15 of the Kentucky Rules of Civil Procedure, hereby respectfully request leave of Court to file the Plaintiffs' First Amended Complaint attached hereto as Exhibit A, and in support thereof state as follows:

1.      Under Rule 15 of the Kentucky Rules of Civil Procedure, leave to file an amended complaint "shall be freely given when justice so requires." Ky. R. Civ. P. 15.01.

2.      The Plaintiffs' First Amended Complaint seeks to add a cause of action and theory and method of recovery against the Defendants that arises from the same or similar course of conduct and the same or similar facts and circumstances at issue in the original Complaint. The Plaintiffs seek to add a claim against Defendants, Hydrodynamic Solutions, Inc. ("HDS"), and Fujiclean USA LLC ("Fuji") under the Robinson-Patman Act, which prohibits sellers, such as HDS and Fuji from discriminating in price between purchasers of goods of like grade and quality, where competitive injury may result. The Plaintiffs have recently discovered facts supportive of this claim, and anticipate that further discovery will reveal additional facts supportive of the claim.

3.      Plaintiffs state that Defendants are not prejudiced by this amendment because the

Filed          24-CI-00093   12/09/2024          Pamela J. Robinson, Anderson Circuit Clerk

additional facts arise from the same occurrences as alleged in the original Complaint, only written discovery has taken place, and this matter is in its early stages.

4.      The Plaintiff has not acted in bad faith in delaying to seek this amendment.

## CONCLUSION

Based on the foregoing, the Plaintiff hereby respectfully requests that the current Motion be granted, and that the Plaintiffs' First Amended Complaint attached hereto as <u>Exhibit</u> <u>A</u> be accepted into the record of this action as the operative Complaint.

## NOTICE

Take NOTICE that the foregoing Motion for leave to File First Amended Complaint will come on for hearing before the Anderson Circuit Court, Honorable Melanie Brummer presiding, on Tuesday, December 17, 2024, at the hour of 1p.m., or as soon thereafter as the parties may be heard.

Respectfully submitted,

/s/Jessica Winters

_____

Jessica K. Winters
The Winters Law Group, LLC
432 S. Broadway, Suite B
Lexington, KY 40508
Phone: (859) 619-2134
Email: jessica@thewinterslawgroup.com
COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiffs' Motion to for Leave to File First

Filed          24-CI-00093   12/09/2024          - 2 -   Pamela J. Robinson, Anderson Circuit Clerk

Amended Complaint has been served on this, the 9th day of December 2024, via electronic mail

pursuant to Civ. R. 5.02 upon:

Robert W. Hojnoski
Lucas Harrison
2525 Harrodsburg Road, Suite 500
Lexington, KY 40504-3215
Robert.Hojnoski@fmglaw.com
Lucas.harrison@fmglaw.com
*Counsel for Defendants, Hydrodynamic*
*Solutions, Inc., Kelli Oakley, Mike Beal, and*
*Alan Davies*

Douglas T. Logsdon (Ky. Bar #87802)
David J. Guarnieri (Ky. Bar # 86522)
McBrayer, PLLC
201 East Main Street, Suite 900
Lexington, Kentucky 40507
Phone: (859) 231-8780
dlogsdon@mcbrayerfirm.com
dguarnieri@mcbrayerfirm.com
*Counsel for Defendants FujiClean USA,*
*LLC, Scott Samuelson, and Mike Dunn*

/s/Jessica Winters
Counsel for Plaintiffs.

Filed                    24-CI-00093      12/09/2024      Pamela J. Robinson, Anderson Circuit Clerk

**COMMONWEALTH OF KENTUCKY**
**ANDERSON COUNTY CIRCUIT COURT**
*ELECTRONICALLY FILED*
**DIVISION _____**
**Civil Action No. _____**

**CUSTOM SEPTIC SOLUTIONS, LLC**
**SHANNON THORNTON**
**JAMIE THORNTON**                                                    **PLAINTIFFS**


**V.**


**HYDRODYNAMIC SOLUTIONS, INC.**
        **Serve Registered Agent:**
        **Kelli Oakley**
        **106 Bruner Dr.**
        **Wilmore, KY 40390**
**KELLI OAKLEY**
**MIKE BEAL**
**ALAN DAVIES**

**FUJICLEAN USA LLC**
        **Serve Registered Agent:**
        **John Gleason**
        **Curtis Thacker, LLC**
        **One Canal Plaza, Suite 100**
        **Portland, ME 04101**
**SCOTT SAMUELSON**
**And**
**MIKE DUNN**                                                        **DEFENDANTS**


**COMPLAINT**

\* \* \* \* \* \* \* \*

The Plaintiffs, Custom Septic Solutions, LLC ("CSS"), Shannon Thornton ("Mr.

Thornton"), and Jamie Thornton ("Mrs. Thornton") (collectively "Plaintiffs"), through

counsel, for their Complaint against the Defendants, Hydrodynamic Solutions, Inc. ("HDS"),

Filed                    24-CI-00093      12/09/2024      Pamela J. Robinson, Anderson Circuit Clerk

25E78BC1-DBEE-4CC0-91BA-5D69B55B589D : 000004 of 000038

EXH : 000001 of 000035

and its agents Kellie Oakley ("Oakley"), Mike Beal ("Beal"), and Alan Davies ("Davies")

(the "HDS Defendants"), and  Fujiclean USA LLC ("Fuji"), and its agents Scott Samuelson

("Samuelson"), and Mike Dunn ("Dunn") (the "Fuji Defendants") (all of the foregoing

herein collectively referred to as "Defendants") state as follows:

## PARTIES, JURISDICTION AND VENUE

### A.     The Parties.

1.       The Plaintiff, Custom Septic Solutions LLC, is a Kentucky Limited

Liability Company with a principal office at 1100 Salt River Rd., Lawrenceburg,

Kentucky 40342.

2.       The Plaintiff Shannon Thornton is an owner of CSS, and a resident of

Anderson County, Kentucky, with an address of 1100 Salt River Road.

3.       The Plaintiff Jamie Thornton is an owner of CSS, and a resident of

Anderson County, Kentucky, with an address of 1100 Salt River Road.

4.       The Defendant Hydrodynamic Solutions, LLC, is a limited liability

company organized and existing under the laws of the state of Florida, but maintaining a

principal place of business in Kentucky.

5.       The Defendant, Kelli Oakley, is an officer, employee of agent of HDS,

and is a resident of Jessamine County, Kentucky, with an address of 106 Bruner Drive.

6.       The Defendant Mike Beale is an officer, employee, or agent of HDS, and

a resident of Florida, with an address of 19910 Freeman Drive, North Fort Meyers,

Florida 33917.

7.       The Defendant Alan Davies is an owner, officer, agent or employee of

HDS, and is a resident of Florida, with an address of 29 NE 1st Ave., Unit A, Ocala,

Filed                    24-CI-00093  12/09/2024          Pamela J. Robinson, Anderson Circuit Clerk

Florida 34470.

8.     The Defendant Fujiclean USA, LLC, is a limited liability company organized and existing under the laws of the state of Maine, with a principal place of business at 41-2 Greenwood, Portland, Maine.

9.     The Defendant Scott Samuelson is an owner, officer, agent or employee of Fuji, and a resident of the state of Maine, with an address of 41-2 Greenwood Rd. Brunswick, Maine 04011.

10.    The Defendant Mike Dunn is an owner, officer, agent or employee of Fuji, and a resident of the state of Maine, with an address of 41-2 Greenwood Rd. Brunswick, Maine 04011.

**B.    Jurisdiction And Venue.**

11.    This Court has personal jurisdiction over the named Defendants, and subject matter jurisdiction over this action, because the Plaintiffs reside in and conduct business in Anderson County, because all Defendants conducted business with and committed tortious conduct against Plaintiffs, who are residents of Anderson County, Kentucky, and because the Defendants' repeated and continuous contacts with the Commonwealth of Kentucky and with Anderson County in particular, satisfy the jurisdictional prerequisites of Kentucky's long-arm jurisdictional statute, KRS 454.210(2)(a).

12.    This Court has furthermore has jurisdiction over this action, as it alleges violations of the common and statutory laws of the Commonwealth of Kentucky, seeking damages in excess of the jurisdictional minimums of this Court.

13.    Venue is proper in Anderson County because (a) a substantial part of the events or conduct giving rise to the Plaintiffs' claims occurred in Anderson County,

25E78BC1-DBEE-4CC0-91BA-5D69B55B589D : 000006 of 000038

EXH : 000003 of 000035

Kentucky; (b) the Defendants' actions caused harm to Plaintiffs, who are residents of Anderson County, Kentucky, and (c) the Defendants are subject to personal jurisdiction within the Commonwealth of Kentucky and Anderson County, Kentucky in particular.

## **FACTUAL ALLEGATIONS**

14.   Fuji is a manufacturer of onsite domestic waste water treatment products.

15.    "Onsite" is a term used to describe non-sewered sites, or sites that are not connected to a municipal wastewater treatment plant.

16.   Fuji only sells its products through its exclusive distributors in each state in which it conducts business.

17.   The exclusive Kentucky distributor for Kentucky of Fuji products is HDS.

18.   CSS is a Kentucky-based installer of septic systems.  The company is family-owned and operated, and has been in business since 2019.

19.   Shannon Thornton (who with his wife Jamie Thornton owns CSS) has obtained certification and is licensed with the Commonwealth of Kentucky as an on-site installer, and holds a Kentucky Wastewater I License.

20.   Mr. Thornton was also one of the first installers in Kentucky to obtain a certification through Fuji program.  In fact, CSS assisted in the installation of the very first Fuji system in Kentucky, and also the largest cluster system in the state.

21.   Mr. Thornton is exceedingly qualified to not only install, but also to maintain, Fuji systems.

22.   CSS has installed six Fuji systems in the state of Kentucky.

23.   CSS's ability to continue to grow its business with Fuji has been hampered over the past several months by the actions of Hydrodynamic Solutions, Inc. ("HDS"), Fuji's

exclusive distributor in Kentucky.

24.     Kelli Oakley, the business manager and Fuji distributor of HDS, along with the other HDS Defendants, have engaged in a concerted course of conduct that has tortiously interfered with CSS's business and its relationships with its customers.  This scheme includes but is not limited to the discriminatory actions of the HDS Defendants and Fuji Defendants in charging CSS prices for Fuji products that are higher than those charged by HDS for the same products sold to other installers, who are in direct competition with CSS.  This conduct has caused Plaintiffs to lose bids and jobs.

25.     Mike Dunn, an employee and agent of Fuji, has defamed CSS, tortiously interfered with CSS's business opportunities, and has verbally assaulted Mr. Thornton, as set forth in additional detail, *infra*.

26.      Upon information and belief, the Fuji Defendants have conspired with the HDS Defendants to damage CSS's business reputation and exclude CSS from the Kentucky Fuji market by offering more favorable terms of sale, warranties, and contractual protections to other installers of Fuji products than those offered to CSS, all in violation of Kentucky statutes concerning business practices.

27.     In addition, all Defendants have wrongfully acquired and disseminated CSS's protected trade secrets consisting of customer lists, installation techniques and products, and marketing and licensing strategies, in violation of the Kentucky Trade Secrets Protection Act.

28.     All Defendants have wrongfully misrepresented their certifications, compliance with governing Kentucky statutes and regulations relating to the installation and maintenance of onsite sewage disposal units, in violation of the Kentucky Consumer Protection Act.

29.      In response to CSS's complaints, Ms. Oakley informed CSS that HDS is the exclusive distributor for Fuji products in Kentucky and that CSS will not have access to Fuji

25E78BC1-DBEE-4C00-91BA-5D69B55B589D : 000008 of 000038

EXH : 000005 of 000035

Filed                24-CI-00093    12/09/2024            Pamela J. Robinson, Anderson Circuit Clerk

products unless it complies with HDS's demands.  This conduct has been previously

alternately condoned and ignored by Fuji.

**A.  Defendants' Misinformation Regarding Required Certification.**

Filed                24-CI-00093    12/09/2024            Pamela J. Robinson, Anderson Circuit Clerk

25E78BC1-DBEE-4CC0-91BA-5D69B55B589D : 000009 of 000038

EXH : 000006 of 000035

30.     Walter Marcum, of HDS, first contacted CSS in 2019 to seek assistance in bringing the Fuji product into the Kentucky market.

31.     In or around March, 2020, Oakley, HDS's managing member, informed Mr. Thornton that only the Fuji certification and a license to install septic systems from the State of Kentucky would be required.

32.     Mr. Thornton, who already had his septic system installation certification, promptly completed the Fuji certification process.

33.     Upon further investigation, Plaintiffs learned that for Fuji systems that discharge to the surface, and additional certification is required by the state of Kentucky. This certification – the Wastewater I – is obtained through the Kentucky Division of Water.

34.     Mr. Thornton therefore obtained this additional certification, which further authorizes him to provide O&M for surface discharging Fuji systems.

35.     Plaintiffs have now learned that Defendants have more generally misrepresented the required certifications, inspections, approvals, and regulations governing Fuji systems relative to Kentucky regulations and statutes. Upon information and belief, Fuji is not legally compliant with same. Plaintiffs have been damaged by Defendants' misrepresentations in this regard, because Plaintiffs provide Operations and Maintenance ("O&M") services to end users of the Fuji product, and thus are at risk of liability arising from Defendants' failure to obtain the necessary permits and inspections to ensure regulatory compliance for Fuji products.

36.     Upon information and belief non-compliant surface-discharging Fuji systems have been installed by other contractors who lack the necessary Wastewater I certification to perform this work.

25E78BC1-DBEE-4CC0-91BA-5D69B55B589D : 000010 of 000038

EXH : 000007 of 000035

Filed                    24-CI-00093    12/09/2024              Pamela J. Robinson, Anderson Circuit Clerk

**B.  HDS's Efforts to Acquire CSS.**

37.    In early 2021, CSS was contracted by HDS to install the first Fuji cluster system in Kentucky.  This job – referred to as the Isaiah House Project – was affected by personal discord between Ms. Oakley and another former employee of HDS

38.    CSS assisted in mediating this problem, and the installation was successful.

39.    After seeing CSS's work on this job, HDS approached CSS to inquire as to whether the HDS entity could purchase or absorb CSS.

40.    CSS was not interested in this arrangement, and declined the offer on two separate occasions.

41.    Upon information and belief, CSS's rebuff of these attempts to acquire its company triggered retaliation, defamation, and tortious interference with CSS's business opportunities, from HDS, as set forth in additional detail, *infra*.

**C.  HDS's Failure to Provide Timely 1099s**

42.    In October of 2021, HDS's Certificate of Authority was revoked.  The Certificate was not reinstated until March of 2022.  CSS was unaware of this revocation.

43.    In December of 2021, CSS requested a 1099 from HDS for work previously performed on the Isaiah House Project.  HDS did not provide the requested 1099 until April, 2022, thus delaying the filing of CSS's tax returns and violating federal law with regard to the provision of necessary tax documentation.

44.    Based on the timing of this incident, it appears that HDS was unable to provide CSS with a timely 1099 because it was unable to do so until its Certificate of Authority had been reinstated.

25E78BC1-DBEE-4C00-91BA-5D69B55B589D : 000011 of 000038

EXH : 000008 of 000035

D. **HDS Defendants' Provision Of Inaccurate Information To Fuji Defendants.**

45.     During its business dealings with Plaintiffs, the HDS Defendants routinely failed to communicate with Plaintiffs regarding details that are essential to the successful installation of Fuji systems.

46.     At the same time, when Plaintiffs have been faced with the non-responsiveness of the HDS Defendants and have attempted to communicate directly with Fuji, the HDS Defendants have chastised Plaintiffs for doing so, and have become increasingly adversarial in their interactions with Plaintiffs.

47.     Upon information and belief, the HDS Defendants have been providing incomplete or tortiously inaccurate information to the Fuji Defendants regarding Plaintiffs' work and the business dealings between CSS and HDS.

E. **Defendants' Conspiracy, Interference With CSS Business Relationships, And Violation of Kentucky Statutes Relating To Fair Trade Practices.**

   a. **The Six Project**

48.     Despite fact that it lacked the required Certificate of Authority, in October of 2021, HDS sold a Fuji system to CSS for installation at property owner by Julie and Jeramiah Six, CSS clients.  In December, 2021, the system was shipped, but no tracking number was provided to CSS.  CSS later discovered that the system had been sent to the wrong address – HDS put the wrong customer address on the order ticket multiple times, despite CSS's provision of the correct information.

49.     Without assistance, CSS located the transport and retrieved the Fuji system.  At that time, CSS noted and reported to HDS a broken recirculation line.  CSS fixed this, and

installed the tank (the "First Tank"). After installation, it was discovered that the tank had a leak.

50.     Plaintiffs reported the defective tank to HDS and to Fuji, and requested that HDS return the tank to Fuji for a replacement. Fuji provided a replacement tank, and paid CSS to install the replacement Fuji tank (the "Second Tank"). This work occurred on December 16th and 17th, 2021.

51.     On December 16, 2021, Shannon Thorton of CSS hand dug the First Tank to ensure that the First Tank was not damaged during the excavation. Mike Beal, a representative of HDS, was supposed to be on-site to oversee the excavation of the First Tank and inspect it upon removal; however, Mr. Beal did not arrive until after the work had been done.

52.     Mr. Beal reported to the Six property on December 17, 2021, the day that the Second Tank was installed. Mr. Beal verified the correct installation of the Second Tank by CSS. The Second Tank was not started up until June 24, 2022 due to construction delays.

53.     Following Mr. Beal's oversight and review of this installation, neither the HDS Defendants nor the Fuji Defendants identified any problems or inaccuracies with same. None of the Defendants informed CSS that any installation procedure was inappropriate.

54.     CSS has an O&M contract with the Sixes for continued maintenance of the Fuji system at their property.

55.     At the six-month inspection in December, 2022, it was discovered that the Sixes had added a substantial amount of backfill to the site, and CSS informed HDS of this addition. Oakley responded, directing CSS to put risers on the Six tank to bring the chamber lids to grade. CSS was informed by Oakley that this was not a warranty issue.

56.     The 6-month inspection conducted by CSS showed that the system was

performing well, confirming a successful installation.

57.     On July 10, 2023, another Fuji checklist inspection was performed by CSS, including the preparation of a Kentucky Department of Water Wastewater Report.  The second inspection reflected that the system was performing well, thus confirming that a reliable and durable successful installation had been achieved.

58.     On August 19, 2023, the first alarm on the Fuji system at the Six property went off.  At this time, the one-year warranty for installation provided by CSS for installation had expired, but the 2-year Fuji Warranty was still in effect.

59.     According to the Fuji warranty language, "[a]t its sole expense, Fuji Clean USA, LLC will service and repair the installed unit including all parts and labor that show evidence of defect or unacceptable performance for any reason when operated within design parameters.

60.      Despite the fact that its installation warranty had expired, CSS was on site the day the alarm went off, attempting to troubleshoot the system error.  At that time, it was CSS's conclusion that the malfunction was unrelated to the installation of the Fuji system.

61.     CSS promptly reported the alarm to HDS, and requested in writing to Ms. Oakley that Fuji be contacted to inform the company of the system malfunction and activate a warranty claim.

62.     On behalf of its client, CSS offered to assist with the repair of the system, and requested a contract that would cover its work pursuant to the warranty language, which states that Fuji will cover the costs of "parts and labor" to correct system malfunctions.

63.     Upon information and belief, Defendants conspired with one another to wrongfully provide or offer CSS different terms for continued work on the Six system than the terms offered to other installers for this same work.

64.     Upon information and belief, all Defendants, communicating and conspiring with one another, all with full knowledge of the acts and omissions of the other Defendants, and each taking steps in furtherance of the conspiracy, conspired with one another to assign fault for the problem with the Six system to CSS despite the fact that the CSS installation of the system had been overseen by Beal and had been demonstrated to be successful through follow-up inspections.

65.     This conduct was intended to and in fact has, wrongfully damaged Plaintiffs' reputation in the Kentucky market, interfered with its relationships with its customers, and has resulted in the effective exclusion of CSS from the Kentucky market.

66.      None of the Defendants responded to Plaintiffs' written communication regarding these issues.

67.     Instead, Dunn of Fuji emailed CSS directly to inform CSS that Fuji would cover "fair and reasonable compensation" for the necessary work on the Six System.  He further informed CSS that Fuji had been in direct contact with CSS's customer.

68.     Despite the fact standard business practices in the industry dictate agreements and/or scope of work be provided in writing be provided for requested services, Fuji did not offer CSS a contract or scope of work for the necessary repairs.

69.     Samuelson later reached out to inform CSS that rather than getting "tangled up with contracts," Fuji would utilize its own contractor to perform the necessary repairs.

70.     Fuji then recommended Paul Ballard to the Sixes as a contractor to perform the work on the system repair/replacement.  The Sixes refused to agree to Mr. Ballard performing this job.

71.     Fuji then recommended Chris Hartman to the Sixes, and informed the Sixes that

25E78BC1-DBEE-4CC0-91BA-5D69B55B589D : 000015 of 000038

EXH : 000012 of 000035

it had sent a proposed contract and scope of work to Mr. Hartman for this work.  Despite the

fact that CSS had an ongoing customer relationship with the Sixes, Fuji contracted Mr. Hartman

to perform the work.

72.     At the request of its client, CSS owner Mr. Thornton was on-site to observe the

excavation of the second tank.

73.     While Mr. Thornton was on-site, and without provocation, Fuji representative

Dunn became verbally aggressive with Mr. Thornton.  The Sixes saw this interaction through

their Ring Camera video, and became concerned, reaching out to CSS to determine the cause of

Dunn's verbal harassment of Mr. Thornton.

74.     Plaintiffs are in possession of a video capturing this interaction, which has

previously been provided to the Defendants.

75.      It should be noted that neither Oakley nor Dunn arrived on-site to oversee the

excavation of the Second Tank until excavation, using heavy equipment close to the tank site,

was well underway.

76.

77.     When the Second Tank was excavated, it was evident based on Mr. Thornton's

observations that at some point after CSS completed its installation, a piece of heavy equipment

had damaged a portion of the system.  It was clear the problem was not caused by faulty CSS

work.

78.     A Third Tank was installed by Hartman, which is now experiencing problems

relating to low water.  The entirely distinct manner in which Defendants have handled these

issues – by providing detailed inspections of the unit and engineering support to Hartman

relating to the same in an effort to determine the problem, rather than automatically accusing

25E78BC1-DBEE-4C00-91BA-5D69B55B589D : 000016 of 000038

EXH : 000013 of 000035

Hartman of a faulty installation, starkly illustrates the malicious nature of Defendants' conduct toward Plaintiffs.

79.     At this time, Fuji determined that a new tank and UV light would need to be installed at the site.

80.     CSS was not provided with a report or other information to indicate that any of the problems identified in connection with the Six Fuji unit were related to faulty installation at this time. Indeed, the report detailing alleged defects with CSS's installation of the Six system was not provided until several months later, after CSS lodged complaints regarding the HDS Defendants with Fuji.

81.     The Defendants' efforts to interfere with CSS's relationship with its customers did not stop after the installation of the new system at the Six property. Following the installation, Defendants have refused to provide the customer with serial numbers or warranty information for the new system or UV light, thus further undermining CSS's continuing relationship with its client.

82.     In addition, Dunn sent CSS an email in which he stated that there would be no reset on the 2-year warranty from Fuji. Dunn claimed in this correspondence that no new equipment other than a tank shell required upgrading so that the original warranty period would remain in effect. In actuality, the entire tank and UV light has been replaced. He further indicated that a report regarding the problems with the Six system was being compiled – CSS did not receive a copy of this report, which is entirely inaccurate, until months later. This report, hereinafter the "Dunn Report," will be discussed in additional detail, *infra*.

83.     As CSS has been contracted by the customer to provide O&M on the Six Fuji system, the requested product and warranty information is necessary for the successful

operation and maintenance of the Six Fuji system, Defendants have wrongfully refused to provide this information.

84. Kentucky regulations require that when a system is modified, an application to modify the existing permit be filed with the state detailing the changes being made to the system. This application was not filed prior to the installation of the Third Tank, and has not yet been filed to this date. Thus, the existing permit is defective and could lead to violations..

**b. The Richards Project**

85. In or around March of 2022, Michael Richards contacted CSS to inquire as to the installation of a septic system. CSS provided Mr. Richards with a $21, 350 bid for the installation of a Fuji system. CSS also applied for and obtained a permit authorizing the installation, and prepared O&M paperwork for Mr. Richards.

86. For the Richards' job, Paul Ballard had been contracted to perform the excavation work, with CSS to perform the Fuji install since Mr. Ballard had not yet been certified through the Fuji certification program or otherwise through Kentucky, as required to install Fuji systems.

87. The HDS Defendants were aware that CSS had completed and submitted the O & M to Mr. Richards and also that the state permit had been applied for and obtained by CSS. The HDS Defendants were also aware that CSS was poised to finalize its contract with Mr. Richards for the installation of the Fuji system.

88. Despite having knowledge of CSS's business relationship with Mr. Richards, all Defendants, communicating and conspiring with one another, all with full knowledge of the acts and omissions of the other Defendants, and each taking steps in furtherance of the conspiracy, conspired with one another and with the intent to usurp this business opportunity

from Plaintiffs, wrongfully disseminated Plaintiffs' trade secrets, offered Mr. Ballard more

favorable terms than those offered to Plaintiffs, and assisted Mr. Ballard in obtaining his Fuji

certification in the period between CSS applying for the permit and the finalization of CSS's

contract with Mr. Richards.

89.    Mr. Ballard did not obtain additional necessary Kentucky certifications required

to install this Fuji system.

90.    Mr. Richards eventually contracted with Mr. Ballard for this work – thus

resulting in a financial loss to CSS of $21,350.

91.    Once Mr. Ballard was contracted to perform the Fuji install, a conflict of interest

existed with regard to CSS's continued relationship with Mr. Richards for O & M.  CSS was

aware that Mr. Ballard was not fully certified, and could not agree to a continued O & M

relationship with its client if the system was being installed by Mr. Ballard.  CSS informed the

state that Mr. Ballard was performing the install, requesting that the permit issued to CSS be

voided and that CSS should be removed from the state record as the listed O&M provider.

Plaintiffs suffered additional financial losses as a result of being forced to relinquish this O&M

contract due to the Defendants' wrongful actions.

92.    After Mr. Ballard had been contracted by Mr. Richards, Mike Beal of HDS

called Mr. Thornton and attempted to coerce him to oversee Mr. Ballard's work for the price of

$2,000.  Mr. Thornton refused.

93.    Upon information and belief, Mr. Ballard was not a fully certified Fuji installer at

the time the Richards job was completed – to finalize Fuji certification, an installer must

perform one full installation under the supervision of an installer that has been previously

certified.  Upon information and belief, there was no certified Fuji installer overseeing Mr.

Ballard's work on the Richards project.

### c.  The Flaherty Project

94.     In September, 2023, CSS contacted HDS to place an order for a new Fuji system for CSS customer Douglas Flaherty.  At that time, and in an apparent effort to derail CSS's ability to complete Flaherty's installation, all Defendants, communicating and conspiring with one another, all with full knowledge of the acts and omissions of the other Defendants, and each taking steps in furtherance of the conspiracy, conspired with one another to wrongfully disseminate Plaintiffs' trade secrets, and imposed less favorable contractual terms upon Plaintiffs than the terms imposed upon other installers of Fuji products in Kentucky.

95.     With the full knowledge and agreement of all Defendants, Oakley informed CSS that it was unilaterally deciding to change many of its policies with regard to the sale of Fuji systems to CSS.  Upon information and belief, these changes of policy apply only to CSS, not to other Fuji installers in Kentucky.

96.     CSS has not been provided with any Fuji policy or other justification for the change in the terms and conditions of purchasing a Fuji system through HDS.

97.     Previously, CSS purchased Fuji systems through HDS by paying a deposit of 60%, with the remaining 40% paid after installation.  Oakley informed CSS that 100% payment would be required up-front for purchases from HDS.

98.     With the full knowledge and agreement of all Defendants, Oakley also informed CSS that the Fuji warranty would not be triggered unless CSS provided HDS with pre-installation and installation photos of the Fuji unit.  Upon information and belief, this is not

25E78BC1-DBEE-4CC0-91BA-5D69B55B589D : 000020 of 000038

EXH : 000017 of 000035

required of other installers, and is furthermore not something that is required by Fuji.  This request also infringes on CSS's rights to protect its confidential trade information regarding its installation process.

99.    Despite the imposition of these retaliatory, unwarranted, and onerous policies, CSS complied, and paid HDS 100% of the purchase price for the Fuji system. CSS requested tracking information and confirmation that the Fuji system had been ordered by HDS.  HDS failed to provide this information, and the system was not delivered until after CSS contacted Fuji directly to inquire as to the status of the order.  Upon information and belief, HDS intentionally failed to order the system paid for by CSS at the time HDS received 100% payment.

100.   Defendants' retaliatory changes in policy, coupled with the HDS Defendants' refusal to place timely orders for Fuji systems purchased by CSS, interferes with CSS's customer relationships and impedes its ability to continue to recommend and install Fuji systems.

## F.  The Fuji Defendants' Knowledge Of, And Participation And/Or Acquiescence To The Wrongful Actions Of The HDS Defendants.

101.   At all times relevant hereto, and as fully described, *supra*,  the Fuji Defendants were fully aware of the actions of its agents, the HDS Defendants.  The Fuji Defendants actively participated in the conspiracy and wrongful actions described here.

102.   Plaintiffs put all Defendants on notice of the wrongful nature of their actions several times prior to filing this action in an effort to stop Defendants' wrongful course of action.  Unfortunately, all Defendants continued to intentionally damage Plaintiffs' business reputation and business, and have in fact increased their efforts to shut Plaintiffs out of the Fuji

market in Kentucky.

103.   Plaintiffs wrote to Mr. Samuelson on September 15, 2023, detailing many of the problems Plaintiffs had experienced with HDS, and requested Fuji's assistance in repairing the relationship.  This correspondence went unanswered, and when Mrs. Thronton spoke with Samuelson to follow-up on this correspondence, Samuelson refused to address any of the substantive issues raised.

104.   After undersigned counsel for Plaintiffs separately wrote to the Fuji Defendants to again put them on notice of the tortious conduct of all Defendants, Samuelson and Oakley participated in a face-to-face meeting with Plaintiffs and undersigned counsel in Lexington, Kentucky on January 30, 2024.

105.   During this meeting, additional misrepresentations were made by Samuelson and Oakley.

106.   Also during this meeting, Plaintiffs informed Samuelson and Oakley that Fuji has failed in its compliance obligations under Kentucky law with respect to its installation of Fuji products throughout Kentucky.  Plaintiffs raised specific concerns about Fuji's failure to utilize properly certified installers and to have its systems inspected by properly trained waste management inspectors as required by Kentucky law and state agencies.

107.   This meeting took place without the presence of Fuji's legal counsel, at the request of the Fuji Defendants, and with the full approval of Fuji's counsel.

108.   After this meeting, on February 2, 2024, undersigned counsel wrote to the Fuji Defendants to communicate that the Plaintiffs relationship with the HDS Defendants had been irretrievably broken.  Plaintiffs requested that the Fuji Defendants allow Plaintiffs to continue to purchase Fuji systems either through a different distributor or through CSS, if the Fuji

Defendants would allow CSS to become a Kentucky distributor of Fuji products.

109.   In addition, undersigned counsel reiterated Plaintiffs' request for a copy of the

Dunn Report relating to the Six installation, and again requested the replacement part serial

numbers for the new Six tank and a letter indicating Fuji's agreement to renew the Six

warranty for an additional 2 years following the date of the new Six install.

110.   This correspondence went unanswered for several weeks.

111.    In the interim, all Defendants conspired to and did in fact continue to

intentionally damage Plaintiffs business reputation as part of a concerted effort and plan to shut

Plaintiffs out of the Kentucky Fuji market.

112.   On March 4, 2024, Fuji responded, indicating that Fuji would allow Plaintiffs to

purchase Fuji products through an Ohio distributor.  Fuji's acceptance" of this option offered

by Plaintiffs, however, was conditional and vague in a manner that was not acceptable to

Plaintiffs.

113.   Fuji's correspondence stated that "[a]s a condition to any such purchase, CSS

shall assume responsibility for the proper installation of the systems and the proper

management of all post-installation maintenance and servicing of the systems, in accordance

with Fuji standards."

114.   "Acceptance" of Plaintiffs' offer with these terms attached was not true

acceptance.  Instead, it was an attempt to coerce Plaintiffs into undertaking obligations and

liability over and above that which would be normally expected of an installer of a Fuji

product.

115.   This is particularly so because Plaintiffs have been unable, despite multiple

attempts over the past several months, to obtain any true guidance on what Fuji's "installation

25E78BC1-DBEE-4CC0-91BA-5D69B55B589D : 000023 of 000038

EXH : 000020 of 000035

standards" actually are.

**G.  The Defendants' Use Of A Defamatory Report In An International Fuji Conference.**

116.   In February, 2024, the Fuji Defendants provided Plaintiffs with an entirely inaccurate and biased report written by Mike Dunn (the "Report") relating to the installation of the Second Tank at the Six property. As set forth in detail, *supra*, Plaintiffs had been requesting this Report for months.

117.   When Plaintiffs received the Report, they immediately informed the Fuji Defendants that the Report contained demonstrable inaccuracies.  The Fuji Defendants did not reach out to CSS, the installer of the tank that was removed, to discuss the Report so that inaccuracies could be cured.  Instead, the Fuji Defendants used the Report as the basis for a slanderous presentation at Fuji's international conference in Florida in February.

118.   This conduct, upon information and belief, was in retaliation for the concerns raised by Plaintiffs regarding HDS and Fuji's certification issues in the Commonwealth of Kentucky during the parties' January 30th meeting.

119.   The Report is inaccurate from start to finish, and leaves out crucial details regarding the history of the project and the installation of the Second Tank – details which could have been obtained from Plaintiffs if Defendants had only inquired.

120.   Upon information and belief, the Report is yet another overt act taken by all Defendants, acting in concert, and conspiring with one another, to damage Plaintiffs' business opportunities and reputation in an effort to exclude them from the Kentucky Fuji market.

121.   On March 4, 2024, undersigned counsel wrote to the Fuji Defendants providing significant detail regarding the inaccuracies of the Report, as follows:

Filed          24-CI-00093   12/09/2024          Pamela J. Robinson, Anderson Circuit Clerk

122.   First, Plaintiffs informed Defendants that the Dunn Report is dated 9/20/23.  This is inaccurate.  The alarm on the Six system sounded on 8/19/23, CSS reported the alarm to HDS on 8/21/23, and Fuji supervised the excavation, performed by Hartman, on 10/02/2023.  Thus, the Report could not have been created on September 20, 2023.  The Report must have been created at a different date and then backdated, since the excavation of the Second Tank was not been performed until October 2, 2023. The Report is dated immediately after the date on which CSS filed a written complaint against HDS with Samuelson. This Report therefore appears to be in direct retaliation for the complaints lodged by CSS against HDS, as part of the overall alleged conspiracy between Defendants.

123.   Second, Plaintiffs informed Defendants that the installation date of 1/18/22 listed on the Report is inaccurate.  The Second Tank was installed on December 17, 2021, and was supervised by Beal.

124.   Third, Plaintiffs informed Defendants that the serial number listed on the Report is inaccurate.  The number provided on the Report is actually the NSF number, not the serial number (which is unique to every tank).

125.   Fourth, Plaintiffs informed Defendants that the date of last service is left blank on the Report.  This should reflect that CSS serviced the Second Tank in July, 2023- everything with the system was fine as of that date (13 months post-install).

126.   Fifth, Plaintiffs informed Defendants that the photo provided as a photo of the installation site is not a picture that depicts the condition of the site when the Second Tank was installed.  Plaintiffs provided the Fuji Defendants with several photos detailing the site conditions during the installation of the Second Tank, and the bedding for the tank.

127.   Sixth, Plaintiffs informed Defendants that the section of the Report explaining

Filed          24-CI-00093   12/09/2024          Pamela J. Robinson, Anderson Circuit Clerk

25E78BC1-DBEE-4C00-91BA-5D69B55B589D : 000025 of 000038

EXH : 000022 of 000035

how the damage was discovered, contains inaccurate information.  The First Tank was **not** installed on 11/10/2021 as the Report states.  The First Tank was installed on 12/02/21.  The tank was **not** replaced the first time 2/2022. Instead, the Second Tank was installed on 12/17/21.  Plaintiffs informed Defendants that the Report should also note that following the 12/17/21 install, the tank was not started up until June 24, 2022.  Plaintiffs informed Defendants that the Report should further note that after startup, the tank operated satisfactorily until the first alarm 14 months later, on August 19, 2023. The tank was not found to have no water in the third compartment until August 19, 2023 – 14 months after startup.

128.   Seventh, Plaintiffs informed Defendants that in the remedies attempted to-date section of the Report, it states that the Second Tank was replaced with Fuji supervision. The Report makes no mention of the fact that the UV light also had to be replaced.  It should furthermore be noted that Fuji did not provide supervision at the time the Second Tank was installed – rather, that install was supervised by Beal, who did not note any problems with the install.  The Report also makes no mention of the fact that Dunn did not report on-site to oversee the excavation of the Second Tank until excavation with heavy machinery was well underway.

129.   Eighth, Plaintiffs informed Defendants that the section of the Report explaining the mechanism of damage, is entirely inaccurate based on the photos and videos of the excavation of the Second Tank taken by Mr. Thornton of CSS.  These photos were provided to the Fuji Defendants.

130.   The Report states that the inlet and outlet pipes on the tank were not glued together.  Images provided to Defendants by Plaintiffs show the outlet valve of the Second Tank and demonstrate that the outlet pipe was in fact glued – it had to be cut off with a

25E78BC1-DBEE-4C0C-91BA-5D69B55B589D : 000026 of 000038

EXH : 000023 of 000035

Filed                    24-CI-00093    12/09/2024          Pamela J. Robinson, Anderson Circuit Clerk

Sawzall. This also demonstrates that there was no bulging below the outlet valve when the tank was excavated.

131.    The Report states that the risers were not attached to the tank at all.  A photo provided by Plaintiffs to Defendants shows that even after the tank had been fully excavated, the risers are still in place and are attached to the Second Tank.  This photo also shows the inlet valve, and depicts the valve as straight and the pipe as being attached to the Second Tank. Again, no downward pressure or bulging of the Second Tank is visible from this image.

132.    The Report states that the tank was sitting on bedrock with little to no bedding. The images provided by Plaintiffs to Defendants prove that proper C33 bedding was used in connection with the installation.

133.    The videos and photos taken by Mr. Thornton during the excavation of the Second Tank demonstrate that the excavator used by Hartman repeatedly contaminated the site by allowing the gravel placed on top of the Tank to slide down into the excavation site – making it impossible to analyze the bedding for the tank post-excavation. These photos and videos further show that shovels were used, and clanging is heard in the video – evidence that any damage to the tank was caused either by shovels during excavation or post-excavation.

134.    In fact, while the Report attaches an image of a cracked tank, this damage was never seen by Mr. Thornton when the first tank was excavated, and there is no way to determine whether this image is in fact an image of the Second Tank at the Six site.

135.    Plaintiffs informed Defendants that based on the foregoing, it is clear that conclusion of the Report – "complete failure of installation guidance" – is entirely baseless and defamatory of CSS.

136.    The Defendants' conspiracy and malicious intent in creating this Report is

Filed                    24-CI-00093    12/09/2024          Pamela J. Robinson, Anderson Circuit Clerk

25E78BC1-DBEE-4CC0-91BA-5D69B55B589D : 000027 of 000038

EXH : 000024 of 000035

furthermore evident from the manner in which it has been subsequently used. Despite the fact that CSS put the Fuji Defendants on notice that the Report was inaccurate immediately upon receiving it, the Fuji Defendants used the Report as the basis for a seminar at international conference.

137.   Mrs. Thornton signed up for this webinar, but was intentionally excluded – its registration was changed and then when CSS finally accessed the presentation, the speaker was muted. Plaintiffs have proof of these actions – apparently taken intentionally by Fuji to prevent Plaintiffs from learning that the inaccurate Report was being used by the Fuji Defendants to malign the "original installer" – CSS and Mr. Thornton.

138.   In its March 4, 2024 correspondence, Plaintiffs requested that the Fuji Defendants take affirmative action to correct the Report, and cease and desist from further using same.

139.   Unfortunately, all Defendants have continued to utilize the Report, posting it online, distributing it throughout the industry, and using the contents and conclusions of the Report to specifically malign the Plaintiffs to its competitors and potential clients.

140.   All Defendants, acting together and each taking concerted and individual action, have furthermore continued to misappropriate and disseminate Plaintiffs trade secrets, including details regarding its installation methods, its client lists, and its installation leads.

## COUNT I- VIOLATION OF THE KENTUCKY CONSUMER PROTECTION ACT

141.   Plaintiffs reiterate the foregoing Paragraphs as if set forth fully herein.

142.   The foregoing actions of all Defendants, acting individually and in concert, and each taking concerted action, constitute unfair, misleading, or deceptive acts or practices in the conduct of trade and commerce, which are illegal under the Kentucky Consumer Protection

25E78BC1-DBEE-4CC0-91BA-5D69B55B589D : 000028 of 000038

EXH : 000025 of 000035

Act, KRS 367.110-367.300, et seq.

143.   Plaintiffs have been directly and proximately damaged by the wrongful acts of Defendants, entitling them to relief under the Kentucky Consumer Protection Act.

144.   The actions of Defendants relative to this Count have been intentional, or at the very least reckless.

145.   Plaintiffs further seek an order of the Court enjoining Defendants for further conduct that is illegal and actionable in this regard.

## COUNT II – VIOLATION OF THE KENTUCKY UNFAIR TRADE PRACTICES ACT

146.   Plaintiffs reiterate the foregoing Paragraphs as if set forth fully herein.

147.   The foregoing actions of all Defendants, acting individually and in concert, and each taking concerted action, constitute violations of the Kentucky Fair Trade Practices Act, KRS § 365.050, *et. Seq.*, which prohibits the secret payment or allowance of rebates, refunds, commissions or unearned discounts, whether in the form of money or otherwise, or secretly extending to certain purchasers special services or privileges not extended to all purchasers purchasing upon like terms and conditions, to the injury of a competitor, and where such payment or allowance tends to destroy competition.

148.   Plaintiffs have been directly and proximately damaged by the wrongful acts of Defendants, entitling them to relief under the Kentucky Fair Trade Practices Act.

149.   The actions of Defendants relative to this Count have been intentional, or at the very least reckless.

150.   Plaintiffs further seek an order of the Court enjoining Defendants for further conduct that is illegal and actionable in this regard.

Filed                 24-CI-00093    12/09/2024      Pamela J. Robinson, Anderson Circuit Clerk

Case: 3:25-cv-00001-GFVT-EBA    Doc #: 1-1    Filed: 01/15/25    Page: 195 of 286 -
Page ID#: 199

25E78BC1-DBEE-4C00-91BA-5D69B55B589D : 000030 of 000038

EXH : 000027 of 000035

## COUNT III- VIOLATION OF THE KENTUCKY TRADE SECRETS PROTECTION ACT

151.    Plaintiffs reiterate the foregoing Paragraphs as if set forth fully herein.

152.    The foregoing actions of all Defendants, acting individually and in concert, and each taking concerted action, constitute violations of the Kentucky Trade Secrets Protect Act, KRS 365.880 et seq., which defines misappropriation as unauthorized ***acquisition***, ***use***, or ***disclosure*** of known trade secrets, which include but are not limited to methods of installation, client lists, marketing plans, and other confidential and protected information of Plaintiffs.

153.    Plaintiffs have been directly and proximately damaged by the wrongful acts of Defendants, entitling them to relief under the Kentucky Trade Secrets Protection Act.

154.    The actions of Defendants relative to this Count have been intentional, or at the very least reckless.

155.    Plaintiffs further seek an order of the Court enjoining Defendants for further conduct that is illegal and actionable in this regard.

## COUNT IV – VIOLATION OF KRS 367.170- ILLEGAL RESTRAINT OF TRADE

156.    Plaintiffs reiterate the foregoing Paragraphs as if set forth fully herein.

157.    The foregoing actions of all Defendants, acting individually and in concert, and each taking concerted action, violate § 367.170, which states that "every contract, combination in the form of trust and otherwise, or conspiracy, in restraint of trade or commerce in this Commonwealth shall be unlawful," and furthermore provides that "[i]t shall be unlawful for any person or persons to monopolize, attempt to monopolize or combine or conspire with any other person or persons to monopolize any part of the trade or commerce in this Commonwealth."

158.    Plaintiffs have been directly and proximately damaged by the wrongful acts of Defendants, entitling them to relief in excess of the jurisdictional minimums of this Court.

159.    The actions of Defendants relative to this Count have been intentional, or at the very least reckless.

160.    Plaintiffs further seek an order of the Court enjoining Defendants for further conduct that is illegal and actionable in this regard.

## COUNT V – NEGLIGENCE

161.    Plaintiffs reiterate the foregoing Paragraphs as if set forth fully herein.

162.    All Defendants owed Plaintiffs a duty of reasonable care to refrain from undertaking action that would damage the business activities and reputation of Plaintiffs.

163.    All Defendants violated this duty of ordinary care through the above-described actions.

164.    The Plaintiffs have been directly and proximately damaged by the tortious acts of Defendants, in excess of the jurisdictional requirements of this Court, and are entitled to relief for such damages.

## COUNT VI – NEGLIGENCE PER SE

165.    Plaintiffs reiterate the foregoing Paragraphs as if set forth fully herein.

166.    The foregoing described Kentucky statutes governing business practices in Kentucky, as described in Counts I-IV, provide standards of care for all Defendants in the conduct of business in Kentucky.

167.    Defendants' multiple, repeated, and concerted violations of the foregoing statutes constitutes negligence per se.

25E78BC1-DBEE-4CC0-91BA-5D69B55B589D : 000031 of 000038

EXH : 000028 of 000035

168.    The Plaintiffs have been directly and proximately damaged by the tortious acts of Defendants, in excess of the jurisdictional requirements of this Court, and are entitled to relief for such damages.

## COUNT VII- DEFAMATION

169.    Plaintiffs reiterate the foregoing Paragraphs as if set forth fully herein.

170.    Defendants have published to third parties unprivileged, false, and defamatory statements regarding Plaintiffs, as described in detail, *supra*, including but not limited to the specific misrepresentations in the Report, and statements to the effect that Plaintiffs are not skilled, adept, or following installation protocols with regard to their installation of Fuji systems in Kentucky.

171.    Defendants' publishing of false, unprivileged, false, and defamatory statements regarding Plaintiffs has damaged Plaintiffs in excess of the jurisdictional threshold of the Court in an amount to be established at trial

## COUNT VIII – INFLICTION OF EMOTIONAL DISTRESS

172.    Plaintiffs reiterate the foregoing Paragraphs as if set forth fully herein.

173.    All Defendants have a duty to conform their conduct in such a way as not to injure Plaintiffs.

174.    The intentional, and/or negligent, and/or reckless conduct of Defendants, as described fully hereinabove, has directly and proximately caused severe emotional injury to Plaintiffs Shannon Thornton and Jamie Thornton, who have suffered from anxiety and depression as a result of Defendants' actions.

175.    Plaintiffs Jamie and Shannon Thornton are entitled to recover damages as a result of this infliction of emotional distress in an amount in excess of the jurisdictional limits

of this Court in an amount to be determined at trial.

## COUNT IX- TORTIOUS INTERFERENCE WITH BUSINESS

176.   Plaintiffs reiterate the foregoing Paragraphs as if set forth fully herein.

177.   Plaintiffs had valid business relationships with their customers and other business

invitees through the operation of the business.

178.   Defendants were aware of the existence of these business relationships

throughout the Relevant Time Period.

179.   Defendants as set forth fully hereinabove, acting together and each individually

taking concerted action in furtherance of the scheme and individually, intentionally interfered

with Plaintiffs' valid business relationships with an improper motive.

180.   The Defendants' actions in interfering with Plaintiffs' valid business

relationships as hereinabove described has resulted in damages to Plaintiffs in the form of

reduced business, damage to reputation, and lost revenue and profits in excess of the

jurisdictional threshold of this Court in an amount to be determined at trial.

## COUNT X - FRAUD

181.   Plaintiff incorporates the allegations set forth in the preceding Paragraphs as if

fully set forth herein.

182.   Defendants, acting individually and together as part of a concerted scheme, with

each taking concerted action in furtherance of same, repeatedly represented to Plaintiffs that

they were complying with state regulations and the requirements of state agencies in

connection with the marketing and installation of Fuji products in Kentucky.

183.   These statements were false, were known to be false at the time and/or were

made recklessly, and were made with the intention of inducing Plaintiffs to continue to market

Filed                24-CI-00093    12/09/2024      Pamela J. Robinson, Anderson Circuit Clerk

and install Fuji systems in Kentucky.

184.    As a direct and proximate cause of the Defendants' fraud, Plaintiffs has suffered

damages.

## COUNT XI - CONSPIRACY

185.    Plaintiffs incorporates the allegations set forth in the preceding Paragraphs as if

fully set forth herein.

186.    All Defendants, in engaging in the course of conduct described, *supra*, acted

pursuant to a concerted plan of action, scheme, or agreement to damage Plaintiffs business

reputation and relationships, in an effort to exclude them from the Fuji market in Kentucky and

elsewhere.

187.     All Defendants, in engaging in the course of conduct described, *supra*, had full

knowledge of the wrongful and illegal nature of their conduct.

188.    All Defendants took independent action in furtherance of this agreement, as

described, *supra*.

189.    Plaintiffs suffered economic loss as a result of the Defendants' tortious actions.

190.    As a result of their agreement and conspiracy, each Defendant should be held

jointly and severally liable for the actions of the other made in furtherance of the agreement

and conspiracy.

## COUNT XII – VIOLATION OF ROBINSON-PATMAN ACT  15 U.S.C. § 13(a) AND CLAYTON ACT, 15 U.S.C. § 15(a)

191.    Plaintiffs reiterate and restate each of the foregoing allegations as if set forth

fully herein.

Filed                24-CI-00093    12/09/2024      Pamela J. Robinson, Anderson Circuit Clerk

25E78BC1-DBEE-4CC0-91BA-5D69B55B589D : 000034 of 000038

EXH : 000031 of 000035

192.     The Robinson-Patman Act prohibits sellers, such as HDS and Fujiclean, from discriminating in price between purchasers of goods of like grade and quality, where competitive injury may result.

193.     In pertinent part, 15 U.S.C. § 13(a) states that it is unlawful for any person engaged in commerce to "discriminate in price between purchasers of like commodities and grade and quality, where either of the purchasers involved in such discrimination are in commerce, where such commodities are sold for use, consumption, or resale," if the effect "may be substantially to lessen competition or tend to create a monopoly in any line of commerce, or to injure, destroy, or prevent competition with any person who either grants or knowingly receives the benefit of such discrimination, or with customers of each of them."

194.     Plaintiffs compete with other septic installers in Kentucky. Due to the wrongful actions and discriminatory conduct of the HDS Defendants and/or the Fujiclean Defendants, other installers are charged less for the same Fuji products.

195.     Through the practices detailed herein, other Kentucky installers with whom Plaintiffs are engaged in direct competition are provided direct referrals from Defendants, to the detriment of Plaintiffs, who do not receive such referrals.

196.     Through the practices detailed herein, Defendants have sold Fuji products of like grade and quality in interstate commerce to competitor-installers at lower prices than what has been offered to Plaintiffs.

197.     Similarly, by withholding payments due to Plaintiffs and otherwise refusing to provide referrals or offer incentives to Plaintiffs, Defendants have violated 15 U.S.C. § 13(a).

198.     Ultimately, the net effect of the Defendants' discrimination has been to

Filed                    24-CI-00093    12/09/2024        Pamela J. Robinson, Anderson Circuit Clerk

substantially lessen the competition between installers of Fuji products and septic systems with whom Plaintiffs compete.

199.    Plaintiffs have been severely prejudiced by the Defendants' discriminatory practices in that other installers are able to gain an unfair advantage over Plaintiffs.

200.    Defendants' conduct has permitted competing installers to reduce their prices, which forces Plaintiffs to lose sales or to miss out on potential opportunities entirely.

201.    Plaintiffs are entitled to treble damages together with pre-judgment and post-judgment interest under 15 U.S.C. § 15(a), as well as an injunction precluding Defendants from continuing to implement these discriminatory practices under 15 U.S.C. § 26.

202.    Plaintiffs are entitled to their attorneys' fees and its costs herein expended. *See* 15 U.S.C. §§ 15(a).

203.    Fuji is a manufacturer of septic systems, and HDS is a distributor of such systems.  Both Defendants are engaged in the sale of Fuji products in interstate commerce. The Fuji products sold to Plaintiffs and its competitors are transported across state lines for resale to customers.

WHEREFORE, Plaintiff respectfully prays for joint and several

judgment and relief against all Defendants, including: (1) A

trial by jury; (2) Actual damages in an amount to be determined

at trial; (3) Consequential or special damages (4) Punitive

damages; (5) Costs, expenses, and reasonable attorneys' fees;

(6) Treble damages; (7) All statutory relief to which Plaintiffs

are entitled under the Kentucky statutes described in Counts I -

XII, (8) Injunctive relief; and (9) Such other relief as this Court

deems fair and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a jury trial on all issues set forth in the above Complaint.

> Respectfully submitted,
> /s/Jessica Winters
> Jessica Winters,
> The Winters Law Group LLC 432 S.
> Broadway, Suite 2B Lexington, Kentucky
> 40508
> (859) 619-2134
> jessica@thewinterslawgroup.com

> ATTORNEY FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Plaintiffs' First Amended Complaint has been served

on this, the 9th day of December 2024, via electronic mail pursuant to Civ. R. 5.02 upon:

Robert W. Hojnoski
Lucas Harrison
2525 Harrodsburg Road, Suite 500
Lexington, KY 40504-3215
Robert.Hojnoski@fmglaw.com
Lucas.harrison@fmglaw.com
*Counsel for Defendants, Hydrodynamic
Solutions, Inc., Kelli Oakley, Mike Beal, and
Alan Davies*

Douglas T. Logsdon (Ky. Bar #87802)
David J. Guarnieri (Ky. Bar # 86522)
McBrayer, PLLC
201 East Main Street, Suite 900
Lexington, Kentucky 40507
Phone: (859) 231-8780
dlogsdon@mcbrayerfirm.com
dguarnieri@mcbrayerfirm.com
*Counsel for Defendants FujiClean USA,
LLC, Scott Samuelson, and Mike Dunn*

25E78BC1-DBEE-4CC0-91BA-5D69B55B589D : 000037 of 000038

EXH : 000034 of 000035

Filed        24-CI-00093   12/09/2024        Pamela J. Robinson, Anderson Circuit Clerk

/s/Jessica Winters
Counsel for Plaintiffs.

25E78BC1-DBEE-4CC0-91BA-5D69B55B589D : 000038 of 000038

EXH : 000035 of 000035

883306DA-9CA1-4BD0-A849-3FCE33E49DE7 : 000001 of 000026

**COMMONWEALTH OF KENTUCKY**
**ANDERSON COUNTY CIRCUIT COURT**
**DIVISION ONE**
**CIVIL ACTION NO. 24-CI-00093**

**CUSTOM SEPTIC SOLUTIONS, LLC,**                                **PLAINTIFFS**
**SHANNON THORNTON, and**
**JAMIE THORNTON**
**v.**

**FUJICLEAN USA, LLC, et al.**                                **DEFENDANTS**

**PLAINTIFFS' MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS**
**AND FOR COSTS**

\*\*\* \*\*\* \*\*\* \*\*\*

The Plaintiffs, Custom Septic Solutions, LLC ("CSS"), Shannon Thornton, and

Jamie Thornton ("Plaintiffs"), through counsel, hereby respectfully request the Court to

compel the Defendants, Hydrodynamic Solutions, Inc. ("HDS"), Keli Oakley, Mike Beal, and

Alan Davies ("Defendants" or "HDS Defendants"), AND Fujiclean USA LLC, Scott

Samuelson and Mike Dunn ("Defendants" or "Fujiclean Defendants"), to fully respond

under oath to the Interrogatories and Request for Production of Documents served by

Plaintiffs upon said Defendants on May 21, 2024, pursuant to Kentucky Rules of Civil

Procedure (CR) 33 and 34.  Plaintiffs also respectfully request that the Defendants be ordered to

pay attorney fees incurred in the bringing of the instant Motion in the amount of $1,000 as a

penalty for failure to fully respond to the Interrogatories and Requests for Production in a timely

manner despite having been given multiple extensions of time to do so as a professional

courtesy.

In support of this Motion, Plaintiffs respectfully state as follows:

Defendant FujiClean USA, LLC ("Fuji") is a manufacturer of onsite domestic waste

water treatment products.  Fuji only sells its products through its exclusive distributors in each

COM : 000001 of 000011

state in which it conducts business, and the exclusive Kentucky distributor for Kentucky of Fuji products is HDS.

CSS is a Kentucky-based installer of septic systems. The company is family-owned and operated, and has been in business since 2019. Shannon Thornton (who with his wife Jamie Thornton owns CSS) has obtained certification and is licensed with the Commonwealth of Kentucky as an on-site installer, and holds a Kentucky Wastewater I License. Mr. Thornton was also one of the first installers in Kentucky to obtain a certification through Fuji's training and certification program. In fact, CSS assisted in the installation of the very first Fuji systems in Kentucky, and also the largest cluster system in the state. Mr. Thornton is exceedingly qualified to not only install, but also to maintain, Fuji systems. CSS has installed six Fuji systems in the state of Kentucky.

Unfortunately, CSS's ability to continue to grow its business has been entirely thwarted over the past several months by the actions of the Fuji and HDS Defendants. As alleged in the Complaint, the HDS Defendants have engaged in a concerted course of conduct that has tortiously interfered with CSS's business and its relationships with its customers. As alleged in the Complaint, the Fuji Defendants have conspired with the HDS Defendants to damage CSS's business reputation and exclude CSS from the Kentucky Fuji market by offering more favorable terms of sale, warranties, and contractual protections to other installers of Fuji products than those offered to CSS, all in violation of Kentucky statutes concerning business practices.

In addition, as set forth in the Complaint, all Defendants have wrongfully acquired and disseminated CSS's protected trade secrets consisting of customer lists, installation techniques and products, and marketing and licensing strategies, in violation of the Kentucky Trade Secrets Protection Act. Furthermore, all Defendants have wrongfully misrepresented their certifications,

compliance with governing Kentucky statutes and regulations relating to the installation and maintenance of onsite sewage disposal units, in violation of the Kentucky Consumer Protection Act.

As a result of the foregoing, Plaintiffs have been effectively and completely eliminated from the Kentucky Fuji product market, and have lost significant revenue and business opportunities. This litigation was initiated to bring a halt to the Defendants' tortious activities and obtain redress for the damage caused to Plaintiffs. The Discovery Requests were served on all Defendants on May 21, 2024, with Responses due on June 21, 2024.

A.   **The HDS Defendants:**

Counsel for the HDS Defendants requested an extension of time – to July 22, 2024 – to provide Responses, which was granted by counsel for Plaintiffs as a professional courtesy. Counsel for the HDS Defendants stated by email that the Responses would be provided on or before that date. No such Responses were received by the agreed-upon extended deadline. On July 23, 2024, Plaintiffs filed a Motion to Compel, which was noticed to be heard on August 27th.

Shortly before the Motion to Compel was scheduled to come on for hearing before the Court, counsel for the HDS Defendants reached out to counsel for Plaintiffs to negotiate a resolution. Plaintiffs agreed to withdraw their Motion to Compel in exchange for an agreement by the HDS Defendants to provide Responses to the Interrogatories and Requests for the Production of Documents before September 1st. Counsel for the HDS Defendants further agreed that if the HDS Defendants failed to respond to the Discovery Requests as agreed, they would pay the Plaintiffs' cost and fees associated with refiling the Motion to Compel. See Email Communications, attached as Exhibit A.

On August 31, 2024, the HDS Defendants responded to the Interrogatories propounded by Plaintiffs. The HDS Defendants failed, however, to produce any documents responsive to the Plaintiffs' Requests for the Production of Documents. The Answers to Interrogatories were likewise deficient in several key respects. See HDS Discovery Responses, attached as Exhibit B.

Undersigned counsel followed-up with counsel for the HDS Defendants by letter dated September 16th, requesting supplemental Answers to Interrogatories as well as the documents responsive to the Requests for the Production of Documents (which were referenced in the written Discovery Responses but not produced). See September 16, 2024 Correspondence, attached as Exhibit C. No response to this correspondence was received. On October 9, 2024, undersigned counsel again requested supplementation by email to counsel for HDS Defendants. No response to this email or supplementation has been provided to-date. See October 9, 2023 Email, attached as Exhibit D.

The failure of the HDS Defendants to provide any responsive documentation, necessitated Plaintiffs filing a Motion to Compel, which was Noticed to be heard by this Court on October 29th. Undersigned counsel travelled from Lexington to attend the Motion Hour. Before motion hour began, counsel for the HDS Defendants agreed to produce the responsive documents and information that were the subject of the Motion to Compel on or before November 30, 2024, and to pay Plaintiffs' costs incurred in bringing the Motion to Compel in the amount of $1,000. The parties entered into an Agreed order granting Plaintiffs' Motion to Compel, which imposed these requirements upon the HDS Defendants. This Court signed the Agreed Order on November 25, 2024.

On November 27, 2024, the HDS Defendants served Discovery Responses on Plaintiffs, as well as some responsive documents – 50 pages in total. Unfortunately, the HDS Defendants

have continued to refuse to produce any documents responsive to several of Plaintiffs' Document Requests, despite the fact that responsive document undisputably exist.  The HFS Defendants have further continued I their refusal to provide fully responsive Answers to Interrogatories.  As a result, Plaintiffs have, for the third time, been forced to seek this Court's intervention. Principles of equity dictate that sanctions be levied against the HDS Defendants – the Plaintiffs have been attempting for more than 6 months, and have incurred thousands of dollars in legal fees, attempting to obtain complete responses to basic discovery requests.

The HDS Defendants have failed to produce <u>any</u> documents responsive to the following Requests, despite stating in their initial responses that responsive documents were "produced herewith," and being ordered by the Court to provide responsive documents on or before November 30, 2024.

a. **REQUEST NO. 8:** All documents (including receipts, invoices, contracts, checks, or notes) relating in any way to the installation of, modifications or repairs to, or replacement of Fujiclean products at the Six Property in Kentucky.

b. **REQUEST NO. 11:** Any document of whatever nature in your possession relating to Paul Ballard.

c. **REQUEST NO. 17**: Copies of all training materials and any authorized state syllabus for any training provided by You from 2021 to present.

d. **REQUEST NO. 19:** All documents of whatever nature in your possession relating or referring to Michael Richards or the installation of a Fujiclean system at his property.

e. **REQUEST NO. 20:** All documents of whatever nature in your possession relating or referring to Douglas Flaugherty, or the installation of Fujiclean products at his properties.

f. **REQUEST NO. 24:** All documents relating to the revocation of your authority to conduct business in Kentucky, and the re-certification of authority regarding same.

g. **REQUEST NO. 25:** Any resale certificate in your possession.

h. **REQUEST NO. 26:** All documents, email communications, text messages, certifications, contracts, or any other form of communication or documentation referring to or regarding Paul Ballard.

i. **REQUEST NO. 27:** All documents, email communications, text messages, certifications, contracts, or any other form of communication or documentation referring to or regarding Chris Hartman.

j. **REQUEST NO. 28:** All documents, including but not limited to email communications and text messages, between You and Joe Plourde that refer or relate to the Plaintiffs

The Plaintiffs seek to compel the HDS Defendants to provide documents and information with regard to the following Interrogatories and Requests for which the HDS Defendants previously provided partial responses:

a. **INTERROGATORY NO. 24:** Identify all Fujiclean systems installed in Kentucky since 2020, providing for each the identity of the installer, the identity of the O&M provider, the date on which the system was installed, and the price of the unit installed. Include for each such system a detailed description of any problems experienced by the owners of such systems, whether warranty claims had been initiated, and how such problems were addressed by You or the Fujiclean Defendants. **The HDS Defendants have produced some information, but have failed to provide the prices charged or identity of the**

Filed          24-CI-00093   12/09/2024          Case: 3:25-cv-00001-GFVT-EBA   Doc #: 1-1   Filed: 01/15/25   Page: 210 of 286 -  Pamela J. Robinson, Anderson Circuit Clerk

Page ID#: 214

O&M provider for each identified system listed.  No information has been provided regarding the Charles Wallace system (580 Reed Lane, Simpsonville, Kentucky).

b. **INTERROGATORY NO. 22**: Identify the individual or company who is listed as the installers for the Fujiclean system at the Isaiah house, providing the date on which such installation was completed. **The HDS Defendants have provided some information, but have failed to provide the date on which the installation was provided.**

c. **REQUEST NO. 9:** All contracts and/or agreements that You, your employees, agents, and/or representatives entered into regarding the sale, installation, maintenance, or repairs of Fujiclean products in Kentucky.  **In Response to this Request, HDS produced its Distributor Agreement.  HDS has failed to produce any documentation, including sales or purchase orders or invoices, relating the sale, installation maintenance or repair of Fujiclean products in Kentucky.**

d. **REQUEST NO. 29:** All documents, email communications, text messages, certifications, contracts, or any other form of communication or documentation referring to or relating to the Isaiah House Project.  **The HDS Defendants have produced one document reflecting a series of payments made regarding this job.  The HDS Defendants failed to produce much of the requested responsive information, including but not limited to email communications, text messages, certifications, or contracts relating to the Isaiah House Project.**

e. **REQUEST NO. 14**: All communications sent or received by You regarding or referencing any of the Plaintiffs to this proceeding; **REQUEST NO. 15**: All emails between You and any Fujiclean Defendant between 2021 and the present date. **In Response to these Requests, the HDS Defendants produced a total of 57 pages of**

883306DA-9CA1-4BD0-A849-3FCE33E49DE7 : 000007 of 000026

COM : 000007 of 000011

883306DA-9CA1-4BD0-A849-3FCE33E49DE7 : 000008 of 000026

**documentation. This Response is severely lacking. The Plaintiffs have requested all communications, of whatever kind and with any person or entity, regarding the Plaintiffs and all communications between the HDS Defendants and the Fujiclean Defendants. This request is not overly onerous, as such written communications can be located simply by searching one's text messages or emails for the Plaintiffs' name or the names of its principals. The HDS Defendants have not set forth any valid objection to the Request.**

Discovery Requests seeking information in the HDS Defendants' possession relevant to Plaintiffs' claims was served more than six months ago. To-date, Plaintiffs have received very few responsive documents. Plaintiffs have received incomplete and evasive Answers to Interrogatories. The HDS Defendants' actions with regard to Plaintiffs' efforts to obtain Discovery Responses illustrate a strategy of gamesmanship that is not permitted by our Civil Rules, and sanctions are warranted.

**B. The Fujiclean Defendants:**

By this Motion, Plaintiffs further request the Court to compel the Fujiclean Defendants to provide the following information:

1. Verification of Fujiclean supplemental responses.

2. Training video referenced in discovery responses.

3. The NSF letter referenced at p. 693 of produced docs

4. The Tank handling SOP referenced at p. 718 of produced documents produced by Fujiclean

COM : 000008 of 000011

5.  The unredacted copy of email produced at p. 830 of produced docs, or justification for redaction with accompanying privilege log.

6 Images reflected in thumbnails on the text and the video file reflected on the printed texts of documents produced by Fujiclean Defendants at p. 821.

7.  Additional images sent on the text thread produced by Fujiclean Defendants at p. 822.

8. All texts with Christ Hartman that reference the Six project or Plaintiffs in any way.

9.  Supplemental Answer to Interrogatory No. 24 by stating whether the complaint of odor resulted in the filing of a warranty claim.

In support of this Request, Plaintiffs respectfully state that the foregoing is responsive to Discovery Requests served upon the Fujiclean Defendants in May, 2024.  Plaintiffs dd receive timely responses to those Requests, and have also received supplemental response from Fujiclean, after repeated follow-up with those Defendants in writing.  The foregoing information was requested as a supplementation in writing on October 9, 2024.  Undersigned counsel sent a follow-up to this request on November 26, 2024 (*see* Email, attached as <u>Exhibit</u> <u>F</u>).  Plaintiffs have received no response to these communications.

## CONCLUSION

Based on the foregoing, Plaintiffs request this Court to enter an Order directing the Fujiclean and HDS Defendants to provide Plaintiffs with full and complete Discovery Responses within 7 days of the entry of this Court's Order, and to pay Plaintiffs' attorney fees incurred in bringing the instant Motion in the amount of $1000.

## NOTICE

883306DA-9CA1-4BD0-A849-3FCE33E49DE7 : 000009 of 000026

COM : 000009 of 000011

Take NOTICE that the foregoing Motion to Compel and for Costs will come on for hearing before the Anderson Circuit Court, Honorable Melanie Brummer presiding, on Tuesday, December 17, 2024, at the hour of 1p.m., or as soon thereafter as the parties may be heard.

Respectfully submitted,

/s/Jessica Winters

_____
Jessica K. Winters
The Winters Law Group, LLC
432 S. Broadway, Suite B
Lexington, KY 40508
Phone: (859) 619-2134
Email: jessica@thewinterslawgroup.com
COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiffs' Motion to Compel and for Costs has been served on this, the 9th day of December 2024, via electronic mail pursuant to Civ. R. 5.02 upon:

Robert W. Hojnoski
Lucas Harrison
2525 Harrodsburg Road, Suite 500
Lexington, KY 40504-3215
Robert.Hojnoski@fmglaw.com
Lucas.harrison@fmglaw.com
*Counsel for Defendants, Hydrodynamic Solutions, Inc., Kelli Oakley, Mike Beal, and Alan Davies*

Douglas T. Logsdon (Ky. Bar #87802)
David J. Guarnieri (Ky. Bar # 86522)
McBrayer, PLLC
201 East Main Street, Suite 900
Lexington, Kentucky 40507
Phone: (859) 231-8780
dlogsdon@mcbrayerfirm.com

883306DA-9CA1-4BD0-A849-3FCE33E49DE7 : 000010 of 000026

COM : 000010 of 000011

dguarnieri@mcbrayerfirm.com
*Counsel for Defendants FujiClean USA,*
*LLC, Scott Samuelson, and Mike Dunn*

/s/Jessica Winters
Counsel for Plaintiffs.

883306DA-9CA1-4BD0-A849-3FCE33E49DE7 : 000011 of 000026

COM : 000011 of 000011



**Jessica Winters <jessica@jessicawinterslaw.com>**

## Custom Septic 24-CI-00093

**Jessica Winters** <jessica@thewinterslawgroup.com>                    Mon, Aug 26, 2024 at 2:36 PM
To: Robert Hojnoski <Robert.Hojnoski@fmglaw.com>, Austin Anderson <aanderson@fmglaw.com>

I talked to my clients.  They will agree to withdraw the Motion if you agree to pay any costs with a renewed motion if responses are not provided as agreed by the end of this month. Let me know how you would like to proceed.
Best,
Jessica
[Quoted text hidden]
[Quoted text hidden]
[Quoted text hidden]



883306DA-9CA1-4BD0-A849-3FCE33E49DE7 : 000012 of 000026

EXH : 000001 of 000001



432 S Broadway Suite 2B  -  Lexington, KY 40508       859.309.4659  -  jessica@thewinterslawgroup.com

www.thewinterslawgroup.com

**SENT VIA EMAIL**
robert.hojnoski@fgmglaw.com

September 16, 2024

Robert Hojnoski
2525 Harrodsburg Road, Suite 500
Lexington, Kentucky
40504

  Re: <u>24-CI-00093</u>

Dear Mr. Hojnoski:

  I write on behalf of my client Custom Septic Solutions, LLC ("CSS"), to in an attempt to resolve a discovery dispute in the above-referenced action.  I have reviewed the Responses to Plaintiffs' Discovery Requests that you served on August 31, 2024, and am requesting that you supplement those Responses on behalf of your clients, as follows:

  Interrogatory No. 9:  Please supplement to identify the role and scope of work for each listed individual with regard to the sale, distribution, licensing, certification, registration or marketing of Fujiclean products in Kentucky.

  Interrogatory Nos. 11 and 12: To the extent you are claiming the term "listed by you" is vague, this means any installer/ O&M Provider of Fujiclean products that you list on your website, social media, or marketing materials. To be clear, these Interrogatories seek the identifies of persons or companies that you list – not those certified as installers or O&M providers by the Commonwealth of Kentucky. Please also identify the person or persons responsible for verifying credentials, including the proper state certifications. If there is no such individual who verifies credentials, simply state such.

  Interrogatory No. 13.  This is a non-response. Please respond to the Interrogatory.  If there is no such individual who works for you, simply state such.

  Interrogatory No. 15: Please provide documents referenced in response to this Interrogatory.

1

Interrogatory Nos. 16 and 17.  These are not completely responded to. Please respond fully to these Interrogatories.  If you simply do not know what training and credentials are required for installers of Fujiclean products in the state of Kentucky – aside from the Fuji-provided certification – then please so state.

Interrogatory No. 19 – The information requested is relevant, and Plaintiffs are not in possession of this information.  Specifically, the information sought is relevant to whether HDS was charging customers of Plaintiffs different prices than the prices charged to customers of other installers in an effort to undercut the Plaintiffs' business.

Interrogatory No. 22: Please respond to this Interrogatory. To the extent that you believe this question is vague, please identify the individual or company listed as the installer for the system on the permits pulled for this project and/or on the Fuji Warranty paperwork.

Interrogatory No. 24: Please respond to this Interrogatory, which is not overbroad or burdensome.  This information is in your possession, and should be able to be easily pulled from your files.  The information sought is directly relevant to the claims in this action – the information is necessary to establishing the qualifications of Plaintiffs vis-a-vis other installers who you have promoted and for whom you have facilitated the purchase of Fujiclean products.  In addition, the information bears directly on the question of whether the problems identified with the Six unit, or other problems, have been experienced by the purchasers of other Fuji systems.  The manner in which you responded to complaints from other purchasers in comparison to the manner in which complaints regarding the Six unit or other systems Plaintiffs installed is also relevant to the Plaintiffs' claims.

Many of your responses say see documents produced, yet no documents have been produced. Please supplement your answers to Interrogatories and produce responsive documents on or before October 1, 2024.

 If you have any questions or wish to discuss these matters further with me, please feel free to call.   With best personal regards, I remain

Sincerely yours,

Jessica K. Winters, Esq.

cc: Jamie Thornton, Shannon Thornton

Filed          24-CI-00093   12/09/2024   Pamela J. Robinson, Anderson Circuit Clerk



432 S Broadway Suite 2B  -  Lexington, KY 40508          859.309.4659  -  jessica@thewinterslawgroup.com

www.thewinterslawgroup.com

**SENT VIA EMAIL**
robert.hojnoski@fgmglaw.com

September 16, 2024

Robert Hojnoski
2525 Harrodsburg Road, Suite 500
Lexington, Kentucky
40504

     Re:   <u>24-CI-00093</u>

Dear Mr. Hojnoski:

     I write on behalf of my client Custom Septic Solutions, LLC ("CSS"), to in an attempt to resolve a discovery dispute in the above-referenced action.  I have reviewed the Responses to Plaintiffs' Discovery Requests that you served on August 31, 2024, and am requesting that you supplement those Responses on behalf of your clients, as follows:

     Interrogatory No. 9:  Please supplement to identify the role and scope of work for each listed individual with regard to the sale, distribution, licensing, certification, registration or marketing of Fujiclean products in Kentucky.

     Interrogatory Nos. 11 and 12: To the extent you are claiming the term "listed by you" is vague, this means any installer/ O&M Provider of Fujiclean products that you list on your website, social media, or marketing materials. To be clear, these Interrogatories seek the identifies of persons or companies that you list – not those certified as installers or O&M providers by the Commonwealth of Kentucky. Please also identify the person or persons responsible for verifying credentials, including the proper state certifications. If there is no such individual who verifies credentials, simply state such.

     Interrogatory No. 13.  This is a non-response. Please respond to the Interrogatory.  If there is no such individual who works for you, simply state such.

     Interrogatory No. 15: Please provide documents referenced in response to this Interrogatory.

1

883306DA-9CA1-4BD0-A849-3FCE33E49DE7 : 000015 of 000026

EXH : 000001 of 000002

Interrogatory Nos. 16 and 17.  These are not completely responded to. Please respond fully to these Interrogatories.  If you simply do not know what training and credentials are required for installers of Fujiclean products in the state of Kentucky – aside from the Fuji-provided certification – then please so state.

Interrogatory No. 19 – The information requested is relevant, and Plaintiffs are not in possession of this information.  Specifically, the information sought is relevant to whether HDS was charging customers of Plaintiffs different prices than the prices charged to customers of other installers in an effort to undercut the Plaintiffs' business.

Interrogatory No. 22: Please respond to this Interrogatory. To the extent that you believe this question is vague, please identify the individual or company listed as the installer for the system on the permits pulled for this project and/or on the Fuji Warranty paperwork.

Interrogatory No. 24: Please respond to this Interrogatory, which is not overbroad or burdensome.  This information is in your possession, and should be able to be easily pulled from your files.  The information sought is directly relevant to the claims in this action – the information is necessary to establishing the qualifications of Plaintiffs vis-a-vis other installers who you have promoted and for whom you have facilitated the purchase of Fujiclean products.  In addition, the information bears directly on the question of whether the problems identified with the Six unit, or other problems, have been experienced by the purchasers of other Fuji systems.  The manner in which you responded to complaints from other purchasers in comparison to the manner in which complaints regarding the Six unit or other systems Plaintiffs installed is also relevant to the Plaintiffs' claims.

Many of your responses say see documents produced, yet no documents have been produced. Please supplement your answers to Interrogatories and produce responsive documents on or before October 1, 2024.

 If you have any questions or wish to discuss these matters further with me, please feel free to call.   With best personal regards, I remain

Sincerely yours,

Jessica K. Winters, Esq.

cc: Jamie Thornton, Shannon Thornton

Filed          24-CI-00093      12/09/2024          Pamela J. Robinson, Anderson Circuit Clerk



Jessica Winters <jessica@jessicawinterslaw.com>

---

## Custom Septic / FujIClean discovery supplementation

**Jessica Winters** <jessica@thewinterslawgroup.com>                    Wed, Oct 9, 2024 at 4:15 PM
To: "Douglas T. Logsdon" <dlogsdon@mcbrayerfirm.com>
Cc: Robert Hojnoski <robert.hojnoski@fmglaw.com>, Austin Anderson <aanderson@fmglaw.com>

Following up on prior emails to counsel for both Fuji and HDS  to request:
1. Verification of Fujiclean supplemental responses
2. Training video
3. The NSF letter referenced at p. 693 of produced docs
4. The Tank handling SOP referenced at p. 718 of produced docs
5.  The unredacted copy of email produced at p. 830 of produced docs, or justification for redaction with accompanying privilege log.
6. The text message produced at p. 821 reflects that additional images were sent re: Six tank on this text thread.  please produce the images reflected in thumbnails on the text and the video file reflected at this page of the printed texts..
7.  The text message produced at p. 822 reflects that additional images were sent  on this text thread.  Please produce the images reflected in thumbnails reflected at this page of the printed texts.
8. Please produce all other texts with Christ Hartman that reference the Six project or Plaintiffs in any way.
9.  Please supplement your Answer to Interrogatory No. 24 by stating whether the complaint of odor resulted in the filing of a warranty claim.
10. **HDS- please provide response to September 16th letter and request for supplementation**.
Thanks,
Jessica
[Quoted text hidden]
--

**Jessica Winters -** Managing Member
The Winters Law Group, LLC
432 S Broadway Suite 2B - Lexington, KY 40508
Office - (859)309-4659 Ext. 1
Cell - (859)619-2134



Filed          24-CI-00093   12/09/2024          Pamela J. Robinson, Anderson Circuit Clerk

Tendered       24-CI-00093   10/30/2024          Pamela J. Robinson, Anderson Circuit Clerk

**COMMONWEALTH OF KENTUCKY**
**ANDERSON COUNTY CIRCUIT COURT**
**DIVISION ONE**
**CIVIL ACTION NO. 24-CI-00093**

**CUSTOM SEPTIC SOLUTIONS, LLC,**                    **PLAINTIFFS**
**SHANNON THORNTON, and**
**JAMIE THORNTON**
**v.**

**FUJICLEAN USA, LLC, et al.**                        **DEFENDANTS**

<u>**AGREED ORDER**</u>

\*\*\* \*\*\* \*\*\* \*\*\*

The Plaintiffs, Custom Septic Solutions, LLC ("CSS"), Shannon Thornton, and

Jamie Thornton ("Plaintiffs"), through counsel, having moved the Court for an Order

compelling the Defendants, Hydrodynamic Solutions, Inc. ("HDS"), Keli Oakley, Mike

Beal, and Alan Davies ("Defendants" or "HDS Defendants") to fully respond under oath to

the Interrogatories and Request for Production of Documents served by Plaintiffs upon said

Defendants on May 21, 2024; Plaintiffs having further requested that the HDS Defendants be

ordered to pay attorney fees incurred in the bringing of the instant Motion in the amount of $500

as a penalty for failure to fully respond to the Interrogatories and Requests for Production in a

timely manner; the parties having appeared before the Court, and the parties being in agreement

with regard to same, it is hereby ORDERED as follows:

1. The Plaintiffs' Motion is GRANTED. As per the parties' agreement, the HDS

   Defendants are hereby directed to fully respond under oath to the Interrogatories

   and Request for Production of Documents served by Plaintiffs upon said

   Defendants on May 21, 2024 on or before November 30, 2024; and

2. Upon agreement of the parties, the HDS Defendants shall pay the Plaintiffs' costs

Tendered       24-CI-00093   10/30/2024          - 1 -   Pamela J. Robinson, Anderson Circuit Clerk

ANDERSON CIRCUIT/DISTRICT COURT
PAMELA J. ROBINSON, CLERK
ENTERED: 11.25.24
BY: _____

Filed          24-CI-00093   12/09/2024          Pamela J. Robinson, Anderson Circuit Clerk

Filed          24-CI-00093      12/09/2024          Pamela J. Robinson, Anderson Circuit Clerk

Filed          24-CI-00093      12/09/2024          Pamela J. Robinson, Anderson Circuit Clerk

883306DA-9CA1-4BD0-A849-3FCE33E49DE7 : 000019 of 000026

EXH : 000002 of 000008

in the amount of $500 on or before November 30, 2024.

Dated this, the 19th day of _Nov._, 2024

_(signature)_

ANDERSON CIRCUIT JUDGE

Tendered by:

/s/Jessica Winters

Jessica K. Winters
The Winters Law Group, LLC
432 S. Broadway, Suite B
Lexington, KY 40508
Phone: (859) 619-2134
Email: jessica@thewinterslawgroup.com
COUNSEL FOR PLAINTIFFS

Have seen and to be entered:

/s/Lucas Harrison
Robert W. Hojnoski
Lucas Harrison
2525 Harrodsburg Road, Suite 500
Lexington, KY 40504-3215
Robert.Hojnoski@fmglaw.com
Lucas.harrison@fmglaw.com
_Counsel for Defendants, Hydrodynamic
Solutions, Inc., Kelli Oakley, Mike Beal, and
Alan Davies_

/s/Douglas T. Logsdon
Douglas T. Logsdon (Ky. Bar #87802)
David J. Guarnieri (Ky. Bar # 86522)
McBrayer, PLLC
201 East Main Street, Suite 900
Lexington, Kentucky 40507

Filed                24-CI-00093    12/09/2024              Pamela J. Robinson, Anderson Circuit Clerk

Tendered          24-CI-00093    10/30/2024          Pamela J. Robinson, Anderson Circuit Clerk

Phone: (859) 231-8780
dlogsdon@mcbrayerfirm.com
dguarnieri@mcbrayerfirm.com
*Counsel for Defendants FujiClean USA,*
*LLC, Scott Samuelson, and Mike Dunn*

### CLERK'S CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Agreed Order Re: Plaintiffs' Motion to Compel and for Costs has been served on this, the 25th day of Nov., 2024, via electronic mail pursuant to Civ. R. 5.02 upon:

Robert W. Hojnoski
Lucas Harrison
2525 Harrodsburg Road, Suite 500
Lexington, KY 40504-3215
Robert.Hojnoski@fmglaw.com
Lucas.harrison@fmglaw.com
*Counsel for Defendants, Hydrodynamic*
*Solutions, Inc., Kelli Oakley, Mike Beal, and*
*Alan Davies*

Douglas T. Logsdon (Ky. Bar #87802)
David J. Guarnieri (Ky. Bar # 86522)
McBrayer, PLLC
201 East Main Street, Suite 900
Lexington, Kentucky 40507
Phone: (859) 231-8780
dlogsdon@mcbrayerfirm.com
dguarnieri@mcbrayerfirm.com
*Counsel for Defendants FujiClean USA,*

Tendered          24-CI-00093    10/30/2024         - 3 -  Pamela J. Robinson, Anderson Circuit Clerk

Filed                24-CI-00093        12/09/2024                    Pamela J. Robinson, Anderson Circuit Clerk

Filed                24-CI-00093        12/09/2024                    Pamela J. Robinson, Anderson Circuit Clerk

883306DA-9CA1-4BD0-A849-3FCE33E49DE7 : 000023 of 000026

EXH : 000006 of 000008

Filed          24-CI-00093      12/09/2024          Pamela J. Robinson, Anderson Circuit Clerk

Tendered          24-CI-00093      10/30/2024          Pamela J. Robinson, Anderson Circuit Clerk

*LLC, Scott Samuelson, and Mike Dunn*

Jessica K. Winters
The Winters Law Group, LLC
432 S. Broadway, Suite B
Lexington, KY 40508
Phone: (859) 619-2134
Email: jessica@thewinterslawgroup.com
COUNSEL FOR PLAINTIFFS

883306DA-9CA1-4BD0-A849-3FCE33E49DE7 : 000024 of 000026

TD : 000004 of 000004

EXH : 000007 of 000008

Filed          24-CI-00093      12/09/2024          Pamela J. Robinson, Anderson Circuit Clerk

Filed    24-CI-00093    12/09/2024    Pamela J. Robinson, Anderson Circuit Clerk

883306DA-9CA1-4BD0-A849-3FCE33E49DE7 : 000025 of 000026

EXH : 000008 of 000008



Jessica Winters <jessica@jessicawinterslaw.com>

---

## HDS/Custom Septic Follow-up

---

**Jessica Winters** <jessica@thewinterslawgroup.com>                    Mon, Nov 25, 2024 at 9:42 PM
To: "Douglas T. Logsdon" <dlogsdon@mcbrayerfirm.com>, Austin Anderson <aanderson@fmglaw.com>, Robert Hojnoski <robert.hojnoski@fmglaw.com>, "David J. Guarnieri" <dguarnieri@mcbrayerfirm.com>

Doug and David- I am writing to follow-up on the the below email, which was originally sent on October 9th.  When can I expect the requested supplementation?

Following up on prior emails to counsel for both Fuji and HDS  to request:
1. Verification of Fujiclean supplemental responses
2. Training video
3. The NSF letter referenced at p. 693 of produced docs
4. The Tank handling SOP referenced at p. 718 of produced docs
5.  The unredacted copy of email produced at p. 830 of produced docs, or justification for redaction with accompanying privilege log.
6. The text message produced at p. 821 reflects that additional images were sent re: Six tank on this text thread.  please produce the images reflected in thumbnails on the text and the video file reflected at this page of the printed texts..
7.  The text message produced at p. 822 reflects that additional images were sent  on this text thread.  Please produce the images reflected in thumbnails reflected at this page of the printed texts.
8. Please produce all other texts with Christ Hartman that reference the Six project or Plaintiffs in any way.
9.  Please supplement your Answer to Interrogatory No. 24 by stating whether the complaint of odor resulted in the filing of a warranty claim.

Thanks,
Jessica

--

**Jessica Winters -** Managing Member
The Winters Law Group, LLC
432 S Broadway Suite 2B - Lexington, KY 40508
Office - (859)309-4659 Ext. 1
Cell - (859)619-2134



883306DA-9CA1-4BD0-A849-3FCE33E49DE7 : 000026 of 000026

EXH : 000001 of 000001

**COMMONWEALTH OF KENTUCKY**
**ANDERSON COUNTY CIRCUIT COURT**
**DIVISION ONE**
**CIVIL ACTION NO. 24-CI-00093**
*FILED ELECTRONICALLY*


**CUSTOM SEPTIC SOLUTIONS, LLC,**                                  **PLAINTIFFS**
**SHANNON THORNTON, and**
**JAMIE THORNTON**


**v.**                    **RESPONSE OF FUJICLEAN DEFENDANTS**
                          **TO MOTION TO COMPEL**


**HYDRODYNAMIC SOLUTIONS, INC.,**                                 **DEFENDANTS**
**KELLI OAKLEY,**
**MIKE BEAL,**
**ALAN DAVIES,**
**FUJICLEAN USA LLC,**
**SCOTT SAMUELSON,**
**and**
**MIKE DUNN**

                         **\*\*\*   \*\*\*   \*\*\***

Come the Defendants FujiClean USA, LLC ("FujiClean"), Scott Samuelson ("Samuelson"), and Mike Dunn ("Dunn") (collectively, "FujiClean Defendants"), by counsel, and hereby make this Response To Plaintiffs' Motion To Compel Responses To Discovery Requests And For Costs, as follows:

1.      In response to Plaintiffs' very broad initial written discovery requests served May 21, 2022, the FujiClean Defendants provided extensive answers to interrogatories and responses to requests for production, and produced approximately 688 pages of documents, on July 3, 2024. Plaintiffs made an informal request for supplementation on July 23, 2024. After preparing and obtaining an Agreed Protective Order, the FujiClean Defendants provided supplemental interrogatory answers and produced approximately 144 additional pages of documents on September 20, 2024. FujiClean's supplemental answers and responses were thorough and produced within a reasonable time.

1

2.      As pertains to FujiClean, the Plaintiffs' pending Motion To Compel pertains solely to Plaintiffs' <u>second</u> informal request for supplementation made on October 9, 2024, after FujiClean had already provided thorough initial responses and initial supplementation.   The follow-up requests in this <u>second</u> informal request for supplementation were of very limited scope and questionable probative value (see p. 8-9 of Motion To Compel and below). FujiClean responded to the Plaintiffs' second informal requests for supplementation, and produced an additional 19 pages of documents, on December 12, 2024 (see email attached as **Exhibit A**).   The Plaintiffs' second requests for supplementation, with FujiClean Defendants' supplemental responses in **bold**, were as follows:

1.   Verification of Fujiclean supplemental responses.  **Verification of the supplemental responses was sent to you via email dated October 3, 2024.  Please advise if we need to re-send.**

2. Training video.  **A link to the training video was sent you via email dated October 28, 2024.  Please advise if we need to re-send.**

3. The NSF letter referenced at p. 693 of produced docs.   **The letter referenced at Fuji000693 is attached as Fuji000833.**

4. The Tank handling SOP referenced at p. 718 of produced docs.  **We were unable to locate any reference to a tank handling SOP at Fuji000718, or on any nearby page of FujiClean's document production.  Please advise.  [Plaintiffs subsequently corrected this request and the FujiClean Defendants are following up on the corrected request].**

5.  The unredacted copy of email produced at p. 830 of produced docs, or justification for redaction with accompanying privilege log. **The email at Fuji000893 was produced in response to a prior supplementation**

request.  **The redacted language was the email by which our client**
**transmitted the requested email to us.  Because that is attorney-client**
**communication, it was redacted to prevent any argument about**
**waiver.  If plaintiffs believe that a formal privilege log is necessary, we**
**will follow up. Please advise.**

6. The text message produced at p. 821 reflects that additional images were
sent re: Six tank on this text thread.  please produce the images reflected in
thumbnails on the text and the video file reflected at this page of the printed
texts.  **Please see the attached that were referenced as thumbnail images**
**at Fuji000834-845.  Some video files are embedded.  We will circulate**
**a secure link to the video files separately.  [Video files were produced].**

7.  The text message produced at p. 822 reflects that additional images were
sent  on this text thread.  Please produce the images reflected in thumbnails
reflected at this page of the printed texts. **See response 6.**

8. Please produce all other texts with Christ Hartman that reference the Six
project or Plaintiffs in any way.  **Please see the attached texts with Chris**
**Hartman at Fuji000846-852.**

9.  Please supplement your Answer to Interrogatory No. 24 by stating
whether the complaint of odor resulted in the filing of a warranty claim. **The**
**odor issue did not result in the filing of a warranty claim.  If plaintiffs**
**believe that a signed supplemental interrogatory response is necessary,**
**we will follow up.  Please advise.**

3.      The FujiClean Defendants have fully and fairly responded to the Plaintiffs' second

A2472E39-210E-4743-85B4-4FEBF17651F9 : 000003 of 000005

RES : 000003 of 000005

Filed                    24-CI-00093    12/16/2024    Pamela J. Robinson, Anderson Circuit Clerk

informal requests for supplementation; in fact, had already responded to two of them before the Plaintiffs filed the Motion To Compel.  The FujiClean Defendants have requested that Plaintiffs withdraw their Motion To Compel as to the FujiClean Defendants, but Plaintiffs have not done so. Accordingly, the FujiClean Defendants file this Response to establish that there is no basis for additional relief from the Court, and certainly no basis for any award of Plaintiffs' fees in pursuing the Motion To Compel, as regards the FujiClean Defendants.

For the foregoing reasons, Plaintiffs' Motion To Compel should be DENIED.

Respectfully submitted,

*/s/ Douglas T. Logsdon*
Douglas T. Logsdon (Ky. Bar #87802)
David J. Guarnieri (Ky. Bar # 86522)
McBrayer, PLLC
201 East Main Street, Suite 900
Lexington, Kentucky 40507
Phone: (859) 231-8780
dlogsdon@mcbrayerfirm.com
dguarnieri@mcbrayerfirm.com
*Counsel for Defendants FujiClean USA,
LLC, Scott Samuelson, and Mike Dunn*

Filed                    24-CI-00093    12/16/2024    Pamela J. Robinson, Anderson Circuit Clerk

A2472E39-210E-4743-85B4-4FEBF17651F9 : 000004 of 000005

RES : 000004 of 000005

## CERTIFICATE OF SERVICE

This is to certify that the foregoing has been served this 16th day of December, 2024, electronically via the KY Courts e-filing system and by first class U.S. Mail, postage prepaid, addressed to the following:

Jessica Winters
The Winters Law Group LLC
432 S. Broadway, Suite 2B
Lexington, KY 40508
jessica@thewinterslawgroup.com
*Counsel for Plaintiffs*

Barry M. Miller
Lucas R. Harrison
FREEMAN MATHIS & GARY, LLP
2525 Harrodsburg Road, Suite 500
Lexington, KY 40504-3215
Bmiller@fmglaw.com
Lucas.Harrison@fmglaw.com
*Counsel for Defendants, Hydrodynamic Solutions, Inc.,*
*Kelli Oakley, Mike Beal, and Alan Davies*

/s/ Douglas T. Logsdon
*Counsel for Defendants FujiClean USA,*
*LLC, Scott Samuelson, and Mike Dunn*

5

**COMMONWEALTH OF KENTUCKY**
**ANDERSON COUNTY CIRCUIT COURT**
**DIVISION ONE**
**CIVIL ACTION NO. 24-CI-00093**

**CUSTOM SEPTIC SOLUTIONS, LLC,**                         **PLAINTIFFS**
**SHANNON THORNTON, and**
**JAMIE THORNTON**
**v.**

**FUJICLEAN USA, LLC, et al.**                                 **DEFENDANTS**

---

**RESPONSE TO PLAINTIFFS' MOTION TO COMPEL AND**
**MOTION FOR EXTENSION OF TIME**

---

Come the Defendants, Hydrodynamic Solutions, Inc., Keli Oakley, Mike Beal, and

Alan Davies ("Defendants" or "HDS Defendants") and for their Response to Plaintiffs' Motion

to Compel and Motion for Extension of Time, hereby state as follows:

The HDS Defendants have made a timely, good faith attempt to fulfill Plaintiffs' broad

request for supplementation of discovery. A proper summation of the operative facts forming

the basis of Plaintiffs' Motion are as follows:

**FACTS**

The HDS Defendants initially responded to Plaintiffs' written discovery requests on

August 31, 2024. The overwhelming majority of the requests sought confidential, proprietary,

and protected trade secret information. Those requests were met with an objection to the same,

as there was no entered agreed protective order at the time. Plaintiffs now attempt to

improperly categorize the HDS Defendants' reasonable refusal to produce such protected

information without a protective order as an unreasonable failure to respond to discovery,

which it plainly was not.

Plaintiffs then sent a letter to the HDS Defendants on September 16, 2024, seeking specific supplementation to the HDS Defendants' August 31, 2024, responses to written discovery.[1] Plaintiffs identified 10 interrogatories, specifically Nos. 9, 11, 12, 13, 15, 16, 17, 19, 22, and 24, requiring supplementation. Further, Plaintiffs asserted that no documents had been produced in response to their Requests and asked that such documentation be supplemented.[2] An Agreed Protective Order covering a vast majority of the information and documentation sought by the Plaintiffs was not entered until two days later, on September 18, 2024.[3] Plaintiffs then filed the prior Motion to Compel against these Defendants on October 22, 2024, specifically citing the failure to respond to the September 16, 2024, letter as the basis of the motion.[4]

The parties appeared before this Court on October 29, 2024, and, as Plaintiffs recite in their Motion, undersigned counsel agreed to produce the responsive information and documentation on or before November 30, 2024, and agreed to pay the costs related to the motion, due to the failure to respond to the September 16, 2024, supplementation letter. But, there was more to the conversation. Undersigned counsel, having only entered an appearance into this action six days prior, asked what information and documentation the Plaintiffs sought. Counsel for the Plaintiffs specifically stated that the supplemental information sought was set forth in the September 16, 2024, letter.

Considering the breadth and depth of Plaintiffs' requests upon these Defendants, undersigned counsel requested Plaintiffs specify any information or documents they believe

---

[1] Correspondence identified as Exhibit C in Plaintiffs' Motion.
[2] *Id.*
[3] Agreed Protective Order, entered by this Court September 18, 2024.
[4] Plaintiffs' Motion to Compel Responses to Discovery Requests Served Upon the HDS Defendants and For Costs, filed on October 22, 2024.

these Defendants possess that they now seek. No specification was made, and therefore, undersigned counsel relied upon the September 16, 2024, letter to guide the HDS Defendants' supplemental responses, as specifically directed by Plaintiffs' counsel.

On November 27, 2024, the HDS Defendants' First Supplemental Responses were produced, based upon the September 16, 2024, letter, which is the only request for supplementation made by the Plaintiffs to date.

## ARGUMENT

i.  **The Information and Documentation Produced by these Defendants on November 27, 2024, properly addressed the issues raised in Plaintiffs' September 16, 2024, correspondence.**

Of the ten interrogatories identified in the September 16, 2024, correspondence, Plaintiffs now identify only two they believe require additional supplementation, Interrogatories No. 24 and 22. Therefore, eight of the ten interrogatories were substantively answered to Plaintiffs' full satisfaction.

In Interrogatory No. 24, Plaintiffs seek the pricing information for all Fujiclean systems installed in Kentucky since 2020. These Defendants do not object to providing such confidential information now that an Agreed Protective Order has been entered, however these Defendants do not have the specific pricing for every system installed for the last half decade at their fingertips. As will be addressed below, these Defendants request additional time to locate and provide this information.

Further, Plaintiffs seek the identification of the O&M provider for each system. However, as these Defendants noted in their confidential Answers to Plaintiffs' interrogatories, the HDS Defendants do not know the identities of all O&M providers, as O&M providers receive training and certification through the Commonwealth of Kentucky

and can be engaged by individual property owners. These Defendants cannot produce information they do not have.

Secondly, Plaintiffs identify Interrogatory No. 22, seeking the date when installation of the system at the Isaiah House project was completed. Aside from the fact that such information is irrelevant to this litigation, the relevant dates known to the HDS Defendants were provided within the documentation produced in response to Request for Production No. 29. Further, Plaintiff Custom Septic Solutions, LLC, was identified as one of the installers of the system. Plaintiffs certainly have just as much, if not more, knowledge than the HDS Defendants about when the installation they performed was completed. Such irrelevant information possessed by the Plaintiffs should not justify a motion, much less one seeking sanctions.

Turning to the Requests for Production of Documents, the HDS Defendants have now produced 70 pages of documentation. The September 16, 2024, letter set forth one sentence concerning the requests, stating "[m]any of your responses say see documents produced, yet no documents have been produced." On November 27, 2024, the HDS Defendants specifically supplemented their responses to nine requests and produced all documentation they have been able to identify and gather to date.

The HDS Defendants have addressed each and every supplementation request made in the September 16, 2024, letter. This letter established the sole basis of the October 22, 2024, motion to compel, and the sole source undersigned counsel was directed to rely upon by Plaintiffs' counsel in the HDS Defendants' First Supplemental Responses. Plaintiffs' current Motion ignores the prior communications between counsel on October 29, 2024, and attempts to conflate a wholly new discovery dispute with issues raised and resolved in the October 29

hearing, without attempting to resolve these issues informally as required under the civil rules and local rules of practice.

Therefore, based on the foregoing, Plaintiffs' Motion to Compel should be denied.

## MOTION FOR EXTENSION OF TIME

HDS is a small, veteran-owned business managed by two individuals with no experience in litigation and only a lay person's knowledge of technology. Plaintiffs are asking these Defendants to provide the identification of each and every individual or entity basically in any way related to HDS, along with identification and exacting details of each and every installation performed in Kentucky for the last five years, as well as basically every related document and communication that these Defendants possess. Undersigned counsel has devoted substantial time and effort to assist the HDS Defendants, ultimately producing the information and documentation in their First Supplemental Responses during the week of Thanksgiving.

Over the course of that time, it has become clear to the undersigned that the HDS Defendants lack the specialized knowledge related to digital document storage, preservation, and retrieval necessary to fulfill Plaintiffs' expansive requests. Further, in addition to the supplementation Plaintiffs seek within this Motion, they have also issued a second set of discovery requests, seeking all communications between these Defendants and ten additional individuals, along with all documentation these Defendants possess spanning the last five years concerning six different and varied topics. The deadline for this second set of discovery comes immediately after the new year.

Due to these extensive discovery requests seeking information not easily identified or retrieved by the average layperson, undersigned counsel has engaged a specialized e-

discovery team to work with HDS to locate and obtain any and all documentation in its possession potentially responsive to Plaintiffs' first and second set of discovery requests. The meeting to initiate that process is scheduled for the afternoon of December 17, 2024.

Undersigned counsel believes an overwhelming amount of documentation may be generated which will require substantial time to identify, correlate to the corresponding Requests, potentially redact, and identify as confidential before it can be produced. This is a function of requests that seek "each and every" or "all" documents relating to a specific matter. Such terms "are nearly always inappropriate because they are—by their plain meaning—vague and ambiguous." *TIC Park Centre 9, LLC v. Cabot*, 2017 SL 3034547 (S.D. Florida July 18, 2017, at *5 (gathering authorities, including *Carter v. Archdale Police Dep't*, 2014 WL 1774471, at *5 (such a request "unfairly places the onus of non-production on the recipient of the request and not where it belongs"—on the drafter of an overly broad request.).)

Kentucky law places the burden of showing a lack of relevance on the producing party. *Leslie-Johnson v. Eckerle,* 653 S.W.3d 588 (Ky. 2022). The broader the discovery requests are, the heavier the onus. To meet that burden here and efficiently and fully respond to Plaintiffs' new supplementation requests and the newly issued second set of discovery requests, the HDS Defendants request an extension of time to respond to both.

The HDS Defendants request the Court grant them sixty days from the date this motion is heard, February 17, 2025, to produce all the responsive and non-privileged documentation in these Defendants' possession. Such extension would provide the HDS Defendants the time needed to locate and retrieve the sought documentation. It would also provide undersigned counsel the time to review, organize, and prepare the documentation for production. If the requested extension is granted, these Defendants can assure the Court that the swift

identification and production of the documentation will be a priority, and these Defendants will complete the necessary work as soon as possible.

WHEREFORE, based on the foregoing, the HDS Defendants request Plaintiffs' Motion to Compel be denied and the Motion for Extension of Time be granted.

## NOTICE

The foregoing Motion will be before the Anderson Circuit Court on December 17, 2024, or as soon thereafter as counsel may be heard.

FREEMAN MATHIS & GARY, LLP

*/s/ Lucas Harrison*
BARRY M. MILLER
LUCAS R. HARRISON
2525 Harrodsburg Road, Suite 500
Lexington, KY 40504
(859) 410-7868
Bmiller@fmglaw.com
Lucas.Harrison@fmglaw.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

This is to certify that the foregoing has been filed with the Kentucky eCourts Filing System on this the 16th day of December, 2024, and a true and accurate copy of same has been served on the following, via electronic mail:

Jessica Winters
The Winters Law Group LLC
432 S. Broadway, Suite 2B
Lexington, Kentucky 40508
jessica@thewinterslawgroup.com
*Counsel for Plaintiffs*

Douglas T. Logsdon
David J. Guarnieri
McBrayer, PLLC
201 East Main Street, Suite 900
Lexington, Kentucky 40507
dlogsdon@mcbrayerfirm.com
dguarnieri@mcbrayerfirm.com
*Counsel for Defendants, FujiClean USA, LLC,*
*Scott Samuelson, and Mike Dunn*

s/ Lucas Harrison
*Counsel for Defendants,*
*Hydrodynamic Solutions, Inc., Kelli Oakley,*
*Mike Beal, and Alan Davies*

810A59EE-DB67-473C-83C8-ED66C19F014B : 000008 of 000008

RES : 000008 of 000008

**COMMONWEALTH OF KENTUCKY**
**ANDERSON COUNTY CIRCUIT COURT**
**DIVISION ONE**
**CIVIL ACTION NO. 24-CI-00093**

| | |
|---|---|
| **CUSTOM SEPTIC SOLUTIONS, LLC,** | **PLAINTIFFS** |
| **SHANNON THORNTON, and** | |
| **JAMIE THORNTON** | |
| **v.** | |
| | |
| **FUJICLEAN USA, LLC, et al.** | **DEFENDANTS** |

## DEPOSITION NOTICE

*** *** *** ***

The Plaintiffs, Custom Septic Solutions, LLC ("CSS"), Shannon Thornton, and Jamie Thornton ("Plaintiffs"), through counsel, hereby respectfully PROVIDE NOTICE that they will take the deposition of the following witnesses on the below-listed dates and times in accordance with the Subpoenas served this day for each witness, attached hereto as Exhibit A:

1. Chris Edwards, on Thursday, January 16, 2025, beginning at the hour of 11 a.m., and continuing thereafter until complete.

2. Jessica Wilhoite, on Thursday, January 16, 2025, beginning at the hour of 2 p.m., and continuing thereafter until complete.

The deposition will be taken before a court reporter, notary public, or some other officer authorized by law to administer oaths. The depositions will be stenographically recorded. These oral examinations may be used in evidence in the trial of the above-captioned case.

The depositions will be conducted remotely via Zoom video conferencing, at the following link:

Join Zoom Meeting

**https://us02web.zoom.us/j/83071947637?pwd=2Dj5D0MljEJ7AIWBkhYFCYGtNLjuBb.1**

- 1 -

Meeting ID: 830 7194 7637

Passcode: 069964

Respectfully submitted,

/s/Jessica Winters

_____  _____

Jessica K. Winters
The Winters Law Group, LLC
432 S. Broadway, Suite B
Lexington, KY 40508
Phone: (859) 619-2134
Email: jessica@thewinterslawgroup.com
COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Deposition Notice has been served on this, the

3rd day of January, 2025, via electronic mail pursuant to Civ. R. 5.02 upon:

Robert W. Hojnoski
Lucas Harrison
2525 Harrodsburg Road, Suite 500
Lexington, KY 40504-3215
Robert.Hojnoski@fmglaw.com
Lucas.harrison@fmglaw.com
*Counsel for Defendants, Hydrodynamic
Solutions, Inc., Kelli Oakley, Mike Beal, and
Alan Davies*

Douglas T. Logsdon (Ky. Bar #87802)
David J. Guarnieri (Ky. Bar # 86522)
McBrayer, PLLC
201 East Main Street, Suite 900
Lexington, Kentucky 40507
Phone: (859) 231-8780
dlogsdon@mcbrayerfirm.com
dguarnieri@mcbrayerfirm.com
*Counsel for Defendants FujiClean USA,
LLC, Scott Samuelson, and Mike Dunn*

/s/Jessica Winters
Counsel for Plaintiffs.

AOC-025.1    Doc. Code: RS
Rev. 1-22
Page 1 of 1

Commonwealth of Kentucky
Court of Justice    www.kycourts.gov
CR 45



**CIVIL**
☒ **SUBPOENA**
❑ **SUBPOENA DUCES TECUM**

Case No. 24-CI-00093
Court Circuit
County Anderson
Date 1/3/25

Custom Septic, et. al.

PLAINTIFF

VS

Fujiclean USA LLC, et al.

DEFENDANT

**The Commonwealth of Kentucky to:**

Name Chris Edwards

Address Cabinet for Health and Family Services, 275 E. Main St., Frankfort, Kentucky 40621

**You are commanded to appear before:** *(select one of three choices)*
❑ _____ Court   ❑ The Grand Jury of _____ County
☒ Other Susan Elsensohn, Court Reporter

**You are to appear at:** Deposition to be taken remotely through Zoom platform-
See attached deposition notice for link.

on the 16 day of January , 2 025 at 11 ☒ a.m. OR ❑ p.m. ❑ Eastern ❑ Central Time

❑ To testify in behalf of _____
❑ To produce _____

☒ To give depositions

**You are commanded to produce and permit inspection and copying of the following documents or objects (or to permit inspection of premises):** _____

on the _____ day of _____, 2 _____ at _____ ❑ a.m. OR ❑ p.m. ❑ Eastern ❑ Central Time
at the following address: _____

Issuing Officer/Attorney Licensed in Kentucky

By: BAR ID 90106

Jessica Winters
Name of Requesting Attorney/Pro-Se Party
432 S. Broadway Suite 2B
Lexington, KY 40508
Address
Phone # 859-619-2134
E-mail: jessica@thewinterslawgroup.com

**PROOF OF SERVICE**

This subpoena was served by delivery of a true copy to: _____

This _____ day of _____, 2 _____ By: _____

Title

AOC-025.1    Doc. Code: RS
Rev. 1-22
Page 1 of 1

Commonwealth of Kentucky
Court of Justice    www.kycourts.gov

CR 45



**CIVIL**
☒ **SUBPOENA**
❑ **SUBPOENA DUCES TECUM**

Case No. 24-CI-00093
Court Circuit
County Anderson
Date 1/3/25

---

Custom Septic, et. al.                                        PLAINTIFF

VS

Fujiclean USA LLC, et al.                                    DEFENDANT

**The Commonwealth of Kentucky to:**

Name Jessica Wilhoite
Address Energy and Environment Cabinent, 300 Sower Blvd, Frankfort, KY 40601

**You are commanded to appear before:** (*select one of three choices*)
❑ _____ Court    ❑ The Grand Jury of _____ County
☒ Other Susan Elsensohn, Court Reporter

**You are to appear at:** Deposition to be taken remotely through Zoom platform-
See attached deposition notice for link.

on the 16 day of January , 2 025 at 2 ❑ a.m. OR ☒ p.m. ❑ Eastern ❑ Central Time

❑ To testify in behalf of _____
❑ To produce _____

☒ To give depositions

**You are commanded to produce and permit inspection and copying of the following documents or objects (or to permit inspection of premises):** _____

on the _____ day of _____, 2_____ at _____ ❑ a.m. OR ❑ p.m. ❑ Eastern ❑ Central Time
at the following address: _____

---

*Jessica Winters*
Issuing Officer/Attorney Licensed in Kentucky

By: BAR ID 90106

Jessica Winters,
Name of Requesting Attorney/Pro-Se Party
432 S. Broadway Suite 2B
Lexington, KY 40508
Address
Phone # 859-619-2134
E-mail: jessica@thewinterslawgroup.com

---

**PROOF OF SERVICE**

This subpoena was served by delivery of a true copy to: _____

This _____ day of _____, 2_____    By: _____
                                                                                      **Title**

COMMONWEALTH OF KENTUCKY
ANDERSON COUNTY CIRCUIT COURT
DIVISION ONE
CIVIL ACTION NO. 24-CI-00093

**CUSTOM SEPTIC SOLUTIONS, LLC,**                                    **PLAINTIFFS**
**SHANNON THORNTON, and**
**JAMIE THORNTON**
**v.**

**FUJICLEAN USA, LLC, et al.**                                    **DEFENDANTS**

## ORDER

\*\*\* \*\*\* \*\*\* \*\*\*

The Plaintiffs, Custom Septic Solutions, LLC ("CSS"), Shannon Thornton, and

Jamie Thornton ("Plaintiffs"), through counsel, having moved the Court for Leave to File

First Amended Complaint, the parties having appeared before the Court, the Defendants

having posed no objection, and the Court being otherwise fully and sufficiently advised, it is

hereby ORDERED as follows:

1.  The Plaintiffs' Motion for Leave to File First Amended Complaint is GRANTED,

    and the Clark of Court is HEREBY DIRECTED to file the First Amended

    Complaint tendered with the Plaintiffs' Motion in the record of this action as the

    Operative Complaint.


Dated this, the _____ day of _____, 2025


_____

ANDERSON CIRCUIT JUDGE

Tendered by:

/s/Jessica Winters

Jessica K. Winters
The Winters Law Group, LLC
432 S. Broadway, Suite B
Lexington, KY 40508
Phone: (859) 619-2134
Email: jessica@thewinterslawgroup.com
COUNSEL FOR PLAINTIFFS

Have seen and to be entered:

/s/Lucas Harrison
Barry Miller
Lucas Harrison
2525 Harrodsburg Road, Suite 500
Lexington, KY 40504-3215
Barry.miller@fmglaw.com
Lucas.harrison@fmglaw.com
*Counsel for Defendants, Hydrodynamic
Solutions, Inc., Kelli Oakley, Mike Beal, and
Alan Davies*

/s/Douglas T. Logsdon
Douglas T. Logsdon (Ky. Bar #87802)
David J. Guarnieri (Ky. Bar # 86522)
McBrayer, PLLC
201 East Main Street, Suite 900
Lexington, Kentucky 40507
Phone: (859) 231-8780
dlogsdon@mcbrayerfirm.com
dguarnieri@mcbrayerfirm.com
*Counsel for Defendants FujiClean USA,
LLC, Scott Samuelson, and Mike Dunn*

458B7BD5-2330-49BC-9332-E8C8906908521 : 000002 of 000010

TD : 000002 of 000003

## CLERK'S CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Order re: Plaintiffs' Motion Seeking Leave to

File First Amended Complaint has been served on this, the _____ day of _____, 2025, via electronic

mail pursuant to Civ. R. 5.02 upon:

Robert W. Hojnoski
Lucas Harrison
2525 Harrodsburg Road, Suite 500
Lexington, KY 40504-3215
Robert.Hojnoski@fmglaw.com
Lucas.harrison@fmglaw.com
*Counsel for Defendants, Hydrodynamic*
*Solutions, Inc., Kelli Oakley, Mike Beal, and*
*Alan Davies*

Douglas T. Logsdon (Ky. Bar #87802)
David J. Guarnieri (Ky. Bar # 86522)
McBrayer, PLLC
201 East Main Street, Suite 900
Lexington, Kentucky 40507
Phone: (859) 231-8780
dlogsdon@mcbrayerfirm.com
dguarnieri@mcbrayerfirm.com
*Counsel for Defendants FujiClean USA,*
*LLC, Scott Samuelson, and Mike Dunn*

Jessica K. Winters
The Winters Law Group, LLC
432 S. Broadway, Suite B
Lexington, KY 40508
Phone: (859) 619-2134
Email: jessica@thewinterslawgroup.com
COUNSEL FOR PLAINTIFFS

**COMMONWEALTH OF KENTUCKY**
**ANDERSON COUNTY CIRCUIT COURT**
**DIVISION ONE**
**CIVIL ACTION NO. 24-CI-00093**

**CUSTOM SEPTIC SOLUTIONS, LLC,**                    **PLAINTIFFS**
**SHANNON THORNTON, and**
**JAMIE THORNTON**
**v.**

**FUJICLEAN USA, LLC, et al.**                    **DEFENDANTS**

<u>**ORDER**</u>

\*\*\* \*\*\* \*\*\* \*\*\*

The Plaintiffs, Custom Septic Solutions, LLC ("CSS"), Shannon Thornton, and

Jamie Thornton ("Plaintiffs"), through counsel, having moved the Court to schedule pretrial

and trial dates, the parties having appeared before the Court, and the Court being otherwise

fully and sufficiently advised, it is hereby ORDERED as follows:

1. The Court believes it is premature to set a trial date in this matter, since discovery

   is in its early stages.  The Court DENIES the Motion to set trial date.

2. The Court ORDERS this case to come before the Court for a STATUS

   CONFERENCE on Tuesday March 4, 2025, at 1 pm, at which time the parties are

   directed to be prepared to discuss the status of discovery and expectations

   regarding the expected length of trial for the purposes of scheduling a trial date.


Dated this, the _____ day of _____, 2025


_____
ANDERSON CIRCUIT JUDGE

458B7BD5-2330-49BC-9332-E8C890690521 : 000004 of 000010

TD : 000001 of 000003

Tendered by:

/s/Jessica Winters

Jessica K. Winters
The Winters Law Group, LLC
432 S. Broadway, Suite B
Lexington, KY 40508
Phone: (859) 619-2134
Email: jessica@thewinterslawgroup.com
COUNSEL FOR PLAINTIFFS

Have seen and to be entered:

/s/Lucas Harrison
Barry Miller
Lucas Harrison
2525 Harrodsburg Road, Suite 500
Lexington, KY 40504-3215
Barry.miller@fmglaw.com
Lucas.harrison@fmglaw.com
*Counsel for Defendants, Hydrodynamic*
*Solutions, Inc., Kelli Oakley, Mike Beal, and*
*Alan Davies*

/s/Douglas T. Logsdon
Douglas T. Logsdon (Ky. Bar #87802)
David J. Guarnieri (Ky. Bar # 86522)
McBrayer, PLLC
201 East Main Street, Suite 900
Lexington, Kentucky 40507
Phone: (859) 231-8780
dlogsdon@mcbrayerfirm.com
dguarnieri@mcbrayerfirm.com
*Counsel for Defendants FujiClean USA,*
*LLC, Scott Samuelson, and Mike Dunn*

458B7BD5-2330-49BC-9332-E8C890690521 : 000005 of 000010

TD : 000002 of 000003

# CLERK'S CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Order re: Plaintiffs' Motion to Set Trial Date has been served on this, the ____ day of _____, 2025, via electronic mail pursuant to Civ. R. 5.02 upon:

Robert W. Hojnoski
Lucas Harrison
2525 Harrodsburg Road, Suite 500
Lexington, KY 40504-3215
Robert.Hojnoski@fmglaw.com
Lucas.harrison@fmglaw.com
*Counsel for Defendants, Hydrodynamic Solutions, Inc., Kelli Oakley, Mike Beal, and Alan Davies*

Douglas T. Logsdon (Ky. Bar #87802)
David J. Guarnieri (Ky. Bar # 86522)
McBrayer, PLLC
201 East Main Street, Suite 900
Lexington, Kentucky 40507
Phone: (859) 231-8780
dlogsdon@mcbrayerfirm.com
dguarnieri@mcbrayerfirm.com
*Counsel for Defendants FujiClean USA, LLC, Scott Samuelson, and Mike Dunn*

Jessica K. Winters
The Winters Law Group, LLC
432 S. Broadway, Suite B
Lexington, KY 40508
Phone: (859) 619-2134
Email: jessica@thewinterslawgroup.com
COUNSEL FOR PLAINTIFFS

Tendered        24-CI-00093    01/08/2025

**COMMONWEALTH OF KENTUCKY**
**ANDERSON COUNTY CIRCUIT COURT**
**DIVISION ONE**
**CIVIL ACTION NO. 24-CI-00093**

| | |
|---|---|
| **CUSTOM SEPTIC SOLUTIONS, LLC,** | **PLAINTIFFS** |
| **SHANNON THORNTON, and** | |
| **JAMIE THORNTON** | |
| **v.** | |
| | |
| **FUJICLEAN USA, LLC, et al.** | **DEFENDANTS** |

**ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

The Plaintiffs, Custom Septic Solutions, LLC ("CSS"), Shannon Thornton, and

Jamie Thornton ("Plaintiffs"), through counsel, having moved the Court to compel

discovery responses from the Defendants, Hydrodynamic Solutions, Inc. ("HDS"), Keli

Oakley, Mike Beal, and Alan Davies ("HDS Defendants") and Defendants FujiClean USA,

LLC ("FujiClean"), Scott Samuelson ("Samuelson"), and Mike Dunn ("Dunn")

(collectively, "FujiClean Defendants"), the Defendants having responded, the HDS

Defendants having moved the Court for an Extension of Time to Respond to Discovery, and

the parties having appeared before the Court, it is hereby ORDERED as follows:

1. The Motion to Compel as to the FujiClean Defendants is hereby deemed to have

   been WITHDRAWN by Plaintiffs, as counsel for Plaintiffs represented to the

   Court that the FujiClean Defendants responded fully as requested prior to the

   Court's hearing on the Motion.

2. The Plaintiffs' Motion to Compel full responses to the Interrogatories and

   Request for Production of Documents served by Plaintiffs upon the HDS

   Defendants on May 21, 2024 is GRANTED; however the Court HOLDS IN

ABEYANCE the imposition of the $1,000 fine requested by Plaintiffs with regard to the HDS Defendants. The HDS Defendants are ordered to comply with Plaintiffs' Motion to Compel on or before February 17, 2025. Non-compliance will result in the imposition of Plaintiffs' motion for sanctions for $1,000 currently held in abeyance.

3.   The Motion of the HDS Defendants for additional time to respond to the Interrogatories and Request for Production of Documents served by Plaintiffs upon the HDS Defendants on May 21, 2024 and the Second Set of Interrogatories and Request for Production of Documents served by Plaintiffs upon the HDS Defendants on December 9, 2024 is GRANTED. The HDS Defendants are ORDERED to respond to both sets of Discovery served upon them by Plaintiffs on or before February 17, 2025.

Dated this, the _____ day of _____, 2025

_____
ANDERSON CIRCUIT JUDGE

Tendered by:

/s/Jessica Winters

Jessica K. Winters
The Winters Law Group, LLC
432 S. Broadway, Suite B
Lexington, KY 40508
Phone: (859) 619-2134
Email: jessica@thewinterslawgroup.com
COUNSEL FOR PLAINTIFFS

Have seen and to be entered:

/s/Lucas Harrison
Barry Miller
Lucas Harrison
2525 Harrodsburg Road, Suite 500
Lexington, KY 40504-3215
Barry.miller@fmglaw.com
Lucas.harrison@fmglaw.com
*Counsel for Defendants, Hydrodynamic*
*Solutions, Inc., Kelli Oakley, Mike Beal, and*
*Alan Davies*

/s/Douglas T. Logsdon
Douglas T. Logsdon (Ky. Bar #87802)
David J. Guarnieri (Ky. Bar # 86522)
McBrayer, PLLC
201 East Main Street, Suite 900
Lexington, Kentucky 40507
Phone: (859) 231-8780
dlogsdon@mcbrayerfirm.com
dguarnieri@mcbrayerfirm.com
*Counsel for Defendants FujiClean USA,*
*LLC, Scott Samuelson, and Mike Dunn*

## CLERK'S CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Order Re: Plaintiffs' Motion to Compel and

for Costs has been served on this, the _____ day of _____, 2025, via electronic mail pursuant to

Civ. R. 5.02 upon:

Robert W. Hojnoski
Lucas Harrison
2525 Harrodsburg Road, Suite 500
Lexington, KY 40504-3215

Robert.Hojnoski@fmglaw.com
Lucas.harrison@fmglaw.com
*Counsel for Defendants, Hydrodynamic*
*Solutions, Inc., Kelli Oakley, Mike Beal, and*
*Alan Davies*

Douglas T. Logsdon (Ky. Bar #87802)
David J. Guarnieri (Ky. Bar # 86522)
McBrayer, PLLC
201 East Main Street, Suite 900
Lexington, Kentucky 40507
Phone: (859) 231-8780
dlogsdon@mcbrayerfirm.com
dguarnieri@mcbrayerfirm.com
*Counsel for Defendants FujiClean USA,*
*LLC, Scott Samuelson, and Mike Dunn*

Jessica K. Winters
The Winters Law Group, LLC
432 S. Broadway, Suite B
Lexington, KY 40508
Phone: (859) 619-2134
Email: jessica@thewinterslawgroup.com
COUNSEL FOR PLAINTIFFS

COMMONWEALTH OF KENTUCKY
ANDERSON COUNTY CIRCUIT COURT
DIVISION ONE
CIVIL ACTION NO. 24-CI-00093

**CUSTOM SEPTIC SOLUTIONS, LLC,**                    **PLAINTIFFS**
**SHANNON THORNTON, and**
**JAMIE THORNTON**
**v.**

**FUJICLEAN USA, LLC, et al.**                        **DEFENDANTS**

<u>**ORDER**</u>

*** *** *** ***

The Plaintiffs, Custom Septic Solutions, LLC ("CSS"), Shannon Thornton, and

Jamie Thornton ("Plaintiffs"), through counsel, having moved the Court to compel

discovery responses from the Defendants, Hydrodynamic Solutions, Inc. ("HDS"), Keli

Oakley, Mike Beal, and Alan Davies ("HDS Defendants") and Defendants FujiClean USA,

LLC ("FujiClean"), Scott Samuelson ("Samuelson"), and Mike Dunn ("Dunn")

(collectively, "FujiClean Defendants"), the Defendants having responded, the HDS

Defendants having moved the Court for an Extension of Time to Respond to Discovery, and

the parties having appeared before the Court, it is hereby ORDERED as follows:

1.  The Motion to Compel as to the FujiClean Defendants is hereby deemed to have

    been WITHDRAWN by Plaintiffs, as counsel for Plaintiffs represented to the

    Court that the FujiClean Defendants responded fully as requested prior to the

    Court's hearing on the Motion.

2.  The Plaintiffs' Motion to Compel full responses to the Interrogatories and

    Request for Production of Documents served by Plaintiffs upon the HDS

    Defendants on May 21, 2024 is GRANTED; however the Court HOLDS IN

ABEYANCE the imposition of the $1,000 fine requested by Plaintiffs with regard to the HDS Defendants. The HDS Defendants are ordered to comply with Plaintiffs' Motion to Compel on or before February 17, 2025. Non-compliance will result in the imposition of Plaintiffs' motion for sanctions for $1,000 currently held in abeyance.

3.   The Motion of the HDS Defendants for additional time to respond to the Interrogatories and Request for Production of Documents served by Plaintiffs upon the HDS Defendants on May 21, 2024 and the Second Set of Interrogatories and Request for Production of Documents served by Plaintiffs upon the HDS Defendants on December 9, 2024 is GRANTED. The HDS Defendants are ORDERED to respond to both sets of Discovery served upon them by Plaintiffs on or before February 17, 2025.

Dated this, the __10th__ day of __January__, 2025



_____
ANDERSON CIRCUIT JUDGE

Tendered by:

/s/Jessica Winters

Jessica K. Winters
The Winters Law Group, LLC
432 S. Broadway, Suite B
Lexington, KY 40508
Phone: (859) 619-2134
Email: jessica@thewinterslawgroup.com
COUNSEL FOR PLAINTIFFS

Have seen and to be entered:

/s/Lucas Harrison
Barry Miller
Lucas Harrison
2525 Harrodsburg Road, Suite 500
Lexington, KY 40504-3215
Barry.miller@fmglaw.com
Lucas.harrison@fmglaw.com
*Counsel for Defendants, Hydrodynamic
Solutions, Inc., Kelli Oakley, Mike Beal, and
Alan Davies*

/s/Douglas T. Logsdon
Douglas T. Logsdon (Ky. Bar #87802)
David J. Guarnieri (Ky. Bar # 86522)
McBrayer, PLLC
201 East Main Street, Suite 900
Lexington, Kentucky 40507
Phone: (859) 231-8780
dlogsdon@mcbrayerfirm.com
dguarnieri@mcbrayerfirm.com
*Counsel for Defendants FujiClean USA,
LLC, Scott Samuelson, and Mike Dunn*

## CLERK'S CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Order Re: Plaintiffs' Motion to Compel and

for Costs has been served on this, the ____ day of _____, 2025, via electronic mail pursuant to

Civ. R. 5.02 upon:

Robert W. Hojnoski
Lucas Harrison
2525 Harrodsburg Road, Suite 500
Lexington, KY 40504-3215

Robert.Hojnoski@fmglaw.com
Lucas.harrison@fmglaw.com
*Counsel for Defendants, Hydrodynamic*
*Solutions, Inc., Kelli Oakley, Mike Beal, and*
*Alan Davies*

Douglas T. Logsdon (Ky. Bar #87802)
David J. Guarnieri (Ky. Bar # 86522)
McBrayer, PLLC
201 East Main Street, Suite 900
Lexington, Kentucky 40507
Phone: (859) 231-8780
dlogsdon@mcbrayerfirm.com
dguarnieri@mcbrayerfirm.com
*Counsel for Defendants FujiClean USA,*
*LLC, Scott Samuelson, and Mike Dunn*

Jessica K. Winters
The Winters Law Group, LLC
432 S. Broadway, Suite B
Lexington, KY 40508
Phone: (859) 619-2134
Email: jessica@thewinterslawgroup.com
COUNSEL FOR PLAINTIFFS

**COMMONWEALTH OF KENTUCKY**
**ANDERSON COUNTY CIRCUIT COURT**
**DIVISION ONE**
**CIVIL ACTION NO. 24-CI-00093**

**CUSTOM SEPTIC SOLUTIONS, LLC,**                          **PLAINTIFFS**
**SHANNON THORNTON, and**
**JAMIE THORNTON**
v.

**FUJICLEAN USA, LLC, et al.**                          **DEFENDANTS**

<u>**ORDER**</u>

\*\*\* \*\*\* \*\*\* \*\*\*

The Plaintiffs, Custom Septic Solutions, LLC ("CSS"), Shannon Thornton, and

Jamie Thornton ("Plaintiffs"), through counsel, having moved the Court for Leave to File

First Amended Complaint, the parties having appeared before the Court, the Defendants

having posed no objection, and the Court being otherwise fully and sufficiently advised, it is

hereby ORDERED as follows:

1.  The Plaintiffs' Motion for Leave to File First Amended Complaint is GRANTED,

    and the Clark of Court is HEREBY DIRECTED to file the First Amended

    Complaint tendered with the Plaintiffs' Motion in the record of this action as the

    Operative Complaint.

Dated this, the ⎯ 10th ⎯ day of ⎯ January ⎯, 2025



_____

ANDERSON CIRCUIT JUDGE

Entered        24-CI-00093        01/10/2025          Pamela J. Robinson, Anderson Circuit Clerk

Tendered by:

/s/Jessica Winters

Jessica K. Winters
The Winters Law Group, LLC
432 S. Broadway, Suite B
Lexington, KY 40508
Phone: (859) 619-2134
Email: jessica@thewinterslawgroup.com
COUNSEL FOR PLAINTIFFS

Have seen and to be entered:

/s/Lucas Harrison
Barry Miller
Lucas Harrison
2525 Harrodsburg Road, Suite 500
Lexington, KY 40504-3215
Barry.miller@fmglaw.com
Lucas.harrison@fmglaw.com
*Counsel for Defendants, Hydrodynamic
Solutions, Inc., Kelli Oakley, Mike Beal, and
Alan Davies*

/s/Douglas T. Logsdon
Douglas T. Logsdon (Ky. Bar #87802)
David J. Guarnieri (Ky. Bar # 86522)
McBrayer, PLLC
201 East Main Street, Suite 900
Lexington, Kentucky 40507
Phone: (859) 231-8780
dlogsdon@mcbrayerfirm.com
dguarnieri@mcbrayerfirm.com
*Counsel for Defendants FujiClean USA,
LLC, Scott Samuelson, and Mike Dunn*

0464C24F-9BEC-4770-831E-6484621F686E : 000002 of 000010

OO : 000002 of 000003

## CLERK'S CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Order re: Plaintiffs' Motion Seeking Leave to

File First Amended Complaint has been served on this, the _____ day of _____, 2025, via electronic

mail pursuant to Civ. R. 5.02 upon:

Robert W. Hojnoski
Lucas Harrison
2525 Harrodsburg Road, Suite 500
Lexington, KY 40504-3215
Robert.Hojnoski@fmglaw.com
Lucas.harrison@fmglaw.com
*Counsel for Defendants, Hydrodynamic*
*Solutions, Inc., Kelli Oakley, Mike Beal, and*
*Alan Davies*

Douglas T. Logsdon (Ky. Bar #87802)
David J. Guarnieri (Ky. Bar # 86522)
McBrayer, PLLC
201 East Main Street, Suite 900
Lexington, Kentucky 40507
Phone: (859) 231-8780
dlogsdon@mcbrayerfirm.com
dguarnieri@mcbrayerfirm.com
*Counsel for Defendants FujiClean USA,*
*LLC, Scott Samuelson, and Mike Dunn*

Jessica K. Winters
The Winters Law Group, LLC
432 S. Broadway, Suite B
Lexington, KY 40508
Phone: (859) 619-2134
Email: jessica@thewinterslawgroup.com
COUNSEL FOR PLAINTIFFS

**COMMONWEALTH OF KENTUCKY**
**ANDERSON COUNTY CIRCUIT COURT**
**DIVISION ONE**
**CIVIL ACTION NO. 24-CI-00093**

**CUSTOM SEPTIC SOLUTIONS, LLC,**                                    **PLAINTIFFS**
**SHANNON THORNTON, and**
**JAMIE THORNTON**
**v.**

**FUJICLEAN USA, LLC, et al.**                                          **DEFENDANTS**

**ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

The Plaintiffs, Custom Septic Solutions, LLC ("CSS"), Shannon Thornton, and

Jamie Thornton ("Plaintiffs"), through counsel, having moved the Court to schedule pretrial

and trial dates, the parties having appeared before the Court, and the Court being otherwise

fully and sufficiently advised, it is hereby ORDERED as follows:

1. The Court believes it is premature to set a trial date in this matter, since discovery

   is in its early stages.  The Court DENIES the Motion to set trial date.

2. The Court ORDERS this case to come before the Court for a STATUS

   CONFERENCE on Tuesday March 4, 2025, at 1 pm, at which time the parties are

   directed to be prepared to discuss the status of discovery and expectations

   regarding the expected length of trial for the purposes of scheduling a trial date.

Dated this, the _ 10th  day of _ January _, 2025



_____
ANDERSON CIRCUIT JUDGE

Tendered by:

/s/Jessica Winters

Jessica K. Winters
The Winters Law Group, LLC
432 S. Broadway, Suite B
Lexington, KY 40508
Phone: (859) 619-2134
Email: jessica@thewinterslawgroup.com
COUNSEL FOR PLAINTIFFS


Have seen and to be entered:

/s/Lucas Harrison
Barry Miller
Lucas Harrison
2525 Harrodsburg Road, Suite 500
Lexington, KY 40504-3215
Barry.miller@fmglaw.com
Lucas.harrison@fmglaw.com
*Counsel for Defendants, Hydrodynamic
Solutions, Inc., Kelli Oakley, Mike Beal, and
Alan Davies*

/s/Douglas T. Logsdon
Douglas T. Logsdon (Ky. Bar #87802)
David J. Guarnieri (Ky. Bar # 86522)
McBrayer, PLLC
201 East Main Street, Suite 900
Lexington, Kentucky 40507
Phone: (859) 231-8780
dlogsdon@mcbrayerfirm.com
dguarnieri@mcbrayerfirm.com
*Counsel for Defendants FujiClean USA,
LLC, Scott Samuelson, and Mike Dunn*

## CLERK'S CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Order re: Plaintiffs' Motion to Set Trial Date

has been served on this, the ____ day of _____, 2025, via electronic mail pursuant to Civ. R. 5.02

upon:

Robert W. Hojnoski
Lucas Harrison
2525 Harrodsburg Road, Suite 500
Lexington, KY 40504-3215
Robert.Hojnoski@fmglaw.com
Lucas.harrison@fmglaw.com
*Counsel for Defendants, Hydrodynamic*
*Solutions, Inc., Kelli Oakley, Mike Beal, and*
*Alan Davies*

Douglas T. Logsdon (Ky. Bar #87802)
David J. Guarnieri (Ky. Bar # 86522)
McBrayer, PLLC
201 East Main Street, Suite 900
Lexington, Kentucky 40507
Phone: (859) 231-8780
dlogsdon@mcbrayerfirm.com
dguarnieri@mcbrayerfirm.com
*Counsel for Defendants FujiClean USA,*
*LLC, Scott Samuelson, and Mike Dunn*

Jessica K. Winters
The Winters Law Group, LLC
432 S. Broadway, Suite B
Lexington, KY 40508
Phone: (859) 619-2134
Email: jessica@thewinterslawgroup.com
COUNSEL FOR PLAINTIFFS

**COMMONWEALTH OF KENTUCKY**
**ANDERSON COUNTY CIRCUIT COURT**
**DIVISION ONE**
**CIVIL ACTION NO. 24-CI-00093**

CUSTOM SEPTIC SOLUTIONS, LLC,                    PLAINTIFFS
SHANNON THORNTON, and
JAMIE THORNTON
v.

FUJICLEAN USA, LLC, et al.                              DEFENDANTS

---

**ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

---

Come the Defendants, Hydrodynamic Solutions, Inc., Keli Oakley, Mike Beal, and Alan Davies ("Defendants" or "HDS Defendants"), by counsel, and hereby state as follows in response to Plaintiffs' First Amended Complaint:

1.      These Defendants re-allege, re-aver, reiterate and incorporate herein by reference each and every averment, objection, defense and paragraph of their Answer to Plaintiffs' Complaint as though set forth fully herein.

## PARTIES, JURISDICTION AND VENUE

2.      These Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 1, 2, and 3 of Plaintiffs' First Amended Complaint and therefore, deny the same.

3.      These Defendants admit the averments contained within paragraphs 4, 5, 6, and 7 of Plaintiffs' First Amended Complaint.

4.      These Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 8, 9, and 10 of Plaintiffs' First Amended Complaint and therefore, deny the same.

5.       These Defendants deny the averments contained within paragraph 11 of Plaintiffs' First Amended Complaint.

6.       These Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12 of Plaintiffs' First Amended Complaint and therefore, deny the same.

7.       These Defendants deny the averments contained within paragraph 13 of Plaintiffs' First Amended Complaint.

## FACTUAL ALLEGATIONS

8.       These Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 14, 15, 16, and 17, 18, 19, 20, 21, and 22 of Plaintiffs' First Amended Complaint and therefore, deny the same.

9.       These Defendants deny the averments contained within paragraphs 23 and 24 of Plaintiffs' First Amended Complaint.

10.      These Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 25 of Plaintiffs' First Amended Complaint and therefore, deny the same.

11.      These Defendants deny the averments contained within paragraphs 26, 27, 28, and 29 of Plaintiffs' First Amended Complaint.

12.      These Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 30, 31, 32, 33, and 34 of Plaintiffs' First Amended Complaint and therefore, deny the same.

13.      These Defendants deny the averments contained within paragraphs 35 and 36 of Plaintiffs' First Amended Complaint.

14.     These Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 37 of Plaintiffs' First Amended Complaint and therefore, deny the same.

15.     These Defendants deny the averments contained within paragraphs 38, 39, 40, and 41 of Plaintiffs' First Amended Complaint.

16.     These Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 42, 43, and 44 of Plaintiffs' First Amended Complaint and therefore, deny the same.

17.     These Defendants deny the averments contained within paragraphs 45, 46, 47, 48, and 49 of Plaintiffs' First Amended Complaint.

18.     These Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 50 of Plaintiffs' First Amended Complaint and therefore, deny the same.

19.     These Defendants deny the averments contained within paragraph 51 of Plaintiffs' First Amended Complaint.

20.     These Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 52, 53, 54, 55, 56, 57, 58, 59, and 60 of Plaintiffs' First Amended Complaint and therefore, deny the same.

21.     These Defendants admit they were in contact with Plaintiff CSS regarding the alarm issue as alleged in paragraph 61 of Plaintiffs' First Amended Complaint but are without sufficient knowledge or information to form a belief as to the truth of the allegations remaining contained in paragraph 61 of Plaintiffs' First Amended Complaint and therefore, deny the same.

22.     These Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 62 of Plaintiffs' First Amended Complaint and therefore, deny the same.

23.     These Defendants deny the averments contained within paragraphs 63, 64, and 65 of Plaintiffs' First Amended Complaint.

24.     These Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 66, 67, 68, 69, 70, 71, 72, and 73 of Plaintiffs' First Amended Complaint and therefore, deny the same.

25.     These Defendants admit Plaintiffs provided a copy of a video showing an interaction between Dunn and Plaintiff Shannon Thornton as alleged in paragraph 74 of Plaintiffs' First Amended Complaint but are without sufficient knowledge or information to form a belief as to the truth of the allegations remaining contained in paragraph 74 of Plaintiffs' First Amended Complaint and therefore, deny the same.

26.     These Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 75 of Plaintiffs' First Amended Complaint and therefore, deny the same.

27.     There do not appear to be any allegations contained in paragraph 76 of Plaintiffs' First Amended Complaint, and therefore, no response is required.

28.     These Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 77 of Plaintiffs' First Amended Complaint and therefore, deny the same.

29.     These Defendants deny the averments contained within paragraph 78 of Plaintiffs' First Amended Complaint.

30.     These Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 79 and 80 of Plaintiffs' First Amended Complaint and therefore, deny the same.

31.     These Defendants deny the averments contained within paragraph 81 of Plaintiffs' First Amended Complaint.

32.     These Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 82 of Plaintiffs' First Amended Complaint and therefore, deny the same.

33.     These Defendants deny the averments contained within paragraphs 83 and 84 of Plaintiffs' First Amended Complaint.

34.     These Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 85, 86, and 87 of Plaintiffs' First Amended Complaint and therefore, deny the same.

35.     These Defendants deny the averments contained within paragraph 88 of Plaintiffs' First Amended Complaint.

36.     These Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 89, 90, and 91 of Plaintiffs' First Amended Complaint and therefore, deny the same.

37.     These Defendants deny the averments contained within paragraph 92 of Plaintiffs' First Amended Complaint.

38.     These Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 93 of Plaintiffs' First Amended Complaint and therefore, deny the same.

96F3B9E8-579B-482F-839D-83B885827A75 : 000005 of 000017

ANS : 000005 of 000017

39.    These Defendants deny the averments contained within paragraphs 94, 95, and 96 of Plaintiffs' First Amended Complaint.

40.    These Defendants admit that certain changes to its payment structure were made as alleged in paragraph 97 of Plaintiffs' First Amended Complaint but deny the characterization of those changes and deny all remaining allegations contained in paragraph 97 of Plaintiffs' First Amended Complaint.

41.    These Defendants deny the averments contained within paragraphs 98, 99, 100, 101 and 102 of Plaintiffs' First Amended Complaint.

42.    These Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 103 of Plaintiffs' First Amended Complaint and therefore, deny the same.

43.    These Defendants deny the averments contained within paragraphs 104 and 105 of Plaintiffs' First Amended Complaint.

44.    These Defendants admit certain allegations were asserted by the Plaintiffs during this meeting but deny the allegations referenced in paragraph 106 of Plaintiffs' First Amended Complaint and deny any remaining allegations contained in paragraph 106 of Plaintiffs' First Amended Complaint.

45.    These Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 107, 108, 109 and 110 of Plaintiffs' First Amended Complaint and therefore, deny the same.

46.    These Defendants deny the averments contained within paragraph 111 of Plaintiffs' First Amended Complaint.

47.     These Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 112, 113, 114, 115, 116, 117, 118, and 119 of Plaintiffs' First Amended Complaint and therefore, deny the same.

48.     These Defendants deny the averments contained within paragraph 120 of Plaintiffs' First Amended Complaint.

49.     These Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 121 of Plaintiffs' First Amended Complaint and therefore, deny the same.

50.     These Defendants deny the averments contained within paragraph 122 of Plaintiffs' First Amended Complaint.

51.     These Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, and 135 of Plaintiffs' First Amended Complaint and therefore, deny the same.

52.     These Defendants deny the averments contained within paragraph 136 of Plaintiffs' First Amended Complaint.

53.     These Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 137 and 138 of Plaintiffs' First Amended Complaint and therefore, deny the same.

54.     These Defendants deny the averments contained within paragraphs 139 and 140 of Plaintiffs' First Amended Complaint.

55. In response to paragraph 141 of Plaintiffs' First Amended Complaint, these Defendants incorporate all their responses set forth in the preceding paragraphs as if fully restated herein.

56. These Defendants deny the averments contained within paragraphs 142, 143, 144, and 145 of Plaintiffs' First Amended Complaint.

57. In response to paragraph 146 of Plaintiffs' First Amended Complaint, these Defendants incorporate all their responses set forth in the preceding paragraphs as if fully restated herein.

58. These Defendants deny the averments contained within paragraphs 147, 148, 149, and 150 of Plaintiffs' First Amended Complaint.

59. In response to paragraph 151 of Plaintiffs' First Amended Complaint, these Defendants incorporate all their responses set forth in the preceding paragraphs as if fully restated herein.

60. These Defendants deny the averments contained within paragraphs 152, 153, 154, and 155 of Plaintiffs' First Amended Complaint.

61. In response to paragraph 156 of Plaintiffs' First Amended Complaint, these Defendants incorporate all their responses set forth in the preceding paragraphs as if fully restated herein.

62. These Defendants deny the averments contained within paragraphs 157, 158, 159, and 160 of Plaintiffs' First Amended Complaint.

63. In response to paragraph 161 of Plaintiffs' First Amended Complaint, these Defendants incorporate all their responses set forth in the preceding paragraphs as if fully restated herein.

64. These Defendants deny the averments contained within paragraphs 162, 163, and 164 of Plaintiffs' First Amended Complaint.

65. In response to paragraph 165 of Plaintiffs' First Amended Complaint, these Defendants incorporate all their responses set forth in the preceding paragraphs as if fully restated herein.

66. In response to paragraph 166 of Plaintiffs' First Amended Complaint, these Defendants state they complied with all legal duties owed, if any, and to the extent paragraph 166 misstates those legal duties or suggests these Defendants did not comply with those duties, if any, the averments in paragraph 166 of Plaintiffs' First Amended Complaint are denied.

67. These Defendants deny the averments contained within paragraphs 167 and 168 of Plaintiffs' First Amended Complaint.

68. In response to paragraph 169 of Plaintiffs' First Amended Complaint, these Defendants incorporate all their responses set forth in the preceding paragraphs as if fully restated herein.

69. These Defendants deny the averments contained within paragraphs 170 and 171 of Plaintiffs' First Amended Complaint.

70. In response to paragraph 172 of Plaintiffs' First Amended Complaint, these Defendants incorporate all their responses set forth in the preceding paragraphs as if fully restated herein.

71. In response to paragraph 173 of Plaintiffs' First Amended Complaint, these Defendants state they complied with all legal duties owed, if any, and to the extent paragraph 166 misstates those legal duties or suggests these Defendants did not comply with those duties, if any, the averments in paragraph 173 of Plaintiffs' First Amended Complaint are denied.

72.     These Defendants deny the averments contained within paragraphs 174 and 175 of Plaintiffs' First Amended Complaint.

73.     In response to paragraph 176 of Plaintiffs' First Amended Complaint, these Defendants incorporate all their responses set forth in the preceding paragraphs as if fully restated herein.

74.     These Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 177 and 178 of Plaintiffs' First Amended Complaint and therefore, deny the same.

75.     These Defendants deny the averments contained within paragraphs 179 and 180 of Plaintiffs' First Amended Complaint.

76.     In response to paragraph 181 of Plaintiffs' First Amended Complaint, these Defendants incorporate all their responses set forth in the preceding paragraphs as if fully restated herein.

77.     These Defendants deny the averments contained within paragraphs 182, 183, and 184 of Plaintiffs' First Amended Complaint.

78.     In response to paragraph 185 of Plaintiffs' First Amended Complaint, these Defendants incorporate all their responses set forth in the preceding paragraphs as if fully restated herein.

79.     These Defendants deny the averments contained within paragraphs 186, 187, 188, 189, and 190 of Plaintiffs' First Amended Complaint.

80.     In response to paragraph 191 of Plaintiffs' First Amended Complaint, these Defendants incorporate all their responses set forth in the preceding paragraphs as if fully restated herein.

81.     In response to paragraphs 192 and 193 of Plaintiffs' First Amended Complaint, these Defendants state they complied with all legal duties owed, if any, and to the extent paragraph 166 misstates those legal duties or suggests these Defendants did not comply with those duties, if any, the averments in paragraphs 192 and 193 of Plaintiffs' First Amended Complaint are denied.

82.     These Defendants deny the averments contained within paragraphs 194, 195, 196, 197, 198, 199, 200, 201, 202, and 203 of Plaintiffs' First Amended Complaint.

83.     Each and every averment contained within the Plaintiffs' First Amended Complaint that is not specifically admitted herein is expressly denied.

## FIRST DEFENSE

The First Amended Complaint fails to state a claim upon which relief can be granted and must be dismissed in its entirety.

## SECOND DEFENSE

These Defendants specifically plead that Plaintiffs' First Amended Complaint fails to name and join in this action all real parties in interest and/or all indispensable, necessary, and proper parties.

## THIRD DEFENSE

These Defendants specifically plead the injuries and damages alleged in Plaintiffs' First Amended Complaint, if any, were the direct and proximate result of the sole and/or comparative negligence of Plaintiffs or the sole and/or comparative negligence of persons or entities not presently parties to this lawsuit or superseding and/or intervening causes over which these Defendants had no responsibility or control.

## FOURTH DEFENSE

These Defendants specifically plead Plaintiffs have waived their right to assert a claim against these Defendants and are therefore estopped from doing so in this lawsuit.

## FIFTH DEFENSE

These Defendants specifically plead the injuries and damages alleged in Plaintiffs' First Amended Complaint, if any, were avoidable consequences, since Plaintiffs failed to mitigate or reduce their alleged injuries and damages, if any.

## SIXTH DEFENSE

These Defendants specifically plead Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations and/or the equitable doctrine of laches.

## SEVENTH DEFENSE

These Defendants specifically plead Plaintiffs' First Amended Complaint is barred due to insufficiency of service of process and lack of jurisdiction over these Defendants.

## EIGHTH DEFENSE

These Defendants specifically plead the doctrine of accord and satisfaction, and the terms of any release or settlement and/or contractual agreement, entered into by any parties to this action, including any and all contractual agreements of any kind or nature whatsoever that purport to release any claim or claims made against these Defendants, regardless of when said agreement is finalized and/or executed, including any and all such agreements that may be executed in favor of these Defendants by any party, at any time, past, present, or in the future.

## NINTH DEFENSE

These Defendants specifically state prejudgment interest cannot be awarded for an unliquidated claim under Kentucky law.

**TENTH DEFENSE**

These Defendants specifically state attorney's fees are not recoverable as damages under Kentucky law in the absence of a specific contractual provision or statute permitting the same.

**ELEVENTH DEFENSE**

These Defendants specifically plead some or all of Plaintiffs' claims are preempted by the Kentucky Uniform Trade Secrets Act.

**TWELFTH DEFENSE**

With regard to Plaintiffs' claims alleged in Count III of the Complaint, the Defendants specifically plead:

1. Plaintiffs have failed to identify a specific legally protected trade secret as defined by the Kentucky Uniform Trade Secrets Act with sufficient particularity;

2. To the extent any such secret existed, Plaintiffs did not take necessary steps to protect that secrecy;

3. The "trade secrets" allegedly possessed by Plaintiffs are not novel;

4. The "trade secrets" allegedly possessed by Plaintiffs are not defined as such under Kentucky law;

5. These Defendants rely upon the doctrine of Independent Development;

6. These Defendants rely upon the doctrine of Inevitable Disclosures; and,

7. Rely upon all other defenses available to them under the Kentucky Uniform Trade Secrets Act or common law, including the statute of limitation.

## THIRTEENTH DEFENSE

These Defendants specifically rely upon each and every one of the affirmative defenses found in CR 8.03, and reserve the right to amend their Answer to specifically plead any and all of the defenses found in CR 8.03 as necessitated by the proof discovered.

## FOURTEENTH DEFENSE

These Defendants specifically plead the statutory provisions and judicial interpretations of each and every statute and regulation referenced by Plaintiffs' First Amended Complaint.

## FIFTEENTH DEFENSE

These Defendants specifically plead that some or all of the Counts asserted have not been pled with sufficient specificity and must be dismissed as a matter of law.

## SIXTEENTH DEFENSE

These Defendants specifically plead by reference any and all standards or limitations regarding the termination and enforceability of punitive damages which arose in the decision of *BMW of North America v. Gore,* 517 U.S. 559, 116 S. Ct. 1589 (1996) and cases subsequent to *BMW,* including *Philip Morris USA v. Williams,* 549 U.S. 346, 127 S. Ct. 1057 (2007).

## SEVENTEENTH DEFENSE

These Defendants specifically plead the provisions of KRS 411.184 and KRS 411.186 as defenses to Plaintiffs' punitive damages claim, including but not limited to the following: the Complaint fails to allege facts sufficient to entitle plaintiff to an aware of punitive damages under KRS 411.184(2) and its "clear and convincing" evidence standard, and to the extent that Plaintiffs' claim is based on the acts of an agent or employee of this defendant the Complaint fails to allege facts sufficient to prove that defendant authorized or ratified or should have anticipated the conduct in question as required by KRS 411.184(3).

## EIGHTEENTH DEFENSE

These Defendants specifically plead an award of punitive damages is unwarranted, since these Defendants did not act in a malicious, willful, wanton, reckless or grossly negligent manner.

## NINETEENTH DEFENSE

These Defendants specifically plead any affirmative defense asserted by any other party to this litigation.

## TWENTIETH DEFENSE

These Defendants specifically plead the Kentucky Consumer Protection Act only covers purchases for goods or services primarily for personal, family or household purposes, and Plaintiffs do not fit within the protected class of individuals defined in KRS 367.220.

## TWENTY-FIRST DEFENSE

These Defendants specifically plead KRS 367.175 is a penal statute with no private cause of action and no civil remedy is afforded to the Plaintiffs.

## TWENTY-SECOND DEFENSE

These Defendants specifically plead the tort of intentional emotional distress is a "gap-filler" tort in Kentucky and if any action can lie in a traditional tort, the tort of outrage will not lie and is therefore unavailable to the Plaintiffs under Kentucky law.

## TWENTY-THIRD DEFENSE

These Defendants reserves the right to amend this Answer or to assert any additional defenses that become known and available to them or any additional facts supporting defenses already pled herein.

WHEREFORE, Defendants, Hydrodynamic Solutions, Inc., Keli Oakley, Mike Beal, and Alan Davies hereby request as follows:

1.      That Plaintiffs' First Amended Complaint filed against these Defendants in this action be dismissed with prejudice and stricken from the docket;

2.      That the liability, responsibility and fault the Plaintiffs' injuries, losses, and damages (if any) be apportioned to the Plaintiffs and other Defendants named herein;

3.      That these Defendants be awarded their costs herein expended, including reasonable attorneys' fees (if applicable);

4.      For a trial of this cause by jury; and

5.      For any and all other just and proper relief to which he may appear entitled.


FREEMAN MATHIS & GARY, LLP

*/s/ Lucas Harrison*
BARRY M. MILLER
LUCAS R. HARRISON
2525 Harrodsburg Road, Suite 500
Lexington, KY 40504
(859) 410-7868
Bmiller@fmglaw.com
Lucas.Harrison@fmglaw.com
*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that the foregoing has been filed with the Kentucky eCourts Filing System on this the 14th day of January 2025, and a true and accurate copy of same has been served on the following, via electronic mail:

Jessica Winters
The Winters Law Group LLC
432 S. Broadway, Suite 2B
Lexington, Kentucky 40508
jessica@thewinterslawgroup.com
*Counsel for Plaintiffs*

Douglas T. Logsdon
David J. Guarnieri
McBrayer, PLLC
201 East Main Street, Suite 900
Lexington, Kentucky 40507
dlogsdon@mcbrayerfirm.com
dguarnieri@mcbrayerfirm.com
*Counsel for Defendants, FujiClean USA, LLC,*
*Scott Samuelson, and Mike Dunn*

*s/ Lucas Harrison*
*Counsel for Defendants,*
*Hydrodynamic Solutions, Inc., Kelli Oakley,*
*Mike Beal, and Alan Davies*
